# EXHIBIT 1

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR SNOHOMISH COUNTY

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,"<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES** |

COMES NOW the Plaintiff, by and through his attorney of record, Ada K. Wong of AKW Law, P.C., in the above-entitled matter and alleges as follows:

### I.  PARTIES

1. Plaintiff David Goldstine is a citizen of the United States and a resident of Everett, Washington.

2. Defendant FedEx Freight, Inc. is, and was at all times material hereto, a Washington state corporation doing business in Snohomish County, Washington, located at 6414 Hardeson Road, Everett, Washington 98203. It has employed more than 15 employees

**COMPLAINT FOR DAMAGES - 1**
*GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  at all relevant times herein and is an employer as defined in the Washington Law Against
2  Discrimination.

3      3.    Defendants "Doe(s) 1-100," in doing the things complained of herein, were
4  acting within the course and scope of their employment by FedEx Freight, Inc.

5      4.    Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are
6  unknown to Plaintiff at this time, but in doing the things complained of herein, were acting
7  within the course and scope of their relationship with Defendants and/or were entities involved
8  in causing harm to Plaintiff as alleged herein.

9      5.    Each defendant is, and at all times herein mentioned was, an agent of the other
10 and acting within the course and scope of FedEx Freight, Inc. in causing the harm as alleged
11 herein.

## II. JURISDICTION AND VENUE

13     6.    The acts and omissions alleged herein, and the resulting injuries, occurred in
14 Snohomish County, Washington. Defendants hired and employed Plaintiff in Snohomish
15 County, Washington. Thus, the Superior Court for the County of Snohomish, State of
16 Washington, has jurisdiction and venue over this action.

## III. FACTS

18     7.    Plaintiff hereby incorporates by reference all allegations contained in
19 paragraphs 1 through 6, above.

20     8.    In or around February 2015, Plaintiff David Goldstine began working at FedEx
21 Freight's (hereinafter "FedEx") Everett facility as a Road Driver.

22     9.    Plaintiff was a full-time employee earning $25.83 per hour and $0.6411 per
23 mile at the time he was decertified to drive on or around April 11, 2017.

**COMPLAINT FOR DAMAGES - 2**
*GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

10. Plaintiff earned the Bravo Zulu Award in January 2017, and a safety award in February 2017.

11. In order to drive a vehicle for FedEx, drivers must be certified to drive under Department of Transportation ("DOT") standards, which requires an annual physical examination indicating the driver is able to drive.

12. Plaintiff was recertified by U.S. Healthworks on or around March 9, 2017. The recertification is in effect for one year.

13. On or around April 6, 2017, Plaintiff was dispatched to deliver a damaged trailer to Portland, Oregon.

14. Upon inspection of the trailer, Plaintiff discovered that the door was damaged in such a way that prevented the door from being closed.

15. The trailer door was missing or had misaligned door rollers, and the door cable was frayed and tangled.

16. It was dark and raining at the time, so Plaintiff did not attempt to close the trailer door because he determined that it would be unsafe for him to do so.

17. Shortly before 9:00 p.m., Plaintiff called his supervisor, Aaron Jessen, who surveyed the scene and attempted to close the door.

18. Mr. Jessen was unable to close the broken door and the trailer had to be serviced by a third-party repair company.

19. FedEx policy states that trailers are not supposed to leave the dock with the door open.

20. Supervisor Kenny Kass said it was not his job to close the broken door.

COMPLAINT FOR DAMAGES - 3
GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

21. On or around April 7, 2017, FedEx Supervisor Randy Mott combatively approached Plaintiff and demanded to know why he did not drive the defective trailer to Portland.

22. Plaintiff explained that he had safety concerns about attempting to close the door by himself and that Mr. Jessen had attempted to close the door but was unsuccessful.

23. Mr. Mott then proclaimed that Plaintiff had failed to do his job.

24. Plaintiff explained why he did not close the trailer door, specifically that it was dark and rainy, he had a flashlight in one hand, he saw that the door was damaged, and he has limited range of motion in his knee that makes it difficult to climb into the trailer.

25. Mr. Mott responded by saying: "If you have any limitation that prevents you from closing that door, we need to note that and you may need to find another job."

26. Plaintiff attempted to remove himself from the increasingly hostile discussion, but Mr. Mott physically blocked his access to the office to clock in. Mr. Mott finally allowed Mr. Goldstine to pass, but he continued to state that Mr. Goldstine would "need to find another job."

27. On or around April 11, 2017, through David Appesland, Plaintiff discovered that Defendant FedEx decertified him, and he was not allowed to drive FedEx vehicles.

28. On or around April 11, 2017, when Plaintiff reported to work, Service Center Manager David Appesland told Plaintiff that he needed to submit a written statement about the events that transpired on April 6 and 7, 2017.

29. Mr. Appesland told Plaintiff that he needed to submit the written statement/report or else he would be "parked". Being parked as a driver meant that Plaintiff was unable to drive the trucks.

**COMPLAINT FOR DAMAGES - 4**
*GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

30. Plaintiff asked if he could write his statement at home. Mr. Appesland replied "yes," but indicated that if he did not have the statement when Plaintiff reported back to work, he would be "parked".

31. At approximately 1:48 p.m., Tammy Rogers, FedEx Safety Assistant, e-mailed Mr. Appesland, along with Ms. Tayman, Mr. Cass, Mr. Carlson, and approximately 15 other FedEx employees that a DOT physical was required for Plaintiff and that his "driver number will be deactivated immediately."

32. At approximately 3:00 p.m., Mr. Appesland informed Plaintiff via telephone that he was decertified until he was recertified by a doctor.

33. Upon receiving this information, Plaintiff drove to work to get a form from Mr. Appesland that would allow him to get another DOT physical.

