1

The Honorable Marsha J. Pechman

2

3

4

5

6               UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF WASHINGTON
7                        AT SEATTLE

8    DAVID GOLDSTINE,

9                        Plaintiff,
                                              Case No. 2:18-cv-01164 MJP
10   v.
                                              **AMENDED COMPLAINT FOR**
11   FEDEX FREIGHT, INC., a Washington State  **DAMAGES**
     entity; "DOE(S) 1-100", employees of
12   FEDEX     FREIGHT,    INC.;    and        **[JURY DEMAND]**
     CORPORATION(S) XYZ 1-100,
13
                         Defendants.
14

15         COMES NOW the Plaintiff, by and through his attorney of record, Ada K. Wong of
16
     AKW Law, P.C., in the above-entitled matter and alleges as follows:
17
                              I.     **PARTIES**
18
           1.      Plaintiff David Goldstine is a citizen of the United States and a resident of
19
     Everett, Washington.
20
           2.      Defendant FedEx Freight, Inc. is, and was at all times material hereto, a
21
     Washington state corporation doing business in Snohomish County, Washington, located at
22
     6414 Hardeson Road, Everett, Washington 98203.  It has employed more than 15 employees
23

---

AMENDED COMPLAINT FOR DAMAGES - 1                        **AKW LAW, P.C.**
Case No. 2:18-cv-01164 MJP                               6100 219th St. SW, Suite 480
                                                         Mountlake Terrace, WA 98043
                                                         Tel. (206) 259-1259 / Fax (855) 925-9529

1   at all relevant times herein and is an employer as defined in the Washington Law Against

2   Discrimination.  Upon information and belief, FedEx Freight is a corporation with its principal

3   place of business in Memphis, Tennessee, located at 1715 Aaron Brenner Dr., Memphis,

4   Tennessee 38120; and its corporate headquarters office is located in Memphis, Tennessee.

5        3.     Defendants "Doe(s) 1-100," in doing the things complained of herein, were

6   acting within the course and scope of their employment by FedEx Freight, Inc.

7        4.     Defendants "Corporation(s) XYZ 1-100" are corporations whose identities are

8   unknown to Plaintiff at this time, but in doing the things complained of herein, were acting

9   within the course and scope of their relationship with Defendants and/or were entities involved

10  in causing harm to Plaintiff as alleged herein.

11       5.     Each defendant is, and at all times herein mentioned was, an agent of the other

12  and acting within the course and scope of FedEx Freight, Inc. in causing the harm as alleged

13  herein.

14            **II.    JURISDICTION AND VENUE**

15       6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because it is

16  a civil action between citizens of different states and the amount in controversy in excess of

17  $75,000.00, exclusive of interest and costs.

18       7.     After Plaintiff initially filed this action in the Superior Court for the County of

19  Snohomish, State of Washington, Defendant FedEx removed this case to federal court pursuant

20  to 28 U.S.C. § 1332 on or about August 8, 2018.

21       8.     Plaintiff David Goldstine timely filed a charge of discrimination with the Equal

22  Employment Opportunity Commission ("EEOC"), alleging discriminatory conduct and

23  retaliation by Defendants.  The EEOC issued a Right to Sue letter dated June 21, 2018.

AMENDED COMPLAINT FOR DAMAGES - 2
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

### III.    FACTS

9.     Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 8, above.

10.     In or around February 2015, Plaintiff David Goldstine began working at FedEx Freight, Inc.'s (hereinafter "FedEx") Everett facility as a Road Driver.

11.     Plaintiff was a full-time employee earning $25.83 per hour and $0.6411 per mile at the time he was decertified to drive on or around April 11, 2017.

12.     Plaintiff earned the Bravo Zulu Award in January 2017, and a safety award in February 2017.

13.     In order to drive a vehicle for FedEx, drivers must be certified to drive under Department of Transportation ("DOT") standards, which requires an annual physical examination indicating the driver is able to drive.

14.     Plaintiff was recertified by U.S. Healthworks on or around March 9, 2017. The recertification is in effect for one year.

15.     On or around April 6, 2017, Plaintiff was dispatched to deliver a damaged trailer to Portland, Oregon.

16.     Upon inspection of the trailer, Plaintiff discovered that the door was damaged in such a way that prevented the door from being closed.

