1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

                Plaintiff,

v.

FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,

                Defendants.

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES**

**NOTE ON MOTION CALENDAR:**
Friday, December 28, 2018

Without Oral Argument

## I.   <u>RELIEF REQUESTED</u>

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff David Goldstine moves for an order compelling Defendant FedEx Freight, Inc. (hereinafter "FedEx") to provide complete responses and produce all documents responsive to Plaintiff's discovery requests.  Plaintiff also respectfully requests this Court to award reasonable attorney's fees associated with Plaintiff being forced to bring this Motion to Compel (hereinafter "Motion") after FedEx's repeated failure to provide discovery responses and documents after almost three months from

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 1
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

the time of service to the hearing date, despite being provided various opportunities to do so before Plaintiff was forced to bring this Motion.

## II.    BRIEF RELEVANT BACKGROUND

**A.    Plaintiff's First Set of Discovery was Served on September 24, 2018**

On September 24, 2018, Plaintiff Goldstine served FedEx with Plaintiff's First Set of Interrogatories and Requests for Production to Defendant FedEx Freight, Inc. (hereinafter "Plaintiff's Discovery Requests").  *See* Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 2, Ex. A.  Defendant FedEx, to date, has failed to provide any responses, objections, or responsive documents.  *Id.* at ¶ 11.

On November 1, 2018, Plaintiff's counsel's office sent an e-mail to defense counsel Medora Marisseau and Jerald Shivers asking for the status of Defendant FedEx's responses to Plaintiff's Discovery Requests.  Wong Decl., ¶ 3.  That same day, Ms. Marisseau responded that she "expect[ed] to get something out to [Plaintiff] early next week."  *Id.* at ¶ 4.

Plaintiff's counsel, Ada K. Wong, waited until November 19, 2018, more than one week past the promised timeframe, to follow up.  On November 19, 2018, Mrs. Wong sent Ms. Marisseau and Mr. Shivers an e-mail requesting a meet and confer conference to discuss the status of Defendant FedEx's response.  *Id.* at ¶ 5.  Having not received any response, Mrs. Wong sent another e-mail to defense counsel the following week on November 27, 2018, following up on her request for a meet and confer call.  *Id.*

On November 28, 2018, Mr. Shivers finally responded stating that he was traveling and missed Mrs. Wong's previous e-mail.  *Id.* at ¶ 6.  Mr. Shivers and Mrs. Wong engaged in their meet and confer conference on November 30, 2018, at which time Mr. Shivers stated that he

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 2
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   would provide Defendant FedEx's responses and accompanying document production to

2   Plaintiff's Discovery Requests by close of business on December 7, 2018. *Id.* at ¶ 7.

3        On December 10, 2018, after not seeing any response or communication from defense

4   counsel, Mrs. Wong sent an e-mail following up on the documents, and also stating that if she

5   did not receive the complete responses and documents by December 11, 2018, she will be

6   forced to file a motion to compel since the deadline for Defendant FedEx's responses has long

7   passed and that Plaintiff would need to wait several weeks for the noting/hearing date. *Id.* at

8   ¶ 8, Ex. B.

9        On December 11, 2018, after not receiving any response from defense counsel, and in

10   hopes to avoid this very motion, Mrs. Wong called Mr. Shivers to inquire about the status of

11   Defendant FedEx's responses to Plaintiff's Discovery Requests and document production. Mr.

12   Shivers stated that he needed to speak with his assistant but would get back to Mrs. Wong that

13   day. Mrs. Wong stated that if she was unable to answer her phone, he could send her an e-

14   mail or leave a detailed voice message on her direct line and provided Mr. Shivers with her

15   phone number again for convenience. *Id.* at ¶ 9. To date, Mrs. Wong has not received any

16   additional communication from defense counsel or even confirmation of when Defendant

17   FedEx would serve their already late responses. As such, this Motion follows. *Id.* at ¶ 11.

18             **III.**    **ISSUES PRESENTED**

19      1.    Whether the Court should issue an order compelling Defendant FedEx to

20   provide complete responses and produce all documents responsive to Plaintiff's Discovery

21   Requests in full compliance with Fed. R. Civ. P. 33 and 34.

22      2.    Whether this Court should award reasonable attorney's fees to Plaintiff

23   Goldstine for being forced to bring this Motion.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 3
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## IV.   EVIDENCE RELIED UPON

2   In support of this Motion, Plaintiff Goldstine relies upon the following:

3   1.      The Declaration of Ada K. Wong and the attachments thereto; and

4   2.      The files and pleadings herein.

5

## V.   AUTHORITY AND ARGUMENT

6   **A.      Motion to Compel Standard**

7   Parties are required to produce documents that are in their "possession, custody or

8   control." Fed. R. Civ. P. 34(a)(1); *see also* Fed. R. Civ. P. 26(b)(1) ("[u]nless otherwise limited

9   by court order . . . [p]arties may obtain discovery regarding any nonprivileged matter that is

10  relevant to any party's claim or defense and proportional to the needs of the case, . . ."). "[A]

11  party responding to a Rule 34 production request is under an affirmative duty to seek that

12  information reasonably available to it from its employees, agents, or others subject to its

13  control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal

14  quotations and citations omitted).

15  Where a party fails to respond to discovery as provided in the rules, the propounding

16  party "may move for an order compelling an answer, designation, production, or inspection."

