1

2

3

4

5

The Honorable Marsha J. Pechman

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  | DAVID GOLDSTINE,

9  | Plaintiff,

10 | v.

11 | FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,

12

13 | Defendants.

14

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES**

**NOTE ON MOTION CALENDAR:**
March 1, 2019

Without Oral Argument

15

16

## I.     RELIEF REQUESTED

17

Pursuant to Fed. R. Civ. P. 37(a), Plaintiff David Goldstine moves for an order

18

compelling Defendant FedEx Freight, Inc. (hereinafter "FedEx") to provide further responses

19

and produce all documents responsive to Plaintiff's discovery requests.  Plaintiff also

20

respectfully requests this Court to award reasonable attorney's fees associated with Plaintiff

21

being forced to bring this Motion to Compel Further Discovery Responses (hereinafter

22

"Motion").  Plaintiff withdrew his initial Motion to Compel filed on December 12, 2018 based

23

on FedEx's assurances that it would shortly respond to Plaintiff's discovery requests in full.

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 1
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  However, after still more opportunities to provide further discovery responses and responsive

2  documents, FedEx has failed to do so after over five months from the time of service to the

3  hearing date, forcing Plaintiff to bring this Motion.   Furthermore, defense counsel has

4  previously agreed to produce the responsive documents and supplemental responses after the

5  parties met and conferred.

6  ## II.   BRIEF RELEVANT BACKGROUND

7  **A.   Plaintiff's First Motion to Compel and Discovery Since Filing**

8  On September 24, 2018, Plaintiff Goldstine served FedEx with Plaintiff's First Set of

9  Interrogatories and Requests for Production to Defendant FedEx Freight, Inc. (hereinafter

10  "Plaintiff's Discovery Requests").   *See* Declaration of Ada K. Wong (hereinafter "Wong

11  Decl."), ¶ 2, Ex. A.

12  For the sake of brevity and to not file duplicative documents with this Court, Plaintiff

13  hereby incorporates by reference Section II(A) of Plaintiff's initial Motion to Compel

14  Discovery Responses and for Attorney's Fees (Dkt. # 22, hereinafter "First Motion to

15  Compel"), as well as the Declaration of Ada K. Wong in Support of Plaintiff's First Motion to

16  Compel and the exhibits attached thereto (Dkt. # 23), both filed on December 12, 2018.

17  FedEx promised to produce full discovery responses and documents by January 7,

18  2019, and as such, Plaintiff agreed to withdraw his First Motion to Compel. Dkt. #28.   On

19  January 7, 2019, nearly four weeks after Plaintiff filed his First Motion to Compel, FedEx

20  served its Initial Disclosures and Answer to Plaintiff's First Set of Interrogatories. Wong Decl.,

21  ¶ 3, Ex. B-C.   Defendant's "Initial Disclosures" provided written responses to Plaintiff's

22  requests for production but were served without any responsive documents.   *Id.* at ¶ 4.

23  However, deficiencies in FedEx's discovery responses persisted, requiring further meet and

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 2
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   confer efforts.  Wong. Decl., ¶ 5.

2          On January 14, 2019, Ada Wong, counsel for Plaintiff, e-mailed a letter to FedEx's

3   counsel Medora Marisseau and Jerrald Shivers outlining these deficiencies in advance of

4   counsel's meet and confer conference scheduled for January 17, 2019.  *Id.* at ¶ 6, Ex. D.  On

5   January 17, 2019, counsel held a telephonic meet and confer conference regarding FedEx's

6   discovery responses.  FedEx's counsel stated that FedEx would supplement many of its

7   interrogatory answers and produce responsive answers and documents.  *Id.* at ¶ 7.  FedEx's

8   counsel stated it was unable to provide Plaintiff with a definite date as to when Plaintiff should

9   expect the documents but would let Mrs. Wong know such a date by January 22, 2019.  Mrs.

10  Wong stressed that she wanted the responsive documents and supplemental answers by the end

11  of January, especially given the delay in receiving FedEx's initial responses only after Plaintiff

12  filed his First Motion to Compel.  Mrs. Wong also mentioned that Plaintiff did not prefer to

13  file another motion to compel but needed FedEx's full responses and documents soon to

14  prepare to take depositions.  *Id.* at ¶ 8.

15         On January 22, 2019, Mrs. Wong sent a letter via e-mail to FedEx's counsel

16  memorializing this meet and confer conference.  *Id.* at ¶ 9, Ex. E.  On January 22, 2019, the

17  Court granted Donald Snook's application to appear *pro hac vice* on behalf of Defendant

18  FedEx, replacing Mr. Shivers.  Dkt. #31.  On January 23, 2019, Mrs. Wong sent a follow-up

19  e-mail to Ms. Marisseau and Mr. Snook, inquiring about supplemental discovery responses

20  and documents, emphasizing the importance of receiving them by the end of January to avoid

21  the need to involve the court.  Wong Decl., ¶ 10, Ex. F.

