January 14, 2019

*Sent via E-mail to <jerry.shivers@fedex.com>; <mmarisseau@karrtuttle.com>*

Jerrald L. Shivers
FedEx Freight, Inc.
1715 Aaron Brenner Drive, Ste. 600
Memphis, TN 38120

Medora A. Marisseau
Karr Tuttle Campbell
701 Fifth Avenue, Ste. 3300
Seattle, WA 98104

      **RE:**   *Goldstine v. FedEx Freight, Inc., et al.*
             **Case No. 2:18-cv-01164 MJP**
             **Defendant's Responses to Plaintiff's First Set of Discovery Requests**

Dear Counsel:

    To help facilitate our meet and confer conference scheduled for January 17, 2019, and for purposes of efficiency and to avoid a motion to compel, I have outlined the issues I would like to discuss below.

### STIPULATED PROTECTIVE ORDER

    Please find attached a draft Stipulated Protective Order for your review. I believe that with this protective order in place, you should be able to provide us with the responsive documents that have been withheld on the basis of privacy and/or confidentiality.

### BOILERPLATE AND GENERAL OBJECTIONS

    General objections are not appropriate because a specific and clear objection must be stated to each interrogatory or request for production to which a responding party objects. Boilerplate objections and non-specific general objections are not sufficient to permit Plaintiff to meaningfully determine the sufficiency of Defendant's response to legitimate discovery requests. *See Best v. BNSF Ry. Co.*, 2008 U.S. Dist. LEXIS 5640, *13 (E.D. Wash. 2008). Furthermore:

> Rule 34 of the Federal Rules of Civil Procedure dictates a party's responsibility in responding to an RFP; Rule 33 applies to interrogatories. Neither rule is ambiguous as to a responding party's obligation when objecting. A party must respond to an RFP by either "stat[ing] that inspection and related activities [(including production of documents)] will be permitted as requested or state an objection to the request, including the reasons." Fed.R.Civ.P. 34(b)(2)(B). Moreover, an "objection to part of a request must specify the part and permit inspection of the rest." Fed.R.Civ.P. 34(b)(2)(C). A party must answer an interrogatory "to the extent it is not objected to," Fed.R.Civ.P. 33(b)(3), and "[t]he grounds for objecting ... must be stated with specificity," Fed.R.Civ.P. 33(b)(4).

*Weidenhamer v. Expedia, Inc.*, 2015 WL 1292978 (W.D. Wash. 2015) (ruling: "Using 'General Objections' in the manner that [Defendant] used them in this case is a per se violation of the Federal Rules of Civil Procedure. It is per se sanctionable. It is bad faith, it is contrary to the principles of civility that the court expects from parties who appear before it, and it is contrary to the spirit of the Federal Rules of Civil Procedure, which are intended to promote discovery, not obstruction.").

As such, the general objections stated are improper as generally stated and as incorporated into specific answers to Plaintiff's interrogatories and/or or requests for production. We are requesting that you strike the general objections and state a specific and clear reason for each objection to an interrogatory or request for production.

### **WAIVER OF OBJECTIONS**

Federal Rules of Civil Procedure 33 and 34 "provide that discovery requests must be responded to within 30 (or in some cases 45) days. It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981)). It is undisputed that Defendant's discovery responses are late, and as such, the failure to object within the timeframe constitutes a waiver of any objection. Notwithstanding, I am still seeking clarification on Defendant's objections in the event we are unable to reach an agreement and/or resolve the issues short of Plaintiff being forced to file a motion to compel.

### **INTERROGATORIES**

**No. 1:** Please identify these individuals per Paragraph 3 "Identity of Individuals" in the Definitions section of our request:

Case 2:18-cv-01164-MJP   Document 34-4   Filed 02/13/19   Page 3 of 6

Jerrald Shivers and Medora Marisseau
*RE: Goldstine v. FedEx Freight, Inc., et al. – Defendant's Responses to Plaintiff's First Set of Discovery Requests*
January 14, 2019
Page 3 of 6

> ***Identity of Individuals***.  Where the name or identity of an individual person is requested, or where the term "identify" is used in reference to an individual person, please state with respect to each such person:
> a. Full name;
> b. Current or last known residence address, and telephone number;
> c. Current or last known business address and telephone number;
> d. All known email addresses;
> e. Current position or occupation;
> f. Employer;
> g. His or her present whereabouts and his or her present employment position and business affiliation at the time in question; and,
> h. Relationship to you.
>
> Unless it otherwise appears from the context, a request for the identity of a person relates to all persons in such classification or category.

**No. 3:** Paragraph 10 "You/Defendant" in the Definitions section of our request clearly states that it is specific to the 6414 Hardeson Road, Everett, Washington 98203 location.  As such, please explain how this is unlimited in geographical scope, overly broad and unduly burdensome.  Also, the interrogatory clearly states it's limited to the past five years, so please explain how this is unlimited in time or how it seeks information that is not relevant to the parties' claims or proportional to the needs of the case.  We have also sent you a draft stipulated protective order.

**Nos. 4-5:** See above, No. 1, regarding identifying the individuals.  Our interrogatory also clearly asks for dates of employment and reason for separation.

