The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

               Plaintiff,

v.

FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,

               Defendants.

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES**

**NOTE ON MOTION CALENDAR:**
May 31, 2019

Without Oral Argument

## I.     <u>RELIEF REQUESTED</u>

Pursuant to Rule 37(a), Plaintiff David Goldstine moves for an order compelling Defendant FedEx Freight, Inc. (hereinafter "FedEx") to:

(1)     Provide responses to Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant FedEx Freight, Inc. (hereinafter "Third Set of Discovery Requests"), which were served on April 2, 2019. To date, Defendant FedEx has not responded at all;

(2)     Produce all documents previously agreed to by counsel, including specifically: (a) Chart that defense counsel Donald Snook agreed to produce as related to Topic No. 17 of the Notice of Videotaped Rule 30(b)(6) Deposition of Defendant FedEx ("Rule 30(b)(6) NOD"); (b) Plaintiff's complete Washington State Employment Security Division ("ESD") file that Snook agreed to produce as related to Topic No. 34 of the Rule 30(b)(6) NOD, including any communications and documents referencing Plaintiff's application for unemployment; (c) Pre-shift documents as related to Topic No. 36 of the Rule 30(b)(6) NOD;

1    (d) Transfer Policy; and (e) Driver Disqualification Procedures;

2            (3)    Provide a corporate designee to testify fully to Topic No. 42(b) of the Rule
     30(b)(6) NOD;
3
4            (4)    Provide a corporate designee to testify to Topic No. 43(a)-(c) of the Rule
     30(b)(6) NOD, specifically, in regards to the other investigations the prior designees were not
5    able to testify regarding;

6            (5)    Make Ms. Tayman available for a continued deposition regarding her training
     where Snook and Tayman previously refused to answer on the basis of attorney-client privilege
7    as well as regarding the newly produced documents at Defendant's expense;

8            (6)    Confirm whether FedEx has produced all of Ms. Tayman's files, and if not,
     immediately produce; and should there be additional documents that should have previously
9    been produced, to make Ms. Tayman available for a continued deposition;

10           (7)    Allow a third-party forensic expert to obtain the responsive and relevant
     documents from FedEx, and for FedEx to pay any associated costs.

11           (8)    Confirm whether all documents and answers were produced and/or provided to
     Plaintiff's <u>First</u> Set of Interrogatories & Requests for Production of Documents as related to
12   Interrogatories Nos. 7 and 12, and Requests for Production Nos. 2 and 7, and if not,
     immediately produce them.
13
14           Plaintiff also respectfully requests this Court to award reasonable attorney's fees

15   associated with Plaintiff being forced to bring this Motion.  Unfortunately, this is the *third* time

16   Plaintiff had to bring a motion to compel Defendant's discovery responses.[1]  Plaintiff's counsel

17   Ada K. Wong has worked in good faith with defense counsel Snook to resolve these matters,

18   providing him ample opportunity to respond.  Wong continued to wait patiently for Snook to

19   provide responses even after the dates he promised to have said responses by passed.

20   Discovery is coming to a close on July 12, 2019, and Plaintiff is bringing this Motion at this

21   time to avoid any additional unnecessary delays or gamesmanship from Defendant.

22

23   ---
     [1] *See* Dkt. ## 22, 33.

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY**
**RESPONSES AND FOR ATTORNEY'S FEES - 2**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## II.    BRIEF RELEVANT BACKGROUND

On April 2, 2018, Plaintiff Goldstine served Defendant FedEx Freight, Inc. (hereinafter "FedEx") with Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant FedEx Freight, Inc. (hereinafter "Third Set of Discovery Requests").   *See* Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 2, Ex. A.  Defendant did not respond to Plaintiff's Third Set of Discovery Requests.  On May 8, 2019, Wong met and conferred with Snook regarding a host of outstanding discovery issues, including the Third Set of Discovery Requests.  Snook sounded surprised – almost as if he did not realize he needed to respond to Plaintiff's Third Set of Discovery Requests and said that he will "figure it out." *Id.* at ¶ 3.  Defendant's responses to the Third Set of Discovery Requests were due on May 2, 2019.  To date, Defendant has not provided any responses and documents. *Id.* at ¶ 4.

