The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>                    Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,<br><br>                    Defendants. | Case No. 2:18-cv-01164 MJP<br><br>**DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES** |

I, Ada K. Wong, declare,

1.    I am the attorney of record for Plaintiff David Goldstine in this matter and make the following statements based on my personal knowledge.

**Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant FedEx Freight, Inc.**

2.    On April 2, 2018, Plaintiff Goldstine served Defendant FedEx Freight, Inc. (hereinafter "FedEx") with Plaintiff's Third Set of Interrogatories and Requests for Production to Defendant FedEx Freight, Inc. (hereinafter "Third Set of Discovery Requests").  Attached hereto as **Exhibit A** is a true and correct copy of Third Set of Discovery Requests.

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES - 1
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1         3.     Defendant did not respond to the Third Set of Discovery Requests.  On May 8,

2   2019, I met and conferred with defense counsel, Donald Snook, regarding a host of outstanding

3   discovery issues, including the Third Set of Discovery Requests.  Snook sounded surprised –

4   almost as if he did not realize he needed to respond to the Third Set of Discovery Requests and

5   said that he will "figure it out."

6         4.     Defendant's responses to the Third Set of Discovery Requests were due on May

7   2, 2019.  To date, Defendant has not provided any responses and documents.

8         5.     It is also noteworthy that Defendant also failed to respond to Plaintiff's *Second*

9   Set of Discovery Requests in a timely manner.  Combined with the fact that Plaintiff had to

10   previously file not one, but two, motions to compel discovery responses, Plaintiff now brings

11   the underlying Motion so he can obtain the requested information and documents, especially

12   with the discovery cutoff on July 12, 2019, and the underlying motion is a third Friday motion.

13   **Documents Defendant Agreed to Produce but has Not**

14         6.     Snook has agreed to produce all responsive documents during the course of

15   discovery, including:

16             a.   A chart as related to Topic No. 17 of the Notice of Videotaped Rule 30(b)(6)

17                  Deposition of Defendant FedEx ("Rule 30(b)(6) NOD"), attached hereto as

18                  **Exhibit B**;

19             b.   Plaintiff's complete Washington State Employment Security Division File

20                  in Defendant's possession, including any communications and documents

21                  referencing Plaintiff's application for unemployment;

22             c.   Pre-shift documents as related to Topic No. 36 of the Rule 30(b)(6) NOD;

23             d.   Transfer Policy; and

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S
THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR
ATTORNEY'S FEES - 2
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1          e.   Driver Disqualification Procedures.

2          7.      Snook and I met and conferred regarding the above-referenced documents on

3    April 24, 2019.  See attached hereto as **Exhibit C** a copy of the letter summarizing our meet

4    and confer conference and hereby incorporated by reference.  (The initial letter I sent to Snook

5    on April 22, 2019 outlining the issues I wanted to confer about is attached hereto as **Exhibit**

6    **D**).

7          8.      Snook promised to produce the documents on April 24th or 25th.  This did not

8    happen.  We conferred again on these documents during our May 2nd and 8th meet and confer

9    telephone conference.

10          9.      On May 2, 2019, I met and conferred with Snook regarding having a third-party

11    forensic expert gather the relevant and responsive documents.  Snook stated that he needed to

12    check with FedEx first.  We also conferred regarding the documents that Ms. Tayman brought

13    to her deposition that were directly responsive and relevant to our discovery requests and this

14    litigation that were never produced.  Snook confirmed that there were documents that were not

15    produced because it was "part of the legal file" and will double check and confirm with me.

16    To date, despite additional follow up on these documents (see below), he never confirmed

17    whether there are any additional documents nor produced any additional documents.

18          10.     Mediation was scheduled for May 7, 2019, and the parties attended.  I

19    previously asked Snook to meet and confer on May 7th regarding the outstanding discovery

20    issues should the parties not be able to reach a resolution on May 7th.  He agreed.  However,

21    he had left without notifying me and we did not meet and confer as expected.  I also previously

22    scheduled a meet and confer conference for May 8th at 11:00 a.m. out of an abundance of

23    caution that the May 7th meet and confer would not occur.

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S
THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR
ATTORNEY'S FEES - 3
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

11.     On May 7th, after the mediation concluded, I sent Snook an e-mail outlining the outstanding discovery issues for his convenience (all of which we had previously discussed). Attached hereto as **Exhibit E** is a true and correct copy of said e-mail.

12.     On May 8, 2019, we met and conferred yet again on the above and he was still unable to produce any documents.  On May 8th, Snook stated that his assistant is out until May 9th and will confirm on May 9th.  To date, no documents as referenced in Paragraph 5 of this Declaration has been received.

13.     It is also noteworthy that Snook did not want to engage in the meet and confer conference as scheduled on May 8, 2019.  Upon my insistence, we did.  During the May 8th meet and confer conference, he stated he would have additional information and confirmation on May 9th.  As such, we scheduled a follow up to the meet and confer conference for May 9th at 1:00 p.m. PST.

14.     On May 9, 2019, less than 15 minutes prior to our schedule call, Snook stated that he cannot speak on the phone and will just email me.  Attorney Jordan Wada responded, "What time should we expect the rest of your responses today?"  Snook replied on May 10, 2019: "I'll be providing more information today", followed with "the pre-shifts have been sent FedEX", and that he's working on the answers.  I was copied on these e-mails.  Attached hereto as **Exhibit F** is a true and correct copy of said e-mails.

