# EXHIBIT A

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

                    Plaintiff,

v.

FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,

                    Defendants.

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC.**

REQUESTING PARTY:    Plaintiff DAVID GOLDSTINE

RESPONDING PARTY:    Defendant FEDEX FREIGHT, INC.

SET NO.:              THREE

      Plaintiff David Goldstine, in his individual capacity herein, hereby serves these Interrogatories and Requests for Production upon Defendant FedEx Freight, Inc. These Interrogatories are served upon you in accordance with Federal Rules of Civil Procedure 33 and 34. Your attention is directed to Fed. R. Civ. P. 26(e) regarding your continuing duty to supplement your answers herein. Answer in the spaces provided (using additional sheets as

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 1
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   needed), and verify your answers under oath, signing on the last page.  The original of your

2   answers, signed by you, are to be returned to the undersigned attorney within 30 days of service

3   of these Interrogatories upon you.

4   ***THIS IS ALSO A REQUEST FOR PRODUCTION, PURSUANT TO FEDERAL***

5   ***RULE OF CIVIL PROCEDURE 34***.

6       Please produce requested items for inspection and copying at the offices of Ada K.

7   Wong, AKW LAW, P.C., 6100 219th St. SW, Suite 480, Mountlake Terrace, WA 98043, thirty

8   (30) days from the date of service of this set of Interrogatories and Request for Production

9   upon you.

10      Be advised that the Interrogatories and Requests for Production herein apply to all

11  information and items within your knowledge or control, and that of your attorneys, agents,

12  representatives and other persons acting on your behalf.  Answer each interrogatory as fully as

13  possible within the time limit, and furnish additional information when it becomes available.

14      If there are any additions, deletions or changes in the answers or information provided

15  at any time prior to trial, you are specifically directed to immediately so inform Plaintiffs'

16  counsel.  If additional information is discovered between the time of making these answers and

17  the time of trial, these interrogatories are directed to that information.  If such information is

18  not seasonably furnished within a reasonable time prior to trial, the undersigned will move at

19  or before trial to exclude from evidence any such information known to you or in your

20  possession or that of your attorneys, agents, liability insurers, and others acting on your behalf,

21  and will request other appropriate sanctions.

22  ///

23  ///

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 2
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**DEFINITIONS**

2   As used herein:

3       1.      *Communication.* The term "communication" means any oral or written

4   expression or exchange of information by speech, writing, or conduct including, but not limited

5   to, in-person conversations, telephone conversations, correspondence, email messages, text

6   messages, electronic instant messages, social media messages, and all other forms of

7   communication.

8       2.      *Document.* The term "document" shall be used in its broadcast sense as

9   permitted by Federal Rules of Civil Procedure 26 and 34 and means all writings of every kind

10  including, but not limited to, the original or any legible copy of all records, letters,

11  correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes

12  of meetings, conferences and telephone calls, emails, faxes, receipts, written reports or

13  opinions of investigators or experts, status reports, drawings, charts, photographs, negatives,

14  brochures, lists, schedules, manuals, technical notes or standards, expense accounts, financial

15  statements or audit reports, however produced or reproduced, within your possession or subject

16  to your control, of which you have knowledge or to which you now have or previously had

17  access. The term "document" includes drafts and copies that at not identical duplicates of the

18  originals, and copies of documents, the originals of which are not in your possession, custody,

19  or control.

20      3.      *Identity of Individuals*.  Where the name or identity of an individual person is

21  requested, or where the term "identify" is used in reference to an individual person, please state

22  with respect to each such person:

23          a.      Full name;

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 3
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1      b.      Current or last known residence address, and telephone number;

2      c.      Current or last known business address and telephone number;

3      d.      All known email addresses;

4      e.      Current position or occupation;

5      f.      Employer;

6      g.      His or her present whereabouts and his or her present employment

7  position and business affiliation at the time in question; and,

8      h.      Relationship to you.

9      Unless it otherwise appears from the context, a request for the identity of a person

10  relates to all persons in such classification or category.

