THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>                Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,<br><br>                Defendants. | Case No. 2:18-cv-01164 MJP<br><br>**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**NOTE ON MOTION CALENDAR:**<br>Friday, August 30, 2019<br><br>Without Oral Argument |

## I. OVERVIEW

Defendant FedEx Freight, Inc. (hereinafter "FedEx") has asserted 13 affirmative defenses on which it bears the burden of proof. Discovery cutoff has now passed (July 12, 2019), and Defendant has provided no evidence to support any of its 13 affirmative defenses. Plaintiff David Goldstine has sought to discover from FedEx the basis, if any, for its various defenses through:

- Requests for production served in conjunction with these interrogatories; and
- A Rule 30(b)(6) deposition noticed on the topics of the affirmative defenses asserted by FedEx.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Despite these discovery requests, FedEx has provided minimal or no information or
2 documents supporting any defense. Defendant also refused to designate a 30(b)(6) witness to
3 testify on the asserted defenses, even after Plaintiff's repeated insistence.  Summary judgment
4 in Goldstine's favor on Defendant's unsupported defenses is appropriate to narrow the issues
5 in this case before trial.  "One of the principal purposes of the summary judgment rule is to
6 isolate and dispose of factually unsupported claims or defenses" upon a proper showing that
7 there is no genuine, triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-
8 24; 327 (1986).  Thus, Plaintiff Goldstine asks that the Court grant summary judgment in his
9 favor on the affirmative defenses identified in this Motion.

10                                    **II.     RELIEF REQUESTED**

11    Plaintiff David Goldstine respectfully requests that the Court grant his motion for
12 partial summary judgment and dismiss Defendant FedEx's 13 affirmative defenses, which are
13 unsupported by the evidence in this case or otherwise do not constitute valid affirmative
14 defenses to Plaintiff's claims.

15                                    **III.    FACTUAL BACKGROUND**

16 **A.    Failure to Support Affirmative Defenses Through Written Discovery**

17    On July 16, 2018, this case was filed in Snohomish County Superior Court. Defendant
18 subsequently removed it to the Western District of Washington. On March 20, 2019, Plaintiff
19 served a request for production of documents seeking the basis for FedEx's affirmative
20 defenses, specifically nos. 3 (exhaust administrative remedies), 4 (administrative charge), 6
21 (insufficient or untimely filing with WA HRC), 7 (anti-discrimination policies), 8 (malice), 11
22 (mitigate damages), and 12 (interactive process). In each, Plaintiff specified the contention
23 asserted by Defendant and asked Defendant to "[p]lease produce any and all documents that

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

in any way refer to, relate to, support, or contradict the allegation" to the specific affirmative defense. *See* Declaration of Ada K. Wong (hereinafter "Wong Decl."), ¶ 2, Ex. A.

On April 26, 2019, Defendant served "responses" to these requests for production of documents, including requests nos. 1-3 as follows:

**REQUEST FOR PRODUCTION NO. 1:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegations in paragraph 3 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Some or all of Plaintiff's claims are barred because Plaintiff failed to exhaust administrative remedies."

**RESPONSE:**

See EEOC Charge and Amended Complaint.

**REQUEST FOR PRODUCTION NO. 2:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 4 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Some or all of Plaintiff's claims are barred because they are outside the scope of Plaintiff's administrative charge."

**RESPONSE:**

**See EEOC Charge**

**REQUEST FOR PRODUCTION NO. 3:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 4 of the section titled "Affirmative And Other

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Some or all of Plaintiff's claims are barred because they are outside the scope of Plaintiff's administrative charge."

**RESPONSE:**

See EEOC Charge

*See* Wong Decl., ¶ 3, Ex. B.