34. On or around April 13, 2017, Plaintiff went through a medical re-certification through U.S. Healthworks. The physician who assessed him was aware of Plaintiff's range of motion limitations resulting from his total knee replacement in 2010.

35. The physician re-certified him.

36. On or around April 14, 2017, FedEx rejected Plaintiff's re-certification, claiming that because Plaintiff did not disclose him being "disabled" to the physician, the physician was unable to note and acknowledge that his certification was informed and acceptable for purposes of the Federal Motor Carrier Safety Act ("FMCSA").

37. The FMCSA DOT form does not require individuals going through a medical certification to list a disability. Plaintiff did, however, list information about his total knee replacement.

**COMPLAINT FOR DAMAGES - 5**
*GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

38. On or around April 18, 2017, Plaintiff attended a meeting with Ms. Tayman where she abusively shouted at him that he has a "disqualifying condition" that makes it illegal for him to drive, and that "she is not here to play games," and accused him of "hiding" his disability.

39. During this same meeting, Ms. Tayman informed him that the April 6, 2017 door incident was becoming a significant issue. Plaintiff reminded Ms. Tayman that when he was hired, he self-identified as a disabled person, but he emphasized that he has no issues performing the essential functions of his job.

40. That same day at approximately 11:00 a.m., Plaintiff e-mailed photos of the trailer in question to Mr. Kass and Ted Carlson, Safety Supervisor in Portland.

41. Ms. Tayman insisted that FedEx had a right to know about Plaintiff's disability despite Plaintiff never asking for an accommodation and that his supposed willful withholding of information about his disability was the reason for his decertification on April 11, 2017.

42. Further, Ms. Tayman demanded that Plaintiff go through yet another medical re-certification, provide additional information regarding his limitations, and inform the physician about what had happened with the trailer door.

43. Ms. Tayman then proceeded to threaten Plaintiff by stating that she could have him prosecuted for falsifying information to the physician and that she could seek a civil penalty against him.

44. On or around April 20, 2017, Plaintiff returned to U.S. Healthworks to complete another physical evaluation, but the evaluation was not performed because Dr. Valarie Smith said it was a complete waste of her time and resources as the results from the prior physical on April 13, 2017 were valid for one year.

**COMPLAINT FOR DAMAGES - 6**
*GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.*

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

45. Plaintiff confirmed this information with U.S. Healthworks' management.

46. On April 24, 2017, Plaintiff sent numerous e-mails to Ms. Tayman asking her to divulge the alleged "disqualifying condition" she claims he has that makes it illegal for him to drive. She did not respond.

47. On or around April 25, 2017, Plaintiff spoke with Ms. Tayman and expressed his frustration that his medical disqualification was due to his range of motion limitations. Ms. Tayman yet again told him he had to tell the physicians about his disability in order to obtain a certification that was legally compliant.

48. On or around May 3, 2017, Ms. Tayman sent Plaintiff an e-mail misstating several facts about his disability, such as: Plaintiff telling multiple employees that he was unable to perform job duties related to closing a trailer door because, "quote I am disabled."

49. Plaintiff did not make these statements as Ms. Tayman claimed.

50. On or around May 31, 2017, Ms. Tayman sent Plaintiff an e-mail outlining Defendant FedEx's version of the events, which included more fabrications.

51. After receiving the e-mail and reviewing its inaccuracies, Plaintiff did not obtain another recertification from U.S. Healthwork as he had already been certified by a U.S. Healthworks physician and Dr. Smith refused to re-examine him.

52. On or around June 15, 2017, Plaintiff submitted a physical evaluation to FedEx.

53. Plaintiff was able and ready to perform the essential functions of his job at all times at FedEx.

54. Plaintiff was not allowed to continue working at FedEx.

//

//

COMPLAINT FOR DAMAGES - 7
GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## IV.   FIRST CAUSE OF ACTION

### (WLAD – DISABILITY DISCRIMINATION)

55.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 54, above.

56.   Defendants treated Plaintiff differently in the terms and conditions of his employment on the basis of the presence of any sensory, mental, or physical disability and/or because of Plaintiff's actual or perceived disabilities in violation of the Washington Law Against Discrimination ("WLAD"), RCW 49.60, *et seq.*

57.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

58.   All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.  The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

### SECOND CAUSE OF ACTION

### (WRONGFUL TERMINATION / CONSTRUCTIVE DISCHARGE)

59.   Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 58, above.

60.   Defendants' deliberate acts made Plaintiff's working conditions so intolerable that any reasonable person would have felt compelled to resign.

COMPLAINT FOR DAMAGES - 8
GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

61.     Defendants "parked" Plaintiff and did not allow him to perform his work duties. As Plaintiff was not scheduled to return to work, he was forced to find new employment. He was wrongfully terminated or constructively discharged.

62.     As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

63.     The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on his behalf for the following:

A.     Special damages in an amount according to proof at trial;

B.     General damages, including but not limited to physical, mental, and emotional injury resulting from the acts complained of herein;

C.     Attorney's fees, prejudgment interest, costs, exemplary, and punitive damages as may be provided by law;

D.     Compensation for any tax penalty associated with recovery; and

E.     For such other and further relief as the court deems just and equitable.

//

//

COMPLAINT FOR DAMAGES - 9
GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  DATED ___JUL 1 2 2018___.

2              AKW LAW, P.C.

3              _____
4              Ada K. Wong, WSBA #45936
               Attorney for Plaintiff
5              6100 219th St. SW, Suite 480
               Mountlake Terrace, WA 98043
6              Tel.: (206) 259-1259
               Fax: (855) 925-9529
7              E-mail: ada@akw-law.com

COMPLAINT FOR DAMAGES - 10
GOLDSTINE V. FEDEX FREIGHT, INC., ET AL.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529