17.     The trailer door was missing or had misaligned door rollers, and the door cable was frayed and tangled.

18.     It was dark and raining at the time, so Plaintiff did not attempt to close the trailer door because he determined that it would be unsafe for him to do so.

AMENDED COMPLAINT FOR DAMAGES - 3
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

19.     Shortly before 9:00 p.m., Plaintiff called his supervisor, Aaron Jessen, who surveyed the scene and attempted to close the door.

20.     Mr. Jessen was unable to close the broken door and the trailer had to be serviced by a third-party repair company.

21.     FedEx policy states that trailers are not supposed to leave the dock with the door open.

22.     Supervisor Kenny Kass said it was not his job to close the broken door.

23.     On or around April 7, 2017, FedEx Supervisor Randy Mott combatively approached Plaintiff and demanded to know why he did not drive the defective trailer to Portland.

24.     Plaintiff explained that he had safety concerns about attempting to close the door by himself and that Mr. Jessen had attempted to close the door but was unsuccessful.

25.     Mr. Mott then proclaimed that Plaintiff had failed to do his job.

26.     Plaintiff explained why he did not close the trailer door, specifically that it was dark and rainy, he had a flashlight in one hand, he saw that the door was damaged, and he has limited range of motion in his knee that makes it difficult to climb into the trailer.

27.     Mr. Mott responded by saying: "If you have any limitation that prevents you from closing that door, we need to note that and you may need to find another job."

28.     Plaintiff attempted to remove himself from the increasingly hostile discussion, but Mr. Mott physically blocked his access to the office to clock in.  Mr. Mott finally allowed Mr. Goldstine to pass, but he continued to state that Mr. Goldstine would "need to find another job."

**AMENDED COMPLAINT FOR DAMAGES - 4**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    29.    On or around April 11, 2017, through David Appesland, Plaintiff discovered

2    that Defendant FedEx decertified him, and he was not allowed to drive FedEx vehicles.

3    30.    On or around April 11, 2017, when Plaintiff reported to work, Service Center

4    Manager David Appesland told Plaintiff that he needed to submit a written statement about the

5    events that transpired on April 6 and 7, 2017.

6    31.    Mr.  Appesland  told  Plaintiff  that  he  needed  to  submit  the  written

7    statement/report or else he would be "parked".  Being parked as a driver meant that Plaintiff

8    was unable to drive trucks for FedEx.

9    32.    Plaintiff asked if he could write his statement at home.  Mr. Appesland replied

10   "yes," but indicated that if he did not have the statement when Plaintiff reported back to work,

11   he would be "parked".

12   33.    At approximately 1:48 p.m., Tammy Rogers, FedEx Safety Assistant, e-mailed

13   Mr. Appesland, along with Ms. Tayman, Mr. Cass, Mr. Carlson, and approximately 15 other

14   FedEx employees that a DOT physical was required for Plaintiff and that his "driver number

15   will be deactivated immediately."

16   34.    At approximately 3:00 p.m., Mr. Appesland informed Plaintiff via telephone

17   that he was decertified until he was recertified by a doctor.

18   35.    Upon receiving this information, Plaintiff drove to work to get a form from Mr.

19   Appesland that would allow him to get another DOT physical.

20   36.    On or around April 13, 2017, Plaintiff went through a medical re-certification

21   through U.S. Healthworks.  The physician who assessed him was aware of Plaintiff's range of

22   motion limitations resulting from his total knee replacement in 2010.

23   37.    The physician re-certified him.

AMENDED COMPLAINT FOR DAMAGES - 5
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      38.    On or around April 14, 2017, FedEx rejected Plaintiff's re-certification,

2    claiming that because Plaintiff did not disclose him being "disabled" to the physician, the

3    physician was unable to note and acknowledge that his certification was informed and

4    acceptable for purposes of the Federal Motor Carrier Safety Act ("FMCSA").

5      39.    The FMCSA DOT form does not require individuals going through a medical

6    certification to list a disability.  Plaintiff did, however, list information about his total knee

7    replacement.