17  Fed. R. Civ. P. 37(a)(3)(B).[1]  A failure to provide complete responses to discovery request is

18  deemed the same as a failure to respond.  Fed. R. Civ. P. 37(a)(4).

19  //

20

21  _____

[1] Fed. R. Civ. P. 27(a)(3)(A)-(B) provides: "If a party fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions.  A party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer in interrogatory submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34."

22

23

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 4**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**B.    Defendant FedEx is Required to Provide Complete Responses and Produce Responsive Documents**

Defendant FedEx's discovery responses to Plaintiff's Discovery Requests are long overdue.  Defendant FedEx has not produced any responses or documents responsive to Plaintiff Goldstine's discovery requests, despite defense counsel's repeated promises.  As the responding party, Defendant FedEx "must serve [its] answers and any objections within 30 days after being served with the interrogatories" and "must respond in writing within 30 days after being served" with requests for production of documents.  *See* Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A).  Plaintiff Goldstine served Plaintiff's Discovery Requests on September 24, 2018. To date, Defendant FedEx has completely failed to respond or object to Plaintiff's Discovery Requests, which necessitates this Motion.  *See* Fed. R. Civ. P. 37(a)(1).

Plaintiff Goldstine has complied with Fed. R. Civ. P. 37(a)(1)(A) and Western District of Washington Local Rule 37(a)(1) by conducting a discovery conference with defense counsel with respect to Defendant FedEx's lack of responses and documents.  Defendant FedEx is engaging in a delay tactic and is hindering Plaintiff Goldstine's ability to prove his case. Plaintiff Goldstine needs to move forward with proving his claims and preparing for depositions that the parties will certainly engage in.  Defendant FedEx should be ordered to serve complete responses, without objection, in full compliance with Rules 33 and 34.  To avoid further delay, Plaintiff Goldstine requests that such complete responses be served within five (5) days of the Court's order.

**C.    Reasonable Attorney's Fees are Appropriate**

Fed. R. Civ. P. 37 mandates an award of reasonable fees and costs to a party forced to file a motion to compel:

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 5
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

If the Court grants the motion, an award of fees is mandatory:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees….

Fed. R. Civ. P. 37(a)(5).

Defendant FedEx's failure to respond to Plaintiff's Discovery Requests and its counsel's failure to respond in a timely fashion after having promised to produce responses and responsive documents necessitated the filing of this Motion. As stated above, Plaintiff has made a good faith effort to obtain the discovery responses from Defendant FedEx without this Court's involvement. This Motion would not have been necessary if Defendant FedEx provided its responses as promised on December 7, 2018. Plaintiff Goldstine, through counsel, has attempted to resolve the issue without this Court's intervention and has provided Defendant FedEx with the extra time counsel asked for, giving Defendant every reasonable opportunity to avoid this Motion. Unfortunately, after months of waiting from the time Plaintiff served his initial discovery requests on September 24, 2018, Defendant FedEx's actions necessitated this Motion. Defendant FedEx has offered no justification – let alone a substantial one – for its total failure to respond or cooperate in discovery. Thus, Plaintiff Goldstine request a reimbursement of reasonable attorney's fees in having to bring this Motion.

## VI.    CONCLUSION

Defendant FedEx's complete failure to abide by the federal rules has obstructed the discovery process. Courts have routinely rejected this type of gamesmanship, and this Court should not allow it here. Plaintiff Goldstine respectfully requests that Defendant FedEx be

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 6
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    compelled to fully respond to Plaintiff's Discovery Requests, including producing all

2    responsive documents, within five (5) days of this Court's order; and be awarded his reasonable

3    attorney's fees related to this Motion.

4                    **VII.    CERTIFICATE OF COMPLIANCE WITH LCR 37(a)(1)**

5            Counsel met and conferred on November 30, 2018 regarding Defendant FedEx's

6    overdue responses to Plaintiff's Discovery Requests. *See* Wong Decl., ¶ 7.

7                              **VIII.   PROPOSED ORDER**

8            A proposed order seeking the relief requested is attached.

9
     **DATED** December 12, 2018.

10                                              **AKW LAW, P.C.**

11

12                                              */s/ Ada K. Wong*
                                                Ada K. Wong, WSBA #45936
                                                Attorney for Plaintiff
13                                              6100 219th St. SW, Suite 480
                                                Mountlake Terrace, WA 98043
14                                              Tel.: (206) 259-1259
                                                Fax: (855) 925-9529
15                                              E-mail: ada@akw-law.com

16

17

18

19

20

21

22

23

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 7**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## CERTIFICATE OF SERVICE

2          I hereby certify that on December 12, 2018, I caused to be electronically filed the

3   foregoing document with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to the following:

5          Medora A. Marisseau
           Karr Tuttle Campbell
6          701 Fifth Avenue, Ste. 3300
           Seattle, WA 98104
7          Email: MMarisseau@karrtuttle.com

8          Jerrald L. Shivers, TN Bar #036391
           FedEx Freight, Inc.
9          1715 Aaron Brenner Drive, Suite 600
           Memphis, TN 38120
10         E-mail: Jerry.shivers@fedex.com

11         *Counsel for Defendant FedEx Freight, Inc.*

12

13         I declare under penalty of perjury under the laws of the state of Washington that the

14   foregoing is true and correct.

15         DATED: December 12, 2018.

16

17         */s/ Kaila A. Eckert*
           Kaila A. Eckert, Paralegal

18

19

20

21

22

23

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES
AND FOR ATTORNEY'S FEES - 8**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529