22         On January 25, 2019, Mr. Snook responded via e-mail stating that he "cannot guarantee

23  that I will get everything we discussed to you by the end of the month.  But I am attempting to

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 3
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

get it all asap." Mrs. Wong replied asking for a specific date and for the supplemental answers, if not all responsive documents, by the end of January.  Mr. Snook replied, "Yes, I should be able to get the supplemental answers to you by the end of the month."  *Id.* at ¶ 11, Ex. G.

On January 31, 2019, Mr. Snook e-mailed Mrs. Wong, stating "[w]e have had two emergencies come up.  I am working on the responses and will have something for you tomorrow.  I apologize for the delay."  Having received no responses, on February 5, 2019, Mrs. Wong followed up yet again to inquire as to the progress of FedEx's responses.  *Id.* at ¶ 12, Ex. H.

On February 8, 2019, Mrs. Wong e-mailed a letter to Mr. Snook and Ms. Marisseau regarding Plaintiff's noting of the depositions of two key witnesses; Mrs. Wong also reminded FedEx's counsel that Plaintiff had still not received the promised responsive documents to Plaintiff's discovery requests and requested that FedEx serve them by Monday, February 11, 2019.  Mrs. Wong communicated that if Plaintiff did not receive the responses by that date, Plaintiff reserved the right to immediately seek court intervention, though it was not the preferred course of action.  *Id.* at ¶ 13, Ex. I.  To date, Mrs. Wong has not received any additional communication from FedEx's counsel or even confirmation of when FedEx would serve the responses that Mr. Snook promised by February 1, 2019.  As such, this Motion follows.  *Id.* at ¶ 14.

Time is of the essence as three depositions are schedule for March 2019: (1) Rule 30(b)(6) Deposition of Defendant on March 21, 2019; (2) Deposition of David Appesland on March 27, 2019; and (3) Deposition of Christy Tayman on March 28, 2019.  Both Mr. Appesland and Ms. Tayman are/were employees of Defendant.  *Id.* at ¶ 15, Ex. J-L.  FedEx and Defense counsel are well aware of the upcoming depositions and the need for Plaintiff's

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 4
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    counsel to have the opportunity to thoroughly review any discovery responses and documents,

2    as well as engage in any further met and confer conferences if necessary, prior to the

3    depositions. *Id.* at ¶ 16.

### III.    ISSUES PRESENTED

5        1.        Whether the Court should issue an order compelling Defendant FedEx to

6    provide complete further responses and produce all documents responsive to Plaintiff's

7    Discovery Requests in full compliance with Fed. R. Civ. P. 33 and 34.

8        2.        Whether this Court should award reasonable attorney's fees to Plaintiff

9    Goldstine for being forced to bring this Motion.

### IV.    EVIDENCE RELIED UPON

11        In support of this Motion, Plaintiff Goldstine relies upon the following:

12        1.        The Declaration of Ada K. Wong and the attachments thereto; and

13        2.        The files and pleadings herein.

### V.    AUTHORITY AND ARGUMENT

15    **A.        Motion to Compel Standard**

16        In responding to a request to produce documents, a party is required to produce

17    documents that are in its "possession, custody or control." Fed. R. Civ. P. 34(a)(1); *see also*

18    Fed. R. Civ. P. 26(b)(1) ("[u]nless otherwise limited by court order . . . [p]arties may obtain

19    discovery regarding any nonprivileged matter that is relevant to any party's claim or defense

20    and proportional to the needs of the case, . . ."). For each request for production, "the response

21    must either state that inspection and related activities will be permitted as requested or state

22    with specificity the grounds for objecting to the request, including the reason." Fed. R. Civ.

23    P. 34(b)(2)(B). "[A] party responding to a Rule 34 production request is under an affirmative

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 5
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    duty to seek that information reasonably available to it from its employees, agents, or others

2    subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal.

3    2006) (internal quotations and citations omitted).

4         When a party propounds interrogatories on an opposing party pursuant to Rule 33, each

5    interrogatory must "be answered separately and fully."  Fed. R. Civ. P. 33(b)(3).