**No. 6:** Paragraph 10 "You/Defendant" in the Definitions section of our request clearly states that it is specific to the 6414 Hardeson Road, Everett, Washington 98203 location.  As such, please explain how this is unlimited in geographical scope, overly broad and unduly burdensome.  Also, the interrogatory clearly states it's limited to the past five years, so please explain how this is unlimited in time or how it seeks information that is not relevant to the parties' claims or proportional to the needs of the case.  We have also sent you a draft stipulated protective order.

**No. 7:** Please identify these documents per Paragraph 4 "Identity of Document" in the Definitions section of our request:

> ***Identity of Document***.    The term "identify", when used in reference to a document, means to state with respect to each document:
> a. Title of document;
> b. The date of preparation of the document;

Case 2:18-cv-01164-MJP   Document 34-4   Filed 02/13/19   Page 4 of 6

Jerrald Shivers and Medora Marisseau
*RE: Goldstine v. FedEx Freight, Inc., et al. – Defendant's Responses to Plaintiff's First Set of Discovery Requests*
January 14, 2019
Page 4 of 6

    c. The name and title of each author, sender, creator and initiator of such document;

    d. The name and title of recipient, addressee, or party for whom such document was intended (if any);

    e. The nature of the document (e.g., letter, memorandum, tape) and other means of identification sufficient to identify the document for purposes of a request for production, and to further state its present location and custodian;

    f. Source from whom or from which you obtained the document;

    g. Number of pages the document comprises;

    h. Production number(s); and,

    i. If any such document was, but no longer is, in your possession or custody or subject to your control, describe what disposition was made of it, and give the name, address and telephone number of the person presently having possession, custody or control of the document.

Alternatively, you may produce and/or confirm that all of the identified documents have already been produced. Please also confirm whether there are any additional responsive documents expected.

  **No. 8:** See above, No. 7, regarding identifying the documents. Moreover, please explain how this is overly broad, unduly burdensome, unlimited in geographical scope and how it seeks information that is not relevant to the parties' claims or proportional to the needs of the case. Moreover, without waiving said objections, are there any other responsive answers?

  **Nos. 9-13:** Please confirm whether this is the only responsive document/answer or if your client expects additional documents/answer in the future.

  **No. 14:** Please provide the answer to the full interrogatory, specifically, (b) and (c).

  **No. 16:** See above, No. 1, regarding identifying the individuals. We have also sent you a draft stipulated protective order.

  **No. 17:** Defendant knows whether it was correctly named and whether any related entities employed Plaintiff. Please respond.

  **No. 18:** Please confirm whether this is the entirety of the communication being requested in No. 18.

Case 2:18-cv-01164-MJP   Document 34-4   Filed 02/13/19   Page 5 of 6

Jerrald Shivers and Medora Marisseau
*RE: Goldstine v. FedEx Freight, Inc., et al. – Defendant's Responses to Plaintiff's First Set of Discovery Requests*
January 14, 2019
Page 5 of 6

**No. 19:** Please state when Ms. Tayman spoke with Plaintiff orally and when the writing was provided to Plaintiff.

**No. 20:** Please explain how this interrogatory is overly broad, unduly burdensome, unlimited in geographical scope and how it seeks information that is not relevant to the parties' claims or proportional to the needs of the case. Moreover, I doubt FedEx is stating that Plaintiff provided Defendant with the answer FedEx provided to Interrogatory No. 8. Please confirm and answer the interrogatory.

**No. 21:** Please state what Plaintiff did not fully disclose on his complete health history on medical examination and whey the doctor failed to complete the Medical Examiner Determination. Please confirm what the two dates represents for (a) versus (b).

**No. 22:** Please confirm whether this is the entirety of the communication being requested in No. 22. Defendant's answer to Interrogatory No. 21 describes an April 17, 2017 telephone communication between Ms. Tayman and Mr. Goldstine. A complete answer to No. 22 will describe this telephone communication in detail to the extent that Mr. Goldstine's alleged "disqualifying condition" was discussed. It also appears that an email dated My 3rd was produced. Please confirm whether there are any other responsive answers and/or documents.

## **REQUESTS FOR PRODUCTION**

It appears that Defendant's response to Plaintiff's Requests for Production of Documents are identified as Initial Disclosures. Please confirm whether said document is meant to be Defendant's initial disclosures or actual responses to Plaintiff's discovery requests.

Defendant's objections appear to be the same for most of its responses. Please confirm whether any documents are being withheld on the basis of any of the objections to Plaintiff's Requests for Production. If so, please identify the specific request and I would like to confer about those specific requests during our conference call. Should the withheld documents be on the basis of privacy, we have sent you a stipulated protective order. If Defendant feels that this protective order is insufficient, please let me know and I would like to confer on this issue.

To the extent that Defendant has previously produced the responsive documents, please identify the Bates numbers for said responsive documents to the specific requests.

Moreover, should Defendant be withholding any responsive documents on the basis of privilege in addition to the August 11, 2017 e-mail between John Dolan and Charlie Pullin, please produce a privilege log immediately.

Jerrald Shivers and Medora Marisseau
**RE: Goldstine v. FedEx Freight, Inc., et al. – Defendant's Responses to Plaintiff's First Set of Discovery Requests**
January 14, 2019
Page 6 of 6

      I look forward to a productive meet and confer conference with you and your colleague.

      Sincerely,

      **AKW LAW, P.C.**

      **Ada K. Wong**
      Attorney at Law
      ada@akw-law.com
      (206) 886-7886

Cc:    AKW/JTW/kae