Snook has also agreed to produce all responsive documents during the course of discovery, including: (1) A chart as related to Topic No. 17 of the Rule 30(b)(6) NOD; (2) Plaintiff's complete ESD file in Defendant's possession, including any communications and documents referencing Plaintiff's application for unemployment; (3) Pre-shift documents as related to Topic No. 36 of the Rule 30(b)(6) NOD; (4) Transfer Policy; and (5) Driver Disqualification Procedure. *Id.* at ¶ 6, Ex. B.  Wong and Snook met and conferred regarding these documents on April 24, 2019.  *Id.* at ¶ 7, Exs. C-D.  Snook promised to produce the documents on April 24th or 25th.  This did not happen. *Id.* at ¶ 8.  Counsel met and conferred again regarding these documents on May 2nd and 8th. *Id.* at ¶¶ 8, 12-13.

Mediation was scheduled for May 7, 2019, and the parties attended.  Wong previously asked Snook to meet and confer on May 7th regarding the outstanding discovery issues should the parties not be able to reach a resolution on May 7th.  Snook agreed.  However, Snook left

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 3
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   without notifying Wong, and counsel did not meet and confer as expected.  Wong had also

2   previously scheduled a meet and confer conference for May 8, 2019 at 11:00 a.m. out of an

3   abundance of caution that the May 7, 2019 meet and confer would not occur.  *Id.* at ¶ 10.

4          On May 7, 2019, after the mediation concluded, Wong sent Snook an e-mail outlining

5   the outstanding discovery issues for his convenience (all of which we had previously

6   discussed).  *Id.* at ¶ 11, Ex. E.  On May 8, 2019, Wong and Snook met and conferred yet again

7   on the outstanding discovery issues, and Snook was still unable to produce any documents.

8   On May 8th, Snook stated that his assistant is out until May 9th and will confirm on May 9th.

9   To date, no additional documents or responses have been received by Wong.  *Id.* at ¶ 12.

10         It is also noteworthy that Snook did not want to engage in the meet and confer

11  conference as scheduled on May 8, 2019.  Upon Wong's insistence, they did.  During the May

12  8th meet and confer conference, Snook stated that he would have additional information and

13  confirmation on May 9th.  As such, Wong and Snook scheduled a follow up to the meet and

14  confer conference for May 9th at 1:00 p.m. PST.  *Id.* at ¶ 13.

15         On May 9, 2019, less than 15 minutes prior to the scheduled call, Snook stated that he

16  cannot speak on the phone and will just email Wong.  Jordan Wada from Wong's office

17  responded, "What time should we expect the rest of your responses today?"  Snook replied on

18  May 10, 2019: "I'll be providing more information today", followed with "the pre-shifts have

19  been sent FedEX", and that he's working on the answers.  *Id.* at ¶ 14, Ex. F.  To date, Plaintiff

20  has not received any pre-shifts nor any additional responses or documents.  *Id.* at ¶ 15.

21         On April 17, 2019, Wong took the depositions of Christy Tayman in her lay witness

22  capacity, as well as in her corporate representative capacity.  During the deposition, it came to

23  Wong's attention that Ms. Tayman had many documents that were in her file, possession,

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 4
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    custody, and control throughout this entire litigation process that Plaintiff never received

2    copies of.  These documents included, but were not limited to, Ms. Tayman's handwritten notes

3    and e-mail correspondence, and were directly related to the underlying facts and circumstances

4    of this matter, as well as previously requested in the discovery we propounded.  *Id.* at ¶ 16.  As

5    such, Wong asked Snook about why these documents were never produced and shared her

6    concerns about what other documents may be withheld and not produced.  Snook said he was

7    surprised as well.  *Id.* at ¶ 17.  Wong asked to take Ms. Tayman's deposition again, but also

8    wanted confirmation that Plaintiff has all relevant documents before doing so.  To date, Wong

9    has yet to receive a confirmation regarding whether Plaintiff has all documents in his

10   possession.  *Id.* at ¶ 19.