15.     To date, we have not received any pre-shifts nor any additional responses or documents.

**Anticipated/Upcoming Discovery and Depositions**

16.     On April 17, 2019, I took the depositions of Christy Tayman in her lay witness capacity, as well as in her corporate representative capacity.  During the deposition, it came to

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES - 4
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    our attention that she had many documents that were in her file, possession, custody, and

2    control throughout this entire litigation process that we never received copies of. These

3    documents included, but were not limited to, her handwritten notes and e-mail correspondence,

4    and were directly related to the underlying facts and circumstances of this matter, as well as

5    previously requested in the discovery we propounded.

6        17.    As such, I asked Snook about why these documents were never produced and

7    shared my concerns about what other documents may be withheld and not produced. He said

8    he was surprised as well.

9        18.    During Ms. Tayman's deposition on April 17, 2019, both Snook and Ms.

10   Tayman asserted attorney-client privilege, including but not limited to when I asked about

11   training provided to Ms. Tayman. Snook and Ms. Tayman both also claimed attorney-client

12   privilege for other issues on the basis that Snook was representing Ms. Tayman in her

13   individual capacity. The training Ms. Tayman was testifying regarding was not for legal

14   advice, despite lawyer(s) providing all or part of that training.

15       19.    I asked to take the deposition of Ms. Tayman again, but also wanted

16   confirmation that we have all relevant documents before the taking of her continued deposition.

17   To date, I have yet to receive a confirmation regarding whether we have all documents in our

18   possession, which I doubt.

19       20.    Snook told me that FedEx had designated corporate witnesses for every topic

20   listed in the Rule 30(b)(6) NOD. By the end of the deposition of FedEx's last designated

21   corporate representative on April 17, 2019, it was clear that was untrue. Prior to the April 17th

22   deposition, I had specifically asked Snook multiple times to tell me which witness was

23   designated for the specific topics. He only listed some of the topics for certain witnesses, then

**DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR ATTORNEY'S FEES - 5**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   globally said that either David Appesland and/or Christy Tayman will address the remaining

2   topics.  I asked him to specifically tell me which ones Mr. Appesland and Ms. Tayman will

3   testify regarding so we do not end up in a situation where no one testified to a particular topic.

4   Snook stated that between the two of them, all topics will be addressed (besides the affirmative

5   defenses).  This served to be untrue, and we addressed it during Ms. Tayman's 30(b)(6)

6   deposition.  After additional conferences with Snook, the topics that we were not able to

7   resolve where no witness was designated and/or had knowledge to testify to were Topic No.

8   42(b) regarding Plaintiff's rate of pay, and Topic No. 43(a)-(c) regarding investigations to

9   which Plaintiff was the subject.  Snook and I met and conferred again regarding this on May

10  2nd and 8th.

11       21.   I also conferred with Snook again on May 8, 2019 regarding having a third-

12  party forensic expert gather the data and documents.  Snook refused to have a third-party expert

13  conduct this process and stated that he will have their in-house team handle this process.  I

14  expressed concern because this in-house team had been in place even before the start of this

15  litigation, and we still did not receive all responsive documents.

16       22.   Discovery cutoff is July 12, 2019.  We still have a several more depositions:

17  Tammy Rogers, her 30(b)(6) designee portion, and Craig Flick.

18       23.   I waited until Thursday, May 16, 2019 to file the underlying Motion in hopes

19  that Snook would provide us with the responsive answers, documents, and agreed-upon

20  information.  These delays are prejudicing Plaintiff and Plaintiff will still have to wait at least

21  three Fridays before this Motion can be noted, and the additional time provided to Defendant

22  to provide the promised and obligated responses and documents.  We have provided ample

23  time and extensions for Defendants to respond before bringing this Motion.

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S
THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR
ATTORNEY'S FEES - 6
Case No. 2:18-cv-01164 MJP

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    I declare under penalty of perjury under the laws of the State of Washington that the

2    foregoing is true and correct and is based upon my personal knowledge.

3

4    **DATED** May 16, 2019, in Mountlake Terrace, WA.

5

6                                         _/s/ Ada K. Wong_____
                                         Ada K. Wong, WSBA #45936

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S
THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR
ATTORNEY'S FEES - 7
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## CERTIFICATE OF SERVICE

2        I hereby certify that on May 16, 2019, I caused to be electronically filed the foregoing

3   document with the Clerk of the Court using the CM/ECF system, which will send notification

4   of such filing to the following:

5        Medora A. Marisseau
         Karr Tuttle Campbell
6        701 Fifth Avenue, Ste. 3300
         Seattle, WA 98104
7        Email: MMarisseau@karrtuttle.com

8        Donald H. Snook, TN Bar #21775
         FedEx Freight, Inc.
9        1715 Aaron Brenner Drive, Suite 600
         Memphis, TN 38120
10       E-mail: Donald.snook@fedex.com

11       *Counsel for Defendant FedEx Freight, Inc.*

12

13       I declare under penalty of perjury under the laws of the state of Washington that the

14   foregoing is true and correct.

15       DATED: May 16, 2019, at Mountlake Terrace, Washington.

16
                                    */s/ Ada K. Wong*
17                                  Ada K. Wong

18

19

20

21

22

23

**DECLARATION OF ADA K. WONG IN SUPPORT OF PLAINTIFF'S
THIRD MOTION TO COMPEL DISCOVERY RESPONSES AND FOR
ATTORNEY'S FEES - 8**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529