11      4.      ***Identity of Document***.    The term "identify", when used in reference to a

12  document, means to state with respect to each document:

13      a.      Title of document;

14      b.      The date of preparation of the document;

15      c.      The name and title of each author, sender, creator and initiator of such

16  document;

17      d.      The name and title of recipient, addressee, or party for whom such

18  document was intended (if any);

19      e.      The nature of the document (e.g., letter, memorandum, tape) and other

20  means of identification sufficient to identify the document for purposes of a request for

21  production, and to further state its present location and custodian;

22      f.      Source from whom or from which you obtained the document;

23      g.      Number of pages the document comprises;

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 4**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1            h.      Production number(s); and,

2            i.      If any such document was, but no longer is, in your possession or

3   custody or subject to your control, describe what disposition was made of it, and give the name,

4   address and telephone number of the person presently having possession, custody or control of

5   the document.

6        5.    ***Identity of Entity***.   The term "identify", when used in reference to an entity

7   other than a natural person, means to state with respect to each such entity:

8            a.      Full legal name or title;

9            b.      Form of business (i.e. profit corporation, partnership);

10           c.      Complete business location and mailing address;

11           d.      Telephone and facsimile numbers;

12           e.      State of incorporation or juridical organization;

13           f.      Address of headquarters of principal place of business; and,

14           g.       Relationship to you.

15       6.    ***Knowledge or Information***.  Where your knowledge or information in your

16  possession is requested, that request includes knowledge of your agents, representatives,

17  employees and attorneys.  When the answer is made by a corporate defendant, the name,

18  address and title of the person supplying the information and the source of such person's

19  information must be included as well.

20       7.    ***Sources of Information***.  The phrase "state the source of your information"

21  means to identify the person and the documents from which the information was obtained

22  where your answers are not based upon your own first-hand information.

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 5**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

8.     *Person*. "Person" means, without limitation, any natural person, proprietorship, companies, firms, corporations, partnerships, limited liability companies, independent contractors, groups, associations, joint ventures, associations, trusts, estates, communities, agencies, institutions, labor unions, or any form of business, social or legal entity, including governmental subdivisions.

9.     *You/Defendant*. "You" means Defendant FedEx Freight, Inc., located at 6414 Hardeson Road, Everett, Washington 98203, and its attorneys, agents, employees, officers, representatives, adjusters, investigators and all other persons who are in possession of or who have obtained information on your behalf.

10.     *And/or*.  "And" or "or" means "and/or," with the singular form being deemed to include the plural and vice versa.

11.     *"He"* or any other masculine, feminine or neuter pronoun means any individual, regardless of sex or entity, to whom the interrogatory or request for production would otherwise apply.

12.     *"Relating to"* means to be relevant in any way to the subject matter in questions, including without limitation all information that directly or indirectly contains, describes, records summarizes, evaluates, refers to, is pertinent to, comments upon, or discusses the subject matter or that states the background of, or was the basis for, or that records, evaluates, was referred to, relied upon, used generated, transmitted, or receive din arriving at any conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter.

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 6
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

13.     **_"Any"_** should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.     All documents, including records, files, e-mails, correspondence, and memoranda, stored electronically must be produced in its <u>native format, including all metadata.</u>

15.     The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside the scope. "Include" and "including" and variations thereof shall not be interpreted in terms of limitations but shall be deemed to be followed by the words "without limitation." "Any" shall be construed as synonymous with "every and "all" and shall be all-inclusive.

These discovery requests shall be deemed to be continuing, and, in the event that you discover information that is responsive to these requests, you are to promptly supplement your answers to these requests.

## INSTRUCTIONS

1.      **Relevant Time Period**: Unless otherwise noted, the relevant time period for which documents and information are requested is **February 1, 2015 to present**.

2.      **Scope**: This Request requests production of information and documents that are in your possession, custody, or control, including documents in the possession of your employees, agents, independent contractors, representatives, and attorneys, unless privileged.

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 7
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

3.     **Objections**: If you object to the information requested by any interrogatory or request for production in whole or in part, or contend that any identified document or information would be excluded from production in discovery, state the reasons for such objections or ground for exclusion, and identify each person having knowledge or the factual basis, if any, on which the objection, privilege, or other ground is asserted.