In its responses to requests nos. 1-3, Defendant refers to an "EEOC charge," but Goldstine filed his charge of discrimination with the Washington State Human Rights Commission ("HRC") and HRC performed an investigation, not the EEOC. Defendant's responses go on to respond to Goldstine's requests for production nos. 4-7 as follows:

**REQUEST FOR PRODUCTION NO. 4:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 7 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Defendant has adopted anti-discrimination and anti-retaliation policies; has made good faith efforts to educate its employees about these policies and statutory prohibitions; has made good faith efforts to enforce these policies; and has made good faith efforts to investigate and remedy any complaints Plaintiff has raised."

**RESPONSE:**

**Produced under Bates Number FXF 2019-01-04   000053-61**

The documents referenced (Bates Number FXF 2019-01-04 000053-61) are FedEx's policies regarding: EEO/Affirmative Action/Disabled/Veterans; EEO/Non-Discrimination; Accommodation and Nondiscrimination: Individual with Disabilities.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

**REQUEST FOR PRODUCTION NO. 5:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 8 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Defendant did not act with malice or reckless indifference to Plaintiff's protected rights."

**RESPONSE:**

There is no evidence Defendant acted with Malice and it is the plaintiff's burden to prove otherwise.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 11 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Plaintiff has failed to mitigate his damages."

**RESPONSE:**

**Plaintiff refused to provide evidence of his damages as he claimed he did not know how much he is paid at his current employer.**

**REQUEST FOR PRODUCTION NO. 7:**

Please produce any and all documents that in any way refer to, relate to, support, or contradict the allegation in paragraph 12 of the section titled "Affirmative And Other Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that "Plaintiff has failed to participate in the interactive process."

**RESPONSE:**

See FXF 2019-01-19  000203-204, and page 0000208

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

*See* Wong Decl., ¶ 3, Ex. B.[1]

On May 24, 2019, Defendant served its "responses" to Plaintiff's second set of requests for admission including:

> **REQUEST FOR ADMISSIONS NO. 1:** Admit or deny Defendant FedEx Freight, Inc. did not engage in the interactive process for determining reasonable accommodation(s) for Plaintiff Goldstine at any time during his employment with Defendant FedEx Freight, Inc.
>
> **ANSWER:** **Deny in part and admit in part**. Defendant denies as Mr. Goldstein never requested a reasonable accommodation therefore there was no interactive process to engage in related to a reasonable accommodation. However, defendant avers it did engage in an interactive process with Plaintiff wherein the process of requesting a reasonable accommodation was explained to him. Defendant also engaged in a limited interactive process regarding returning Goldstein to work during the disqualification and during the process in which he was requalified to drive following his successful completion of the DOT Physical.

*See* Wong Decl., ¶ 4, Ex. C.

**B.   Defendant Refused to Produce a 30(b)(6) Witness to Testify in Support of Affirmative Defenses**

Plaintiff attempted to discover whether Defendant had any factual basis for asserting its affirmative defenses. On January 23, 2019, Plaintiff served his initial Rule 30(b)(6) Notice of Deposition[2] seeking testimony on "[a]ll facts related to Defendant's affirmative defenses", and specifically listed all 13 affirmative defenses. *See* Wong Decl., ¶ 5, Ex. D. After numerous

---

[1] The 3 pages bates stamped "FXF 2019-01-19 000203-204 and 0000208" could not be located, so Plaintiff assumes Defendant is referring to "FXF 2019-01-18." These documents consists of an excerpt of a memorandum from the WA HRC written by the Interviewer/Investigator of his conversation with Plaintiff Goldstine and counsel, as well an excerpt of the letter FedEx provided to WA HRC as Respondent's Position Statement, both of which are inadmissible and not evidence.