8      40.    On or around April 18, 2017, Plaintiff attended a meeting with Ms. Tayman

9    where she abusively shouted at him that he has a "disqualifying condition" that makes it illegal

10   for him to drive, and that "she is not here to play games," and accused him of "hiding" his

11   disability.

12     41.    During this same meeting, Ms. Tayman informed him that the April 6, 2017

13   door incident was becoming a significant issue.  Plaintiff reminded Ms. Tayman that when he

14   was hired, he self-identified as a disabled person, but he emphasized that he has no issues

15   performing the essential functions of his job.

16     42.    That same day at approximately 11:00 a.m., Plaintiff e-mailed photos of the

17   trailer in question to Mr. Kass and Ted Carlson, Safety Supervisor in Portland.

18     43.    Ms. Tayman insisted that FedEx had a right to know about Plaintiff's disability

19   despite Plaintiff never asking for an accommodation and that his supposed willful withholding

20   of information about his disability was the reason for his decertification on April 11, 2017.

21     44.    Further, Ms. Tayman demanded that Plaintiff go through yet another medical

22   re-certification, provide additional information regarding his limitations, and inform the

23   physician about what had happened with the trailer door.

AMENDED COMPLAINT FOR DAMAGES - 6
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

45.     Ms. Tayman then proceeded to threaten Plaintiff by stating that she could have him prosecuted for falsifying information to the physician and that she could seek a civil penalty against him.

46.     On or around April 20, 2017, Plaintiff returned to U.S. Healthworks to complete another physical evaluation, but the evaluation was not performed because Dr. Valarie Smith said it was a complete waste of her time and resources as the results from the prior physical on April 13, 2017 were valid for one year.

47.     Plaintiff confirmed this information with U.S. Healthworks' management.

48.     On April 24, 2017, Plaintiff sent numerous e-mails to Ms. Tayman asking her to divulge the alleged "disqualifying condition" she claims he has that makes it illegal for him to drive.  She did not respond.

49.     On or around April 25, 2017, Plaintiff spoke with Ms. Tayman and expressed his frustration that his medical disqualification was due to his range of motion limitations.  Ms. Tayman yet again told him he had to tell the physicians about his disability in order to obtain a certification that was legally compliant.

50.     On or around May 3, 2017, Ms. Tayman sent Plaintiff an e-mail misstating several facts about his disability, such as: Plaintiff telling multiple employees that he was unable to perform job duties related to closing a trailer door because, "quote I am disabled."

51.     Plaintiff did not make these statements as Ms. Tayman claimed.

52.     On or around May 31, 2017, Ms. Tayman sent Plaintiff an e-mail outlining Defendant FedEx's version of the events, which included more fabrications.

AMENDED COMPLAINT FOR DAMAGES - 7
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

53.    After receiving the e-mail and reviewing its inaccuracies, Plaintiff did not

obtain another recertification from U.S. Healthwork as he had already been certified by a U.S.

Healthworks physician and Dr. Smith refused to re-examine him.

54.    On or around June 15, 2017, Plaintiff submitted a physical evaluation to FedEx.

55.    Plaintiff was able and ready to perform the essential functions of his job at all

times at FedEx.

56.    Plaintiff was not allowed to continue working at FedEx.

## IV.    FIRST CAUSE OF ACTION

## (WLAD – RCW 49.60.180 – DISABILITY DISCRIMINATION)

57.    Plaintiff hereby incorporates by reference all allegations contained in

paragraphs 1 through 56, above.

58.    Defendants treated Plaintiff differently in the terms and conditions of his

employment on the basis of the presence of any sensory, mental, or physical disability and/or

because of Plaintiff's actual or perceived disabilities in violation of the Washington Law

Against Discrimination ("WLAD"), RCW 49.60, *et seq*.

59.    As a direct and proximate cause of Defendants' deliberate actions, Plaintiff

incurred non-economic and economic damages, including but not limited to lost wages, future

wage loss, other benefits, loss of earning capacity, mental distress, physical damages,

emotional distress, and pain and suffering, in an amount to be proven at trial.

60.    All Defendants are liable for said conduct under both vicarious liability and on

an agency relationship.  The conduct of Defendants, and each of them, was done in reckless

and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain

AMENDED COMPLAINT FOR DAMAGES - 8
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is

2   mandated against each Defendant.