6         Regarding incomplete responses to discovery requests, a party:

7         [W]ho has responded to an interrogatory, request for production, or request for
          admission—must supplement or correct its disclosure or response . . . in a
8         timely manner if the party learns that in some material respect the disclosure or
          response is incomplete or incorrect, and if the additional or corrective
9         information has not otherwise been made known to the other parties during the
          discovery process or in writing.
10
          Fed. R. Civ. P. 26(e)(1)(A).  A failure to provide complete responses to a discovery
11
     request is deemed the same as a failure to respond.  Fed. R. Civ. P. 37(a)(4).  Where a party
12
     fails to respond to discovery requests as provided in the rules, the propounding party "may
13
     move for an order compelling an answer, designation, production, or inspection."  Fed. R. Civ.
14
     P. 37(a)(3)(B).[1]
15
     **B.    Defendant FedEx is Required to Provide Complete Responses and Produce
16          Responsive Documents**

17        Defendant FedEx's initial answers and document production in response to Plaintiff's

18   Discovery Requests are incomplete, are the equivalent of a failure to respond, and require

19   further responses.  FedEx's counsel admitted this during the January 17, 2019 telephonic meet

20

21   [1] Fed. R. Civ. P. 27(a)(3)(A)-(B) provides: "If a party fails to make a disclosure required by Rule 26(a), any other
     party may move to compel disclosure and for appropriate sanctions.  A party seeking discovery may move for an
22   order compelling an answer, designation, production, or inspection . . . if . . . a party fails to answer in interrogatory
     submitted under Rule 33; or a party fails to produce documents or fails to respond that inspection will be permitted
23   – or fails to permit inspection – as requested under Rule 34."

**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 6**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   and confer conference with Mrs. Wong, during which FedEx's counsel promised that FedEx

2   would supplement many of its interrogatory answers and produce responsive answers and

3   documents.  FedEx has not produced these further answers or responsive documents, despite

4   FedEx's counsel's January 25, 2019 assertion that it "should be able to get the supplemental

5   answers to [Mrs. Wong] by the end of the month," and January 31, 2019 promise to "have

6   something for [Mrs. Wong] tomorrow."

7          After failing to respond to Plaintiff's Discovery Requests until January 7, 2019 – almost

8   five months after they were initially served – and after Plaintiff filed his First Motion to

9   Compel, and having been informed of the deficiencies in its responses by Plaintiff's counsel

10  on January 14, 2019, FedEx has still failed to completely respond to each of Plaintiff's

11  Discovery Requests to which it has not objected and for those it promised to supplement and/or

12  produce.  This is the equivalent of not having responded at all, which has necessitated this

13  Motion.  *See* Fed. R. Civ. P. 37(a)(1).  Furthermore, after agreeing with Plaintiff's counsel that

14  certain responses were incomplete, FedEx had a duty to supplement its responses, on which it

15  has still failed to act.[2]  Fed. R. Civ. P. 26(e)(1)(A).

16         Plaintiff Goldstine has complied with Fed. R. Civ. P. 37(a)(1)(A) and Western District

17  of Washington Local Rule 37(a)(1) by conducting a discovery conference with defense counsel

18  with respect to FedEx's incomplete discovery responses and deficient document production on

19  January 17, 2019.  FedEx is engaging in a delay tactic and is hindering Plaintiff's ability to

20  prove his case.  On January 17, 2019 and January 22, 2019, Plaintiff's counsel clearly informed

21

22  _____

23  [2] On January 18, 2019, Defendant FedEx provided supplemental disclosures pursuant to its obligations to produce initial disclosures under Rule 26(a).  These disclosures are not the subject of the instant Motion.  This Motion concerns Defendant's responses to Plaintiff's Discovery Requests propounded pursuant to Rules 33 and 34.

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 7
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   defense counsel of the need for FedEx's complete discovery responses and document

2   production to prepare for the necessary depositions in this case.  On February 8, 2019, in a

3   letter addressing Plaintiff's noting of the depositions of two key witnesses, Mrs. Wong again

4   reminded FedEx's counsel that Plaintiff had still not received the promised responsive answers

5   and documents.  Plaintiff needs to move forward with proving his claims and adequately

6   preparing for the three scheduled depositions.  Defendant FedEx should be ordered to serve

7   complete responses, without further objections, in full compliance with Rules 33 and 34.  To

8   avoid further delay, Plaintiff requests that such complete responses be served within five (5)

9   days of the Court's order.

10  **C.      Reasonable Attorney's Fees are Appropriate**

11          Rule 37(a)(5) mandates an award of reasonable fees and costs to a party forced to file

12  a motion to compel:

13          *If the Motion Is Granted (or Disclosure or Discovery Is Provided After
            Filing).*  If the motion is granted—or if the disclosure or requested discovery is
14          provided after the motion was filed—the court must, after giving an opportunity
            to be heard, require the party or deponent whose conduct necessitated the
15          motion, the party or attorney advising that conduct, or both to pay the movant's
            reasonable expenses incurred in making the motion, including attorney's
16          fees….