11          Wong also conferred with Snook regarding having a third-party forensic expert gather

12   the data and documents.  Snook refused to have a third-party expert conduct this process and

13   stated that he will have their in-house team handle this process.  Wong expressed concern

14   because this in-house team had been in place even before the start of this litigation, and we still

15   did not receive all responsive documents.  *Id.* at ¶ 21.

16                              **III.    ISSUES PRESENTED**

17          1.      Whether the Court should issue an order compelling Defendant to provide
     complete responses and produce all documents responsive to Plaintiff's Discovery Requests in
18   full compliance with Rules 33 and 34.

19          2.      Whether the Court should issue an order compelling Defendant to produce all
     documents as previously agreed to with Plaintiff.
20
21          3.      Whether the Court should issue an order compelling Defendant to provide a
     corporate designee to testify to Plaintiff's Notice of Deposition of Rule 30(b)(6), Topic Nos.
     42(b) and 43(a)-(c) it in its entirety.
22
23          4.      Whether the Court should issue an order compelling Defendant to make Christy
     Tayman available for a continued deposition regarding her training where Snook and Tayman

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 5
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

previously refused to answer on the basis of attorney-client privilege as well as regarding the newly produced documents, and regarding any additional produced documents or responses.

5.      Whether the Court should issue an order compelling Defendant FedEx to allow a third-party forensic expert to gather the responsive documents at FedEx's expense.

6.      Whether the Court should issue an order compelling Defendant to confirm in writing whether all documents and answers were produced and/or provided to Plaintiff's First Set of Interrogatories & Requests for Production of Documents as related to Interrogatories Nos. 7 and 12, and Requests for Production Nos. 2 and 7, and if not, to immediately produce said documents.

7.      Whether this Court should award reasonable attorney's fees to Plaintiff Goldstine for being forced to bring this Motion.

## IV.      EVIDENCE RELIED UPON

In support of this Motion, Plaintiff Goldstine relies upon the Declaration of Ada K. Wong and the attachments thereto, and the files and pleadings herein.

## V.      AUTHORITY AND ARGUMENT

### A.      Motion to Compel Standard

In responding to a request to produce documents, a party is required to produce responsive documents that are in its "possession, custody or control." Fed. R. Civ. P. 34(a)(1). "[T]he response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request." Fed. R. Civ. P. 34(b)(2)(B).  "[A] party responding to a Rule 34 production request is under an affirmative duty to seek that information reasonably available to it from its employees, agents, or others subject to its control." *A. Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006) (internal quotations and citations omitted).

When a party propounds interrogatories on an opposing party pursuant to Rule 33, each interrogatory must "be answered separately and fully." Fed. R. Civ. P. 33(b)(3).

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 6
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Under Rule 30(b)(6), a party directing a notice of deposition to a corporation:

> may name as the deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify.

Fed. R. Civ. P. 30(b)(6).

Rule 37(a) permits a party seeking discovery to move for an order compelling an answer, designation, production, or inspection (after conferring in good faith) if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B).

**B.    FedEx Must Provide Responses to Plaintiff's Third Set of Discovery Requests**

To date, Defendant FedEx has not responded to Plaintiff's Third Set of Discovery Requests, which were served on April 2, 2019, and due on May 2, 2019.  FedEx's failure to provide responses despite counsel's May 8, 2019 meet and confer conference has necessitated this Motion.  Plaintiff Goldstine has complied with Rule 37(a)(1) and Local Rule 37(a)(1) by conducting a discovery conference with FedEx's counsel Snook on May 8, 2019, with respect to FedEx's failure to provide any responses.  FedEx is engaging in a delay tactic and is hindering Plaintiff's ability to prove his case.  It is also noteworthy that Defendant also failed to respond to Plaintiff's *Second* Set of Discovery Requests in a timely manner.  Combined with the fact that Plaintiff had to previously file not one, but two, motions to compel discovery responses, Plaintiff now brings the underlying Motion so he can obtain the requested

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 7
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  information and documents, especially with the discovery cutoff on July 12, 2019, and because

2  the underlying motion is a third Friday motion.  *See* Wong Decl., ¶ 5.