4.     **Privileged Documents**: If any document is withheld under claim of privilege, identify the document and state the basis for the privilege, and provide a detailed privilege log that contains at least the following information for each document that you have withheld: (a) the name of each author, writer, sender, creator, or initiator of such document; (b) the name of each recipient, addressee, or party for whom such document was intended or to whom it was sent; (c) the date of such document, or an estimate thereof if no date appears on the document; (d) the general subject matter of the document; and (e) the claimed grounds for withholding the document, including but not limited to the nature of any claimed privilege and grounds in support thereof.

5.     **Documents No Longer in Possession of Respondent/Destroyed Documents**: If any responsive document is no longer in your possession, custody or control, produce a description of each such document. The description shall include the following:

a.     Name of each author, sender, creator, and initiator of such document;

b.     Name of each recipient, addressee, or party for whom such document was intended;

c.     Date the document was created;

d.     Date(s) the document was in use;

e.     Detailed description of the content of the document;

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 8
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1         f.        Reason it is no longer in your possession, custody, or control; and,

2         g.        Current location of the document.

3        6.        **Duty to Supplement**: The Request imposes a continuing duty on you to

4 produce promptly any responsive document, information, or item that comes into your

5 knowledge, possession, custody, or control after your initial production of responses to the

6 requests. You are also required to amend your responses if you discover a previous response

7 was incorrect or incomplete.

8

9 **DATED** April 2, 2019.

10                                    **AKW LAW, P.C.**

11

12                                   */s/ Ada K. Wong*
                                  Ada K. Wong, WSBA #45936
                                  Attorney for Plaintiff

13                                   6100 219th St. SW, Suite 480
                                  Mountlake Terrace, WA 98043

14                                   Tel.: (206) 259-1259
                                  Fax: (855) 925-9529

15                                   Email: ada@akw-law.com

16

17

18

19

20

21

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX**
**FREIGHT, INC. - 9**
Case No. 2-18-cv-01164 MJP

                                                **AKW LAW, P.C.**
                                          6100 219th St. SW, Suite 480
                                          Mountlake Terrace, WA 98043
                                    Tel. (206) 259-1259 / Fax (855) 925-9529

1

## DISCOVERY REQUESTS

2

**PLEASE MAKE SURE TO READ THE DEFINITIONS SECTION ABOVE, IN PARTICULAR FOR THE TERM "IDENTIFY" AS RELATED TO INDIVIDUALS AND DOCUMENTS.**

3

4

## INTERROGATORIES

5

**INTERROGATORY NO. 1:**

6

Please identify any and all employees, in-house mechanics, contractors, vendors, third

7

parties, entities, businesses, partnerships and/or other person/entity/party that have performed

8

maintenance work and/or repairs on Defendant FEDEX FREIGHT, INC.'s trailer, identified

9

as equipment no. 2501926 (the trailer door of which Plaintiff DAVID GOLDSTINE was

10

unable to close on or around April 6, 2017). This Interrogatory is limited in time from January

11

1, 2017 to present.

12

**ANSWER:**

13

14

15

**INTERROGATORY NO. 2:**

16

Please describe in detail all repairs, maintenance issues, malfunctions,

17

"deadline"/"deadlined" history or other operational problems regarding Defendant FEDEX

18

FREIGHT, INC.'s trailer, identified as equipment no. 2501926 (the trailer door of which

19

Plaintiff DAVID GOLDSTINE was unable to close on or around April 6, 2017), including:

20

    a) The date of the malfunction or operational problem that required the need for repair,

21

       maintenance, or "deadline"/"deadlining";

22

    b) The date that repair or maintenance was performed;

23

    c) Who performed the repair or maintenance; and

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 10
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    d)  A description of the repair or maintenance performed.

2    This Interrogatory is limited in time from January 1, 2017 to present.

3    **ANSWER:**

4

5

6    **INTERROGATORY NO. 3:**

7    Please identify all past and/or current employees from January 1, 2013 to present that

8    were banned from/not allowed on Defendant FEDEX FREIGHT, INC.'s property/premises as

9    a result of a pending investigation involving said employee, including all dates of said ban,

10   reason(s) for the ban, when the ban was lifted, and why the ban was lifted.