[2] Amended Notices of Deposition followed mainly due to scheduling issues, but the topic for testimony regarding all 13 affirmative defenses remained the same.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

scheduling conflicts and serial postponements, Defendant presented six 30(b)(6) designees, none of which were designated for the 13 affirmative defenses besides a slight reference to affirmative defense no. 12 (interactive process), to which defense counsel objected to for the specific topic. *See* Wong Decl., ¶ 6. Defense counsel also specifically stated that "Paragraph 45 contains subjects that are legal conclusions and would invade the attorney client privilege as they are legal defenses presented by FedEx Legal counsel. For those that involve "facts" as opposed to legal arguments, Mr. App[e]sland will answer them." *See id.* at ¶ 7, Ex. E. However, Mr. Appesland was unable to state any facts that supported the affirmative defenses raised during his deposition as the corporate representative. *See id.* at ¶ 8, Ex. F. Defendant has refused to – and has been unable to identify – any facts supporting the various affirmative defenses it asserts.

## IV. ISSUE PRESENTED

Whether the Court should strike the following affirmative defenses when Defendant has not provided any factual evidence or legal basis to support each defense: (1) failure to state a claim; (2) statute of limitations and/or contractual limitations period; (3) failure to exhaust administrative remedies; (4) outside of the scope of administrative charge; (5) lack of jurisdiction; (6) insufficient and/or untimely filing and/or processing of charge of discrimination with the Washington State Human Rights Commission; (7) Defendant's adoption of anti-discrimination and anti-retaliation policies and good faith efforts; (8) Defendant did not act with malice or reckless indifference to Plaintiff's protected rights; (9) Plaintiff is not entitled to punitive damages; (10) violation of Defendant's right to procedural due process, right to protection from "excessive fines" and substantive due process; (11) failure

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Case 2:18-cv-01164-MJP   Document 56   Filed 08/08/19   Page 8 of 20

to mitigate damages; (12) failure to participate in the interactive process; and (l3) reservation of rights.[3]

## V. EVIDENCE RELIED UPON

In support of this Motion, Plaintiff David Goldstine relies upon the following:

1. The Declaration of Ada K. Wong and the attachments thereto;

2. The Declaration of David Goldstine and the attachments thereto; and

3. The files and pleadings herein.

## VI. AUTHORITY AND ARGUMENT

**A. Summary Judgment Standard**

Summary judgment is appropriate when the moving party shows that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court may grant a plaintiff summary judgment as to affirmative defenses raised by a defendant. *See, e.g.*, *Albino v. Baca*, 747 F.3d 1162, 1176 (9th Cir. 2009) (granting summary judgment to plaintiff *sua sponte* on the defendant's affirmative defense of failure to exhaust administrative remedies).

To meet "its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) (citing *High Tech Gays v. Defense Indus. Sec. Clearance Office*, 895 F.2d 563, 574 (9th Cir. 1990)). Once the "moving party carries its burden of production, the

---

[3] This is a summary of Defendant's Affirmative Defense Nos. 1-13.

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 8**
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

nonmoving party must produce evidence to support its claim or defense." *Id.* at 1103 (citing *High Tech Gays*, 895 F.2d at 574). If the "nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Id.* (citing *Celotex Corp.*, 477 U.S. at 322).

The court must view the evidence in the light most favorable to the non-moving party. *Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339-40 (9th Cir. 1989). A dispute concerning a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* Only evidence which would be admissible at trial may be considered. *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002). The mere existence of a scintilla of evidence in support of the non-moving party's position will be insufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**B.     Rule 30(b)(6) Testimony**

Deposition testimony provided under Rule 30(b)(6) is binding on the corporation. "The designated witness is speaking for the corporation. . . ." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996) (quotation omitted). "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgably and binding answers for the corporation." *Id.*; *see also Flower v. T.R.A. Indus., Inc.*, 127 Wn. App. 13, 39 (2005).

Defendant FedEx cannot possibly present testimony supporting the 13 affirmative defenses for which it refused to designate a 30(b)(6) witness. To the extent the limited testimony provided by any witness regarding the defense that Plaintiff failed to engage in the

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 9
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

interactive process, this too is without merit. Defendant states in its response to the accompanying request for admission iterated above, "there was no interactive process to engage in related to a reasonable accommodation," undermining its own affirmative defense that "Plaintiff has failed to participate in the interactive process." *See* Wong Decl., ¶ 4, Ex. C.