3   <u>**SECOND CAUSE OF ACTION**</u>

4   **(WRONGFUL TERMINATION / CONSTRUCTIVE DISCHARGE)**

5   61.   Plaintiff hereby incorporates by reference all allegations contained in

6   paragraphs 1 through 60, above.

7   62.   Defendants' deliberate acts made Plaintiff's working conditions so intolerable

8   that any reasonable person would have felt compelled to resign.

9   63.   Defendants "parked" Plaintiff and did not allow him to perform his work duties.

10  As Plaintiff was not scheduled to return to work, he was forced to find new employment.  He

11  was wrongfully terminated or constructively discharged.

12  64.   As a direct and proximate cause of Defendants' deliberate actions, Plaintiff

13  incurred non-economic and economic damages, including but not limited to lost wages, future

14  wage loss, other benefits, loss of earning capacity, mental distress, physical damages,

15  emotional distress, and pain and suffering, in an amount to be proven at trial.

16  65.   The conduct of Defendants, and each of them, was done in reckless and

17  conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and

18  suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is

19  mandated against each Defendant.

20  <u>**THIRD CAUSE OF ACTION**</u>

21  **(WLAD – RCW 49.60.180 – FAILURE TO ACCOMODATE)**

22  66.   Plaintiff hereby incorporates by reference all allegations contained in

23  paragraphs 1 through 65, above.

AMENDED COMPLAINT FOR DAMAGES - 9
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

67.     If Defendants believed that Plaintiff could continue to work at FedEx with reasonable accommodation, Defendants failed to provide reasonable accommodations for Plaintiff as required by law.

68.     If Defendants believed that Plaintiff could continue to work at FedEx with reasonable accommodation, Defendants also failed to engage in an interactive process in exploring possible reasonable accommodations for Plaintiff as required by law.

69.     As a direct and proximate cause of Defendants' deliberate actions, Plaintiff incurred non-economic and economic damages, including but not limited to lost wages, future wage loss, other benefits, loss of earning capacity, mental distress, physical damages, emotional distress, and pain and suffering, in an amount to be proven at trial.

70.     All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.  The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

## **FOURTH CAUSE OF ACTION**

### **(WLAD – RCW 49.60.210 – RETALIATION)**

71.     Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 70, above.

72.     Plaintiff was treated differently and ultimately terminated and/or constructively discharged in retaliation for his complaints related to what he reasonably believed were unlawful employment practices, in violation of the WLAD.

AMENDED COMPLAINT FOR DAMAGES - 10
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

73.     Plaintiff has been injured by Defendants' purposeful and intentional discrimination and retaliation, as outlined above, and seeks to recover damages according to proof at trial.

74.     As a direct and proximate cause of Defendants' actions, including separation of employment, Plaintiff suffered and continues to suffer damages, including but not limited to physical harm, mental distress, emotional distress, stress, pain and suffering, loss of income, and diminished earning capacity, in an amount to be proven at trial.

75.     All Defendants are liable for said conduct under both vicarious liability and on an agency relationship.  The conduct of Defendants, and each of them, was done in reckless and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is mandated against each Defendant.

## FEDERAL CLAIMS FOR RELIEF

## FIFTH CAUSE OF ACTION

## (VIOLATION OF THE ADA – DISABILITY DISCRIMINATION)

76.     Plaintiff hereby incorporates by reference all allegations contained in paragraphs 1 through 75, above.

77.     Plaintiff suffered from a disability covered by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA").

78.     Defendants knew of Plaintiff's disability prior to terminating and/or constructively discharging him.

79.     Defendants treated Plaintiff differently in the terms and conditions of his employment, including subjecting Plaintiff to termination and/or constructive discharge, on

AMENDED COMPLAINT FOR DAMAGES - 11
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  the basis or belief of a physical or mental impairment that substantially limits one or more

2  major life activities, his record of such impairment, and/or because Plaintiff was regarded as

3  having such impairment, in violation of the ADA.