17  Fed. R. Civ. P. 37(a)(5).  Failure to supplement incomplete answers in violation of Rule 26(e)

18  is also proper grounds for an award of reasonable expenses, including attorney's fees:

19          *Failure to Disclose or Supplement*.  If a party fails to provide
            information or identify a witness as required by Rule 26(a) or (e), the party is
20          not allowed to use that information or witness to supply evidence on a motion,
            at a hearing, or at a trial, unless the failure was substantially justified or is
21          harmless.  In addition to or instead of this sanction, the court, on motion and
            after giving an opportunity to be heard:

22          (A) may order payment of the reasonable expenses, including attorney's
23          fees, caused by the failure;

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 8
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1                   (B) may inform the jury of the party's failure; and

2                   (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

3   Fed. R. Civ. P. 37(c)(1).

4        Defendant FedEx's failure to provide complete responses to Plaintiff's Discovery

5   Requests and its counsel's failure to respond in a timely fashion after having promised to

6   produce further responses and responsive documents necessitated the filing of this Motion.

7   FedEx's incomplete answers to Plaintiff's interrogatories and failure to provide responsive

8   documents to Plaintiff's request for production constitute a failure to respond.

9        As stated above, Plaintiff has made a good faith effort to obtain further discovery

10  responses and responsive documents from FedEx without this Court's involvement.  This

11  Motion would not have been necessary if FedEx had provided its responses as promised on

12  February 1, 2019.  Plaintiff, through counsel, has attempted to resolve the issue without this

13  Court's intervention and has provided FedEx with the extra time that its counsel asked for,

14  giving FedEx every reasonable opportunity to avoid this Motion.

15       Unfortunately, after struggling for months to receive any responses to Plaintiff's

16  Discovery Requests that were served on September 24, 2018, FedEx and its counsel's

17  continued delay tactics and failure to provide complete further responses necessitated this

18  Motion.  FedEx has offered no justification – let alone a substantial one – for its total failure

19  to respond as promised or cooperate in discovery.  Thus, Plaintiff Goldstine request a

20  reimbursement of reasonable attorney's fees in having to bring this Motion pursuant to Rule

21  37(a)(5).  In addition, because FedEx can offer no substantial justification for its failure to

22  supplement its discovery responses, an award of reasonable expenses, including attorney's

23  fees, is warranted pursuant to Rule 37(c)(1).

**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 9**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## VI.   CONCLUSION

Defendant FedEx's complete failure to abide by the federal rules has obstructed the discovery process.  Courts have routinely rejected this type of gamesmanship, and this Court should not allow it here.  Plaintiff Goldstine respectfully requests that Defendant FedEx be compelled to provide full further responses to Plaintiff's Discovery Requests, including producing all responsive documents, within five (5) days of this Court's order; and be awarded his reasonable attorney's fees related to this Motion.

## VII.   CERTIFICATE OF COMPLIANCE WITH LCR 37(a)(1)

Counsel met and conferred on January 17, 2019 regarding Defendant FedEx's incomplete responses to Plaintiff's Discovery Requests, including Defendant FedEx's responses to interrogatories, responses to requests for production, and the accompanying document production.  *See* Wong Decl., ¶¶ 7–9.

## VIII.   PROPOSED ORDER

A proposed order seeking the relief requested is attached.

**DATED** February 13, 2019.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Attorney for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com

PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 10
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that on February 13, 2019, I caused to be electronically filed the

3   foregoing document with the Clerk of the Court using the CM/ECF system, which will send

4   notification of such filing to the following:

5          Medora A. Marisseau
           Karr Tuttle Campbell
6          701 Fifth Avenue, Ste. 3300
           Seattle, WA 98104
7          Email: MMarisseau@karrtuttle.com

8          Donald H. Snook, TN Bar #21775
           FedEx Freight, Inc.
9          1715 Aaron Brenner Drive, Suite 600
           Memphis, TN 38120
10         E-mail: Donald.snook@fedex.com

11         *Counsel for Defendant FedEx Freight, Inc.*

12

13         I declare under penalty of perjury under the laws of the state of Washington that the

14   foregoing is true and correct.

15         DATED: February 13, 2019.

16
                                    */s/ Kaila A. Eckert*
17                                  Kaila A. Eckert, Paralegal

18

19

20

21

22

23

**PLAINTIFF'S MOTION TO COMPEL FURTHER DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 11**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529