3      Defendant FedEx should be ordered to serve complete responses, without any

4  objections except for attorney-client privilege and/or work product (for which Defendant

5  should produce a privilege log), in full compliance with Rules 33 and 34.  To avoid further

6  delay, Plaintiff requests that such complete responses and documents be served within five (5)

7  days of the Court's order.

8  **C.      FedEx Should Produce the Documents It Promised**

9      Defendant FedEx, through counsel, made multiple promises to produce documents

10  and/or confirm certain information that was previously requested, specifically: (1) A chart as

11  related to Topic No. 17 of the Rule 30(b)(6) NOD; (2) Plaintiff's complete ESD file in

12  Defendant's possession, including any communications and documents referencing Plaintiff's

13  application for unemployment; (3) Pre-shift documents as related to Topic No. 36 of the Rule

14  30(b)(6) NOD; (4) Transfer Policy; and (5) Driver Disqualification Procedure.

15      Counsel came to an agreement that Defendant would produce the above-referenced

16  documents (1)-(3) on April 24th or 25th.  To date, Wong has not received said documents.

17  Snook also agreed to produce documents (3) and (4), the Transfer Policy and Driver

18  Disqualification Procedure, which was after Plaintiff saw said Policy and Procedure referenced

19  for the first time as a result of Defendant producing additional documents long after this Court

20  ordered Defendant to produce all responsive documents to Plaintiff's *First* Set of

21  Interrogatories and Requests for Production of Documents on March 19, 2019.  *See* Dkt. # 40.

22  **D.      FedEx Should Name a Designee for Unaddressed Rule 30(b)(6) NOD Topics**

23      Defendant was served with a copy of the initial Rule 30(b)(6) NOD on January 23,

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 8
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    2019, almost five months ago.  *See* Wong Decl., ¶ 6, Ex. B.  Defense counsel supposedly

2    designated all corporate witnesses, but by the end of the deposition of the last corporate

3    representative on April 17, 2019, it was clear that was untrue.  Specifically, Topic No. 42(b)

4    regarding Plaintiff's rate of pay, and Topic No. 43(a)-(c) regarding investigations to which

5    Plaintiff was the subject, have not been addressed by any FedEx corporate designee.  Wong

6    and Snook met and conferred regarding this on May 2nd and 8th.  *Id.* at ¶ 20.  By failing to name

7    a designee to testify to Topic Nos. 42(b) and 43(a)-(c), FedEx has violated Rule 30(b)(6) and

8    is subject to a motion to compel under Rule 37(a)(3)(B)(ii).

9    **E.    Ms. Tayman Should be Made Available for a Continued Deposition**

10        During Ms. Tayman's April 17, 2019 deposition, both Snook and Ms. Tayman asserted

11   attorney-client privilege, including but not limited to when I asked about training provided.

12   Snook and Ms. Tayman both also claimed attorney-client privilege for other issues on the basis

13   that Snook was representing Ms. Tayman in her individual capacity.  The training Ms. Tayman

14   was testifying regarding was not for legal advice, despite lawyer(s) providing all or part of that

15   training.  *See* Wong Decl., ¶ 18.  As such, the attorney-client privilege does not apply.

16        "[A] party asserting the attorney-client privilege has the burden of establishing the

17   [existence of an attorney-client] relationship and the privileged nature of the

18   communication."  *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009); *see also United*

19   *States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010).  Here, the trainings that Ms. Tayman

20   refused to testify about were not privileged communications, she failed to answer a question

21   asked under Rule 30, and is subject to a motion to compel under Rule 37(a)(3)(B)(i).  Ms.

22   Tayman should be made available for a continued deposition and ordered to answer the line of

23   questioning regarding her training as well as regarding the newly produced documents at

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 9
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Defendant FedEx's expense.

2    **F.      A Forensic Expert Should be Allowed to Gather All Responsive Documents**

3            Snook was just as surprised when Ms. Tayman brought documents with her to her

4    deposition on April 17, 2019 that was never produced by Defendant FedEx.  Thankfully, Ms.