11   **ANSWER:**

12

13

14   **INTERROGATORY NO. 4:**

15   Please identify all past and/or current Road Drivers from January 1, 2013 to present

16   that were banned from/not allowed on Defendant FEDEX FREIGHT, INC.'s

17   property/premises as a result of not being able to drive and/or because said employee was being

18   certified and/or re-certified, including all dates of said ban, reason(s) for the ban, when the ban

19   was lifted, and why the ban was lifted.

20   **ANSWER:**

21

22

23   *///*

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 11
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    **INTERROGATORY NO. 5:**

2         Please describe in detail any and all safety meetings during which trailer doors were

3    discussed that Defendant FEDEX FREIGHT, INC. held at its Washington state Service

4    Centers from January 1, 2017 to December 31, 2017, including at the Seattle and Everett

5    locations:

6         a)  The date of the safety meeting;

7         b)  The Service Center location of the safety meeting;

8         c)  Who was present at the meeting;

9         d)  Who provided instructions and/or training at the meeting; and

10        e)  The substance of the discussion regarding trailer doors.

11   **ANSWER:**

12

13

14

15              **REQUESTS FOR PRODUCTION OF DOCUMENTS**

16   **REQUEST FOR PRODUCTION NO. 1:**

17        Please produce all documents, including but not limited to records, maintenance

18   records, repair records, correspondence, invoices, notes, memoranda, meeting notes, meeting

19   minutes, text messages, voice messages, e-mails, letters, investigations, complaints, reports,

20   statements, declarations, and affidavits, in the document(s)' native format, including all drafts

21   and attachments, that refer or relate to Defendant FEDEX FREIGHT, INC.'s trailer, identified

22   as equipment no. 2501926 (the trailer door of which Plaintiff DAVID GOLDSTINE was

23   unable to close on or around April 6, 2017).  This request is limited in time from January 1,

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 12
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    2017 to present.

2    **RESPONSE:**

3

4

5    **REQUEST FOR PRODUCTION NO. 2:**

6          Please produce all Driver Vehicle Inspection Reports from 2017 for Defendant FEDEX

7    FREIGHT, INC.'s trailer, identified as equipment no. 2501926 (the trailer door of which

8    Plaintiff DAVID GOLDSTINE was unable to close on or around April 6, 2017).   This

9    Interrogatory is limited in time from January 1, 2017 to present.

10   **RESPONSE:**

11

12

13   **REQUEST FOR PRODUCTION NO. 3:**

14          Please produce any and all communications authored or received by management,

15   human resources, or any other employee at Defendant FEDEX FREIGHT, INC., including but

16   not limited to David Appesland, Christy Tayman, Ted Carlson, and Tammy Rogers that were

17   sent or received to or from U.S. Healthworks Medical Group of Washington, P.S., its

18   successors, assigns, acquiring entities, and/or Concentra Health Services, Inc. regarding

19   Plaintiff DAVID GOLDSTINE.  This Interrogatory is limited in time from January 1, 2017 to

20   present.

21   **RESPONSE:**

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 13**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   **REQUEST FOR PRODUCTION NO. 4:**

2        Please produce all documents, including but not limited to records, correspondence,

3   notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails,

4   letters, investigations, complaints, negotiations, reports, recorded interviews, notes of

5   interviews, statements, declarations, and affidavits, in the document(s)' native format,

6   including all drafts and attachments, that refer or relate to any safety meetings regarding trailer

7   doors that Defendant FEDEX FREIGHT, INC. held at its Washington state Service Centers

8   from January 1, 2017 to December 31, 2017.

9   **RESPONSE:**

10

11

12   **REQUEST FOR PRODUCTION NO. 5:**

13        Please produce all documents, including but not limited to records, correspondence,

14   notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails,

15   letters, investigations, complaints, negotiations, reports, recorded interviews, notes of

16   interviews, statements, declarations, and affidavits, in the document(s)' native format,

17   including all drafts and attachments, that refer or relate to any of Defendant FEDEX

18   FREIGHT, INC.'s Reasonable Accommodation Review Procedures that it engaged or

19   participated in regarding Plaintiff DAVID GOLDSTINE from January 1, 2017 to December

20   31, 2017.