If FedEx had any factual basis for its affirmative defenses, it was obligated to disclose such basis during the course of discovery in response to Plaintiff's requests for production of documents and at the Rule 30(b)(6) deposition. Defendant's responses and actions demonstrate what "factual support" FedEx has for its 13 affirmative defenses, which do not support its burden of proof. Defendant's 13 affirmative defenses are merely speculative and it has developed no actual supporting evidence. As such, based on the absence of evidence, the Court should dismiss all of Defendant's affirmative defenses on summary judgment.

**C.     This Court Should Dismiss Defendant's 13 Affirmative Defenses**

Summary judgment is appropriate because Defendant has failed to produce evidence sufficient to create a genuine issue of material fact regarding each affirmative defense.

**1.     Affirmative Defense No. 1: Failure to State a Claim**

Defendant FedEx pleads as an affirmative defense that Plaintiff failed to state a claim upon which relief may be granted. Failure to state a claim is not an affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). While the Court can of course consider this defense, for the purpose of clarity, this defense should be stricken and not treated as an affirmative defense. Fed. R. Civ. P. 8(a)(2) requires that each claim in a pleading be supported by "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." To satisfy Rule 8(a)(2), a complaint must contain sufficient factual content "to state a claim to relief that is plausible on its face. . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 10
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to satisfy Rule 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face") (citation and internal quotation marks omitted).

> A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." This standard does not rise to the level of a probability requirement, but it demands "more than a sheer possibility that a defendant has acted unlawfully." In keeping with *Twombly*, the Supreme Court held in *Iqbal* that "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."

*Landers v. Quality Commc'ns, Inc.,* 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Twombly*, 550 U.S at 678) (citations omitted).

Here, Goldstine has alleged the essential elements of each cause of action asserted in the Amended Complaint, which alleges separate causes of action for disability discrimination, failure to accommodate, and retaliation under both the Washington Law Against Discrimination, RCW 49.60 *et seq.* ("WLAD"), and the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). *See* Dkt. No. 17. Furthermore, as Defendant has failed to identify which of Goldstine's claims have not been properly stated and how, it is this affirmative defense – not Goldstine's causes of action – that falls far short of the applicable pleading standard. As such, Defendant's "affirmative defense" of failure to state a claim should be stricken.

    **2.**    **Affirmative Defense No. 2: Statute of Limitations and/or Contractual Limitations**

This defense should be stricken because Defendant has offered no facts indicating that it could prevail on this defense as a matter of law. The statute of limitations governing WLAD and ADA claims brought in Washington is three years. *See Antonius v. King Cnty.,* 153 Wn.2d

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 11
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

256, 261-62 (2004) ("Discrimination claims [under the WLAD] must be brought within three years under the general three-year statute of limitations for personal injury actions. . ."); *Pickern v. Holiday Qualify Foods Inc.*, 293 F.3d 1133 (9th Cir. 2002) ("Because the ADA does not contain a statute of limitations, the court must apply the statute of limitations of the most analogous state law.").

Here, Goldstine brought each of his causes of action within the applicable three-year statute of limitations. The incident giving rise to the underlying claims occurred on April 6, 2017; Goldstine filed the initial complaint on July 16, 2018, well within this period. Moreover, Defendant has not produced or even identified any contract that limits Goldstine's right to pursue his claims.[4] As such, this affirmative defense should be stricken.

**3.   Affirmative Defense No. 3: Failure to Exhaust Administrative Remedies**

Defendant's affirmative defense no. 3 fails because Goldstine fully exhausted his ADA causes of action through the U.S. Equal Employment Opportunity Commission ("EEOC"), and this was the only administrative remedy that Goldstine was required to exhaust. Goldstine received a Right to Sue Letter from the EEOC dated June 21, 2018, fully exhausting his ADA claims. *See* Declaration of David Goldstine (hereinafter "Goldstine Decl."), ¶ 2, Ex. A.