4          80.     As a direct and proximate cause of Defendants' deliberate actions, Plaintiff

5  incurred non-economic and economic damages, including but not limited to lost wages, future

6  wage loss, other benefits, loss of earning capacity, mental distress, physical damages,

7  emotional distress, and pain and suffering, in an amount to be proven at trial.

8          81.     All Defendants are liable for said conduct under both vicarious liability and on

9  an agency relationship.  The conduct of Defendants, and each of them, was done in reckless

10  and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain

11  and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is

12  mandated against each Defendant.

13                        **SIXTH CAUSE OF ACTION**

14              **(VIOLATION OF THE ADA – FAILURE TO ACCOMODATE)**

15          82.     Plaintiff hereby incorporates by reference all allegations contained in

16  paragraphs 1 through 81, above.

17          83.     If Defendants believed that Plaintiff could continue to work at FedEx with

18  reasonable accommodation, Defendants failed to provide reasonable accommodations for

19  Plaintiff as required by 42 U.S.C. § 12112(b)(5).

20          84.     If Defendants believed that Plaintiff could continue to work at FedEx with

21  reasonable accommodation, Defendants also failed to engage in an interactive process in

22  exploring possible reasonable accommodations for Plaintiff as required by the ADA.

23

**AMENDED COMPLAINT FOR DAMAGES - 12**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      85.    As a direct and proximate cause of Defendants' actions, Plaintiff incurred non-

2  economic and economic damages, including but not limited to lost wages, future wage loss,

3  other benefits, loss of earning capacity, mental distress, physical damages, emotional distress,

4  and pain and suffering, in an amount to be proven at trial.

5      86.    All Defendants are liable for said conduct under both vicarious liability and on

6  an agency relationship.  The conduct of Defendants, and each of them, was done in reckless

7  and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain

8  and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is

9  mandated against each Defendant.

10                    **SEVENTH CAUSE OF ACTION**

11                **(VIOLATION OF THE ADA – RETALIATION)**

12      87.    Plaintiff hereby incorporates by reference all allegations contained in

13  paragraphs 1 through 86, above.

14      88.    Defendants retaliated against Plaintiff because of Plaintiff's protected activities

15  of complaining due to a reasonable belief in FedEx's unlawful behavior in violation of the

16  ADA.  Plaintiff was terminated and/or constructively discharged because of his protected

17  activities.  Said termination constitutes retaliation in violation of the ADA.

18      89.    As a direct and proximate cause of Defendants' actions, including termination

19  and/or constructive discharge of Plaintiff, Plaintiff incurred non-economic and economic

20  damages, including but not limited to lost wages, future wage loss, other benefits, loss of

21  earning capacity, mental distress, physical damages, emotional distress, and pain and suffering,

22  in an amount to be proven at trial.

23

AMENDED COMPLAINT FOR DAMAGES - 13
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    90.     All Defendants are liable for said conduct under both vicarious liability and on

2  an agency relationship.  The conduct of Defendants, and each of them, was done in reckless

3  and conscious disregard of Plaintiff's statutory rights and in conscious disregard of the pain

4  and suffering it was bound to inflict upon Plaintiff for which an award of punitive damages is

5  mandated against each Defendant.

6                          **V.     PRAYER FOR RELIEF**

7        WHEREFORE, Plaintiff prays that the Court enter a judgment against Defendants on

8  his behalf for the following:

9    A.     Special damages in an amount according to proof at trial;

10   B.     General damages, including but not limited to physical, mental, and emotional

11 injury resulting from the acts complained of herein;

12   C.     Attorney's fees, prejudgment interest, costs, exemplary, and punitive damages

13 as may be provided by law;

14   D.     Compensation for any tax penalty associated with recovery; and

15   E.     For such other and further relief as the court deems just and equitable.

16 **DATED** _____.

                                                **AKW LAW, P.C.**

17

18                                              */s/ Ada K. Wong*_____
                                                Ada K. Wong, WSBA #45936
19                                              Attorney for Plaintiff
                                                6100 219th St. SW, Suite 480
20                                              Mountlake Terrace, WA 98043
                                                Tel.: (206) 259-1259
21                                              Fax: (855) 925-9529
                                                E-mail: ada@akw-law.com

22

23

AMENDED COMPLAINT FOR DAMAGES - 14
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529