5    Tayman brought said documents and allowed Wong to review them.  *See* Wong Decl., ¶ ¶ 16-

6    17.  Had that not been the case, Plaintiff would have likely never seen said documents or even

7    realized they existed.  Defendant does not dispute that said documents were never produced to

8    Plaintiff during the course of discovery, despite its repeated confirmation that it has produced

9    all relevant and responsive documents.  FedEx should be ordered to confirm whether it has

10   produced all of Ms. Tayman's files.

11           Counsel for the parties met and conferred on this issue on May 2, 2019 and again on

12   May 8, 2019.  On May 2, 2019, Wong met and conferred with Snook regarding having a third-

13   party forensic expert gather the relevant and responsive documents.  Snook stated that he

14   needed to check with FedEx first.  Wong reiterated  that documents Ms. Tayman brought to

15   her deposition were directly responsive and relevant to Plaintiff's discovery requests and this

16   litigation, and that they were never produced.  Snook confirmed that there were documents that

17   were not produced because it was "part of the legal file" and will double check and confirm.

18   To date, despite additional follow up on said documents, Snook never confirmed whether there

19   are any additional documents nor produced any additional documents.  Wong Decl., ¶ 9.

20           On May 8, 2019, counsel met and conferred again regarding having a third-party

21   forensic expert gather the relevant and responsive documents.  Snook stated that FedEx was

22   not willing to have a third-party expert come in and they would have their in-house/internal

23   team handle the process.  Wong confirmed that said team had been in existence during the

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 10
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    course of the litigation.  Snook stated in the affirmative.  And if that is the case, there is no

2    good reason that said documents were not produced before.  As such, Plaintiff respectfully

3    requests this Court for an order allowing a third-party forensic expert to obtain the responsive

4    and relevant documents from FedEx directly, and for FedEx to pay any associated costs.

5    **G.    Continued Depositions**

6           In the interest of justice and fairness in the discovery process, Plaintiff also requests an

7    order from this Court allowing for the continued deposition of Christy Tayman (and whomever

8    may be necessary as later shown via additional responses and responsive documents) based on

9    new facts or documents that may surface that should have been produced to Plaintiff

10   previously.  Defendant should not be allowed to take advantage of the gamesmanship and

11   hiding the ball by stripping Plaintiff of his opportunity – and right – to effectively depose

12   Defendant and its witnesses.

13   **H.    Reasonable Attorney's Fees are Appropriate**

14          Rule 37(a)(5) mandates an award of reasonable fees and costs to a party forced to file

15   a motion to compel:

16          *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If
            the motion is granted—or if the disclosure or requested discovery is provided after
17          the motion was filed—the court must, after giving an opportunity to be heard,
            require the party or deponent whose conduct necessitated the motion, the party or
18          attorney advising that conduct, or both to pay the movant's reasonable expenses
            incurred in making the motion, including attorney's fees.
19
20   Fed. R. Civ. P. 37(a)(5).  "If a party fails to provide information or identify a witness as

21   required by Rule 26(a) or (e) . . . the court, on motion and after giving an opportunity to be

     heard . . . may order payment of the reasonable expenses, including attorney's fees, caused by
22
     the failure."  Fed. R. Civ. P. 37(c)(1).
23

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 11
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Defendant FedEx failed to provide *any* responses to Plaintiff's Third Set of Discovery

2    Requests, its counsel failed to fulfill its promise to produce responsive documents, it failed to

3    name a designee for Plaintiff's Rule 30(b)(6) NOD Topic Nos. 42(b) and 43(a)-(c), its witness

4    Ms. Tayman refused to answer a non-privileged line of questioning regarding training, and it

5    failed to produce all of Ms. Tayman's responsive documents.

6    As stated above, Plaintiff has made a good faith effort to obtain discovery responses,

7    responsive documents, corporate designees, and deposition testimony from FedEx without this

8    Court's involvement.  Plaintiff, through counsel, has attempted to resolve these issues without

9    this Court's intervention and has provided FedEx with the extra time that its counsel asked for,

10   giving FedEx every reasonable opportunity to avoid this Motion.