21   **RESPONSE:**

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 14**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2 **REQUEST FOR PRODUCTION NO. 6:**

3      Please produce all documents, including but not limited to records, correspondence,

4 notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails,

5 letters, investigations, complaints, negotiations, reports, recorded interviews, notes of

6 interviews, statements, declarations, and affidavits, in the document(s)' native format,

7 including all drafts and attachments, that any Defendant FEDEX FREIGHT, INC. Reasonable

8 Accommodation Review (RAR) Committee member or employee drafted or created regarding,

9 referring to, and/or related to Plaintiff DAVID GOLDSTINE from January 1, 2017 to

10 December 31, 2017.

11 **RESPONSE:**

12

13

14 **REQUEST FOR PRODUCTION NO. 7:**

15      Please produce all documents, including but not limited to records, correspondence,

16 notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails,

17 letters, investigations, complaints, negotiations, reports, recorded interviews, notes of

18 interviews, statements, declarations, and affidavits, in the document(s)' native format,

19 including all drafts and attachments, regarding, related to, and/or referring to Interrogatory No.

20 3, above.

21 **RESPONSE:**

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 15**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**REQUEST FOR PRODUCTION NO. 8:**

Please produce all documents, including but not limited to trainings, materials, handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memoranda, letters, and e-mails, including all attachments, regarding, related to, and/or referring to banning employees from/not allowing employees on Defendant FEDEX FREIGHT, INC.'s property/premises as a result of a pending investigation involving said employee.  This Interrogatory is limited in time from January 1, 2017 to present.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents, including but not limited to records, correspondence, notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails, letters, investigations, complaints, negotiations, reports, recorded interviews, notes of interviews, statements, declarations, and affidavits, in the document(s)' native format, including all drafts and attachments, regarding, related to, and/or referring to Interrogatory No. 4, above.

**RESPONSE:**



**REQUEST FOR PRODUCTION NO. 10:**

Please produce all documents, including but not limited to trainings, materials, handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memoranda, letters, and

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 16
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   e-mails, including all attachments, regarding, related to, and/or referring to banning Road

2   Drivers from/not allowing Road Drivers on Defendant FEDEX FREIGHT, INC.'s

3   property/premises as result of not being able to drive and/or because said employee was being

4   certified and/or re-certified.  This Interrogatory is limited in time from January 1, 2017 to

5   present.

6   **RESPONSE:**

7

8

9   **REQUEST FOR PRODUCTION NO. 11:**

10      Please produce all documents, including but not limited to records, correspondence,

11  notes, memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails,

12  letters, investigations, complaints, negotiations, reports, recorded interviews, notes of

13  interviews, statements, declarations, and affidavits, in the document(s)' native format,

14  including all drafts and attachments, regarding, related to, and/or referring to the job

15  descriptions and requirements for City Drivers effective from January 1, 2015 to present.

16  **RESPONSE:**

17

18

19  **REQUEST FOR PRODUCTION NO. 12:**

20      Please produce all documents, including but not limited to correspondence, notes,

21  memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails, letters,

22  investigations, complaints, negotiations, reports, records, recorded interviews, notes of

23  interviews, statements, declarations, and affidavits, in the document(s)' native format,

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 17
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   including all drafts and attachments between Katyna Naylor, and any past and/or current

2   FEDEX FREIGHT, INC. employees, including but not limited to David Appesland, Tammy

3   Rogers, and Christy Tayman, regarding and/or related to Plaintiff DAVID GOLDSTINE.  This

4   Interrogatory is limited in time from January 1, 2017 to present.

5   **RESPONSE:**

6

7

8   **REQUEST FOR PRODUCTION NO. 13:**

9        Please produce all documents, including but not limited to correspondence, notes,

10   memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails, letters,

11   investigations, complaints, negotiations, reports, records, recorded interviews, notes of

12   interviews, statements, declarations, and affidavits, in the document(s)' native format,

13   including all drafts and attachments regarding Plaintiff DAVID GOLDSTINE being placed on

14   "stand down mode" by Defendant FEDEX FREIGHT, INC.  This Interrogatory is limited in

15   time from January 1, 2017 to present.