No administrative remedy exists for Goldstine to exhaust prior to seeking a judgment from this Court on his WLAD claims, nor is there any evidence of any applicable administrative remedy to any of his WLAD claims. As such, Defendant's affirmative defense of failure to exhaust administrative remedies should be stricken.

---

[4] In addition, Plaintiff received a Right to Sue letter from the U.S. Equal Employment Opportunity Commission on June 21, 2018 and filed the initial Complaint in this matter on July 16, 2018 (*See* Dkt. No. 1), well within the 90-day time limit to file a lawsuit.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 12
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1. **4. Affirmative Defense No. 4: Outside the Scope of Administrative Charge**

There is no evidence that supports Defendant's contention that Plaintiff's claims are outside the scope of the administrative charge. Defendant merely bases its contention on the EEOC Charge. *See* Wong Decl., ¶ 3, Ex. B. As such, this should be stricken.

**5. Affirmative Defense No. 5: Lack of Jurisdiction**

Defendant's affirmative defense no. 5 states: "The Court lacks jurisdiction over any of Plaintiff's claims outside the scope of his administrative charge." Assuming Defendant is referring to the EEOC or Washington State Human Rights Commission ("HRC") Charge, there is no basis for any contention that Plaintiff Goldstine is seeking an administrative remedy through this lawsuit that the EEOC or HRC may provide. Goldstine is seeking relief that is undoubtedly in line with what this Court has jurisdiction over as alleged in his causes of action. Thus, this defense is inapplicable to Goldstine's claims and should be stricken.

**6. Affirmative Defense No. 6: Insufficient and/or Untimely Filing and/or Processing of Charge of Discrimination with the Washington State Human Rights Commission**

Defendant's affirmative defense no. 6 states: "Some or all of Plaintiff's claims are barred because of the insufficient and/or untimely filing and/or processing of his charge of discrimination with the Washington State [HRC]." However, Plaintiff is not required to file a charge with the HRC prior to bringing the underlying action. *See Washington St. Comm. Access Project v. Regal Cinemas, Inc.*, 173 Wn. App. 174, 201 (2013). As such, this defense should be stricken.

**7. Affirmative Defense No. 7: Defendant's Adoption of Anti-discrimination and Anti-retaliation Policies and Good Faith Efforts**

Defendant's affirmative defense no. 7 states:

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 13
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

Defendant has adopted anti-discrimination and anti-retaliation policies; has made good faith efforts to educate its employees about these policies and statutory prohibitions; has made good faith efforts to enforce these policies; and has made good faith efforts to investigate and remedy any complaints Plaintiff has raised.

Defendant cites no authority for this affirmative defense. It is inapplicable and/or otherwise invalid as a defense to liability for any of Goldstine's claims. Defendant's unidentified and supposed "policies" and "good faith efforts" have no bearing on the facts that it subjected Goldstine to discrimination, failure to accommodate, failure to engage in the interactive process, and retaliation. As such, this defense should be stricken.

**8.     Affirmative Defense No. 8: Defendant Did Not Act with Malice or Reckless Indifference to Plaintiff's Protected Rights**

Defendant's affirmative defense no. 8 states: "Defendant did not act with malice or reckless indifference to Plaintiff's protected rights." This "affirmative defense" fails for two reasons. First, Defendant cites no authority for this affirmative defense. Second, Defendant's April 26, 2019 response to Goldstine's discovery request inquiring about this defense is: "There is no evidence Defendant acted with Malice and it is the plaintiff's burden to prove otherwise." "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *See Zivkovic*, 302 F.3d at 1088. FedEx has therefore conceded that affirmative defense no. 8 is not an affirmative defense, and thus, it should be stricken.