11   FedEx and its counsel's continued delay tactics and failure to provide documents,

12   responses, corporate designees, and deposition testimony necessitated this Motion.  FedEx has

13   offered no justification – let alone a substantial one – for its total failure to respond as promised

14   or cooperate in discovery.  Thus, Plaintiff Goldstine request a reimbursement of reasonable

15   attorney's fees in having to bring this Motion pursuant to Rule 37(a)(5).  In addition, because

16   FedEx can offer no substantial justification for its failure to provide discovery responses and

17   documents, an award of reasonable expenses, including attorney's fees, is warranted pursuant

18   to Rule 37(c)(1).

19   ## VI.    CONCLUSION

20   Defendant FedEx's complete failure to abide by the federal rules has obstructed the

21   discovery process.  Courts have routinely rejected this type of gamesmanship, and this Court

22   should not allow it here.  Plaintiff Goldstine respectfully requests this Court to issue an order

23   granting the relief requested above.

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES - 12**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

### VII.   CERTIFICATE OF COMPLIANCE WITH LCR 37(a)(1)

2      Counsel met and conferred on April 24, 2019, May 2, 2019, and May 8, 2019 regarding

3  responsive documents he agreed to produce.  *See* Wong Decl., ¶¶ 6-8.

4      Counsel met and conferred on May 2 and 8, 2019 regarding having a third-party

5  forensic expert gather the relevant and responsive documents, and the documents that Ms.

6  Tayman brought to her deposition that were directly responsive to Plaintiff's discovery

7  requests.  *See id.* at ¶¶ 9, 21.  At Ms. Tayman's deposition, Wong asked to take the deposition

8  of Ms. Tayman again, but wanted confirmation that we have all relevant documents before

9  the taking of her continued deposition.  *See id.* at ¶ 19.

10      Counsel met and conferred on May 8, 2019 regarding a host of outstanding discovery

11  issues including Plaintiff's Third Set of Discovery Requests.  *See id.* at ¶¶ 3, 11-13.

12      Counsel met and conferred on May 2 and 8, 2019 regarding Plaintiff's Rule 30(b)(6)

13  NOD Topic Nos. 42(b) and 43(a)-(c), for which FedEx has not named a designee to testify.

14  *See id.* at ¶ 20.

15

### VIII.   PROPOSED ORDER

16      A proposed order seeking the relief requested is attached.

17

**DATED** May 16, 2019.

18                                              **AKW LAW, P.C.**

19

20                                              */s/ Ada K. Wong*
                                                Ada K. Wong, WSBA #45936
                                                Attorney for Plaintiff
21                                              6100 219th St. SW, Suite 480
                                                Mountlake Terrace, WA 98043
22                                              Tel.: (206) 259-1259
                                                Fax: (855) 925-9529
23                                              E-mail: ada@akw-law.com

PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 13
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

<u>**CERTIFICATE OF SERVICE**</u>

2        I hereby certify that on May 16, 2019, I caused to be electronically filed the foregoing

3   document with the Clerk of the Court using the CM/ECF system, which will send notification

4   of such filing to the following:

5        Medora A. Marisseau
         Karr Tuttle Campbell
6        701 Fifth Avenue, Ste. 3300
         Seattle, WA 98104
7        Email: MMarisseau@karrtuttle.com

8        Donald H. Snook, TN Bar #21775
         FedEx Freight, Inc.
9        1715 Aaron Brenner Drive, Suite 600
         Memphis, TN 38120
10       E-mail: Donald.snook@fedex.com

11       *Counsel for Defendant FedEx Freight, Inc.*

12

13        I declare under penalty of perjury under the laws of the state of Washington that the

14   foregoing is true and correct.

15        DATED: May 16, 2019, at Mountlake Terrace, Washington.

16
                                    */s/ Ada K. Wong*
17                                  Ada K. Wong

18

19

20

21

22

23

**PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY
RESPONSES AND FOR ATTORNEY'S FEES - 14**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529