16   **RESPONSE:**

17

18

19   **REQUEST FOR PRODUCTION NO. 14:**

20        Please produce all documents, including but not limited to trainings, materials,

21   handbooks, policies, procedures, manuals, guidelines, bulletins, notes, memoranda, letters, and

22   e-mails, including all attachments, regarding, related to, and/or referring to placing Road

23   Drivers of Defendant FEDEX FREIGHT, INC.'s on "stand down mode."  This Interrogatory

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 18
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   is limited in time from the effective dates from January 1, 2015 to present.

2   **RESPONSE:**

3

4

5   **REQUEST FOR PRODUCTION NO. 15:**

6          Please produce all dispatch reports, fleet maintenance system documents/reports, and

7   pre-trip and post-trip inspection reports as related to Defendant FEDEX FREIGHT, INC.'s

8   trailer, identified as equipment no. 2501926 (the trailer door of which Plaintiff DAVID

9   GOLDSTINE was unable to close on or around April 6, 2017).  This request is limited in time

10  from January 1, 2017 to present.

11  **RESPONSE:**

12

13

14

15  **DATED** April 2, 2019.

16                                          **AKW LAW, P.C.**

17

                                            */s/ Ada K. Wong*
18                                          Ada K. Wong, WSBA #45936
                                            Attorney for Plaintiff
19                                          6100 219th St. SW, Suite 480
                                            Mountlake Terrace, WA 98043
20                                          Tel.: (206) 259-1259
                                            Fax: (855) 925-9529
21                                          Email: ada@akw-law.com

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND**
**REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX**
**FREIGHT, INC. - 19**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## **ATTORNEY CERTIFICATION**

2          The undersigned counsel for defendant hereby certifies Defendant's responses pursuant

3   to Fed. R. Civ. P. 26(g).

4

5          Dated this _____ day of _____, 2019.

6                                        _____
                                         Donald H. Snook, KS Bar #21775
                                         Medora Marisseau, WSBA #28169
7                                        Attorneys for Defendant FedEx Freight, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 20**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## <u>DECLARATION OF RESPONDING PARTY</u>

I declare under the penalty of perjury under the laws of the State of Washington that I am the Defendant in this action OR I am the _____ of _____ and am authorized to make the foregoing answers.  I declare that I have read the foregoing answers, know the contents thereof, and believe them to be true and correct.

Dated  this  _____  day  of  _____,  2019,  at  _____, Washington.


_____
Name


_____
Its

Address:  _____

_____

_____

**PLAINTIFF'S THIRD SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 21**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## CERTIFICATE OF SERVICE

2      The undersigned certifies under the penalty of perjury under the laws of the State of

3 Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4 resident of the State of Washington, over the age of eighteen years, not a party to or interested

5 in the above-entitled action, and competent to be a witness herein.

6      On April 2, 2019, I caused a copy of the foregoing **PLAINTIFF'S THIRD SET OF**

7 **INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT**

8 **FEDEX FREIGHT, INC.** to be served on the parties listed below in the manner specified

9 below:

10

| Medora A. Marisseau<br>KARR TUTTLE CAMPBELL<br>701 Fifth Avenue, Ste. 3300<br>Seattle, WA 98104<br>E-mail: mmarisseau@karrtuttle.com<br>E-mail: kmejia@karrtuttle.com<br><br>Donald H. Snook<br>FEDEX FREIGHT, INC.<br>1715 Aaron Brenner Drive, Suite 600<br>Memphis, TN 38120<br>E-mail: donald.snook@fedex.com<br>E-mail: deborah.hill@fedex.com<br><br>*Attorneys for Defendant FedEx Freight, Inc.* | ☐ | VIA FACSIMILE |
| | ☐ | VIA FIRST CLASS U.S. MAIL |
| | ☐ | VIA MESSENGER/HAND DELIVERY |
| | ☒ | **VIA E-MAIL**/E-FILE<br>*Per 11/30/18 Stipulation Regarding Electronic Service* |

18 DATED this 2nd day of April, 2019.

19

20                              /s/ Kaila A. Eckert_____
                               Kaila A. Eckert, Paralegal

21

22

23

PLAINTIFF'S THIRD SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 22
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529