**9.     Affirmative Defense No. 9: Punitive Damages**

Defendant asserts that Plaintiff is not entitled to punitive damages. A defendant "may establish an affirmative defense to punitive damages liability when it has a *bona fide* policy against discrimination." *Passantino v. Johnson & Johnson Consumer Products*, 212 F.3d 493, 516 (9th Cir. 2000). The employer must show that it has an anti-discrimination policy in place,

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 14
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

and must *also* demonstrate that it has implemented the policy in good faith. *Id.* at 517 (holding the purpose of Title VII would be "undermined if those policies were not implemented and were allowed instead to serve only as a device to allow employers to escape punitive damages for the discriminatory activities of managerial employees."). Defendant has the burden of proving both that it had an adequate policy in place and that the policy was implemented in good faith. *See Winarto v. Toshiba America Electronics Components, Inc.*, 274 F.3d 1276, 1291 (9th Cir. 2001) (citing *Passantino*, 212 F.2d at 516-17).

Here, Defendant has no procedure in place for reviewing any anti-discriminatory or anti-retaliatory policy to ensure compliance with any anti-discrimination policy or reasonable accommodation policy. Defendant has not met its burden of proving that any such procedure was implemented in good faith. As such, this defense should be stricken.

**10.   Affirmative Defense No. 10: Procedural Due Process, Right to Protection From "Excessive Fines" and Substantive Due Process**

Defendant's affirmative defense no. 10 states:

> Without admitting any of the allegations contained in the Complaint, FedEx avers that to the extent the Complaint seeks punitive damages, it violates FedEx's right to procedural due process under the Fourteenth Amendment of the United States Constitution and/or under the Constitution of the State of Washington; it violates FedEx's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and/or pertinent provisions of the Constitution of the State of Washington; and it violates FedEx's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and/or the Constitution of the State of Washington; and therefore, fails to state a cause of action supporting punitive damages.

Defendant cites no authority for this affirmative defense other than blanket references to the United States Constitution and/or the Constitution of the State of Washington. Punitive damages are available under the ADA when a private employer discriminates with malice or reckless indifference to the federally protected rights of an aggrieved employee. *See Kolstad*

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 15
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

*v. American Dental Ass'n*, 527 U.S. 526, 529-30 (1999). While punitive damages are not recoverable under the WLAD (*see* WAC 162-08-298(5)(a)), Goldstine has alleged causes of action under both the WLAD and ADA and may recover punitive damages under the ADA in this action by demonstrating malice or reckless indifference. This defense should be stricken.

**11. Affirmative Defense No. 11: Failure to Mitigate Damages**

Defendant claims that Goldstine failed to mitigate his damages as an affirmative defense but has no evidence of any failure to mitigate damages. The defendant bears the burden of proof when asserting an unreasonable failure to mitigate. *See Cox v. Keg Restr. U.S., Inc.*, 86 Wn. App. 239, 244-46 (1997); *see also Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 840 (2004) (finding "Employee's job strategy to search for a similar position was reasonable."). A defendant may not ask the jury to speculate. *See McLaughlin v. Cooke*, 112 Wn.2d 829, 837 (1989) (holding a trial verdict cannot be supported where "the jury must resort to speculation or conjecture.").

Here, Defendant has not produced any evidence to support the baseless claim that Goldstine has failed to mitigate his damages. Defendant's response to Plaintiff's request for production of documents is simply that "Plaintiff refused to provide evidence of his damages as he claimed he did not know how much he is paid at his current employer." Defendant has the burden of proof and has no evidence to meet its burden of demonstrating failure to mitigate damages, and it has refused to produce a witness to testify that Goldstine has failed to mitigate his damages. Not only so, but the evidence shows that Goldstine indeed attempted to mitigate his damages by attempting to go back to working at FedEx, but FedEx continuously refused to allow him to work – or even enter its premises. *See* Goldstine Decl., ¶¶ 3-4. After more than three months passed since he was told he could not work – or even set foot – at FedEx, he

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 16
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

started working at another company. *See id.* at ¶ 5. Plaintiff also applied for unemployment benefits with the Washington State Employment Security Division. *See id.* at ¶ 6. Plaintiff also never refused to provide evidence of his damages – and indeed provided evidence in response to Defendant's Request for Production. Thus, this affirmative defense should be stricken.

### 12. Affirmative Defense No. 12: Failure to Participate in the Interactive Process

Defendant's affirmative defense no. 12 states: "Plaintiff has failed to participate in the interactive process." The interactive process requires (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective. *Zivkovic*, 302 F.3d at 1089. An employer's duty to engage in the interactive process ends, for example, when the employee requesting the accommodation fails to provide medical documentation supporting his request or fails to cooperate in the job-search process. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1115-16 (2003).

Defendant's response to Plaintiff's request for production of documents on this topic consisted of: (1) two pages from an HRC memorandum memorializing a January 22, 2018 interview between HRC Investigator Art Gutierrez, Goldstine, and his counsel in which Goldstine states "I was never notified that I was able to return" to FedEx; and (2) one page from Defendant's Statement to HRC as Respondent's Statement.[5] These are both inadmissible evidence, they both fail to support Defendant's affirmative defense, and taken together, they are not enough to meet its burden that Plaintiff failed to participate in the interactive process.

---

[5] See footnote no. 1, *supra*.

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 17
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

On May 24, 2019, Defendant stated the following in a discovery response when asked to admit or deny that it did not engage in the interactive process with Goldstine:

> Mr. Goldst[ine] never requested a reasonable accommodation therefore there was no interactive process to engage in related to a reasonable accommodation. However, defendant avers it did engage in an interactive process with plaintiff wherein the process of requesting a reasonable accommodation was explained to him. Defendant also engaged in a limited interactive process regarding returning Goldst[ine] to work during the disqualification and during the process in which he was requalified to drive following successful completion of the DOT physical.

*See* Wong Decl., ¶ 4, Ex. C. Defendant's position that there was no interactive process in which to engage is inconsistent with an affirmative defense that Goldstine failed to engage in the interactive process. Furthermore, the mere allegation of *explaining* the interactive process and engaging in this vaguely worded "limited" process is not sufficient for an employer to meet its obligations. Defendant did not explore in good faith the possible accommodations, consider any request made by Goldstine, or offer a reasonable and effective accommodation. Thus, this affirmative defense should be stricken.

### 13. Affirmative Defense No. 13: Reservation of Rights

Defendant FedEx states that it may add more defenses at a later time. However, the deadline to amend pleadings has long passed (November 30, 2018). *See* Dkt. No. 19. Any additional defenses can only be added with leave of Court pursuant to Rules 15 and 16. As such, this "defense" should be stricken.

## VII.   CONCLUSION

With this Motion for Partial Summary Judgment, Plaintiff Goldstine seeks to narrow the issues for trial. Plaintiff Goldstine respectfully requests this Court grant an order striking the affirmative defenses in Defendant's Answer to Plaintiff's Amended Complaint as outlined

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 18
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

above.  Defendant has failed to produce any evidence supporting any of these affirmative defenses.  As there is neither evidentiary nor legal support for these affirmative defenses, Plaintiff Goldstine respectfully requests that this Court strike each of them.

## VIII.  PROPOSED ORDER

A proposed order seeking the relief requested is attached.

**DATED** August 8, 2019.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 19**
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Medora A. Marisseau
Karr Tuttle Campbell
701 Fifth Avenue, Ste. 3300
Seattle, WA 98104
MMarisseau@karrtuttle.com
Kmejia@karrtuttle.com

Donald H. Snook
FedEx Freight, Inc.
1715 Aaron Brenner Drive, Suite 600
Memphis, TN 38120
E-mail: Donald.snook@fedex.com

*Counsel for Defendant FedEx Freight, Inc.*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 8th day of August, 2019.

*/s/ Kaila A. Eckert*
Kaila A. Eckert, Paralegal

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 20
Case No. 2:18-cv-01164-MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529