# EXHIBIT A

THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

               Plaintiff,

v.

FEDEX FREIGHT, INC., a Washington State entity; "DOE(S) 1-100", employees of FEDEX FREIGHT, INC.; and CORPORATION(S) XYZ 1-100,

               Defendants.

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC.**

REQUESTING PARTY:    Plaintiff DAVID GOLDSTINE

RESPONDING PARTY:    Defendant FEDEX FREIGHT, INC.

SET NO.:              TWO

     Plaintiff David Goldstine, in his individual capacity herein, hereby serves these Interrogatories and Requests for Production upon Defendant FedEx Freight, Inc.  These Interrogatories are served upon you in accordance with Federal Rules of Civil Procedure 33 and 34.  Your attention is directed to Fed. R. Civ. P. 26(e) regarding your continuing duty to supplement your answers herein.  Answer in the spaces provided (using additional sheets as

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 1
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

needed), and verify your answers under oath, signing on the last page.  The original of your answers, signed by you, are to be returned to the undersigned attorney within 30 days of service of these Interrogatories upon you.

**THIS IS ALSO A REQUEST FOR PRODUCTION, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34.**

Please produce requested items for inspection and copying at the offices of Ada K. Wong, AKW LAW, P.C., 6100 219th St. SW, Suite 480, Mountlake Terrace, WA 98043, thirty (30) days from the date of service of this set of Interrogatories and Request for Production upon you.

Be advised that the Interrogatories and Requests for Production herein apply to all information and items within your knowledge or control, and that of your attorneys, agents, representatives and other persons acting on your behalf.  Answer each interrogatory as fully as possible within the time limit, and furnish additional information when it becomes available.

If there are any additions, deletions or changes in the answers or information provided at any time prior to trial, you are specifically directed to immediately so inform Plaintiffs' counsel.  If additional information is discovered between the time of making these answers and the time of trial, these interrogatories are directed to that information.  If such information is not seasonably furnished within a reasonable time prior to trial, the undersigned will move at or before trial to exclude from evidence any such information known to you or in your possession or that of your attorneys, agents, liability insurers, and others acting on your behalf, and will request other appropriate sanctions.

///

///

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 2
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# DEFINITIONS

As used herein:

    1.    ***Communication.*** The term "communication" means any oral or written expression or exchange of information by speech, writing, or conduct including, but not limited to, in-person conversations, telephone conversations, correspondence, email messages, text messages, electronic instant messages, social media messages, and all other forms of communication.

    2.    ***Document***. The term "document" shall be used in its broadcast sense as permitted by Federal Rules of Civil Procedure 26 and 34 and means all writings of every kind including, but not limited to, the original or any legible copy of all records, letters, correspondence, appointment books, diaries, files, notes, statements, memoranda or minutes of meetings, conferences and telephone calls, emails, faxes, receipts, written reports or opinions of investigators or experts, status reports, drawings, charts, photographs, negatives, brochures, lists, schedules, manuals, technical notes or standards, expense accounts, financial statements or audit reports, however produced or reproduced, within your possession or subject to your control, of which you have knowledge or to which you now have or previously had access. The term "document" includes drafts and copies that at not identical duplicates of the originals, and copies of documents, the originals of which are not in your possession, custody, or control.

    3.    ***Identity of Individuals***. Where the name or identity of an individual person is requested, or where the term "identify" is used in reference to an individual person, please state with respect to each such person:

        a.    Full name;

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 3**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1     b.  Current or last known residence address, and telephone number;

2     c.  Current or last known business address and telephone number;

3     d.  All known email addresses;

4     e.  Current position or occupation;

5     f.  Employer;

6     g.  His or her present whereabouts and his or her present employment

7 position and business affiliation at the time in question; and,

8     h.  Relationship to you.

9   Unless it otherwise appears from the context, a request for the identity of a person

10 relates to all persons in such classification or category.

11   4.  ***Identity of Document***.  The term "identify", when used in reference to a

12 document, means to state with respect to each document:

13     a.  Title of document;

14     b.  The date of preparation of the document;

15     c.  The name and title of each author, sender, creator and initiator of such

16 document;

17     d.  The name and title of recipient, addressee, or party for whom such

18 document was intended (if any);

19     e.  The nature of the document (e.g., letter, memorandum, tape) and other

20 means of identification sufficient to identify the document for purposes of a request for

21 production, and to further state its present location and custodian;

22     f.  Source from whom or from which you obtained the document;

23     g.  Number of pages the document comprises;

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 4**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    h.    Production number(s); and,

2    i.    If any such document was, but no longer is, in your possession or

3    custody or subject to your control, describe what disposition was made of it, and give the name,

4    address and telephone number of the person presently having possession, custody or control of

5    the document.

6    5.    ***Identity of Entity***.    The term "identify", when used in reference to an entity

7    other than a natural person, means to state with respect to each such entity:

8    a.    Full legal name or title;

9    b.    Form of business (i.e. profit corporation, partnership);

10    c.    Complete business location and mailing address;

11    d.    Telephone and facsimile numbers;

12    e.    State of incorporation or juridical organization;

13    f.    Address of headquarters of principal place of business; and,

14    g.    Relationship to you.

15    6.    ***Knowledge or Information***.   Where your knowledge or information in your

16    possession is requested, that request includes knowledge of your agents, representatives,

17    employees and attorneys.   When the answer is made by a corporate defendant, the name,

18    address and title of the person supplying the information and the source of such person's

19    information must be included as well.

20    7.    ***Sources of Information***.   The phrase "state the source of your information"

21    means to identify the person and the documents from which the information was obtained

22    where your answers are not based upon your own first-hand information.

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 5**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

8. **Person**. "Person" means, without limitation, any natural person, proprietorship, companies, firms, corporations, partnerships, limited liability companies, independent contractors, groups, associations, joint ventures, associations, trusts, estates, communities, agencies, institutions, labor unions, or any form of business, social or legal entity, including governmental subdivisions.

9. **You/Defendant**. "You" means Defendant FedEx Freight, Inc., located at 6414 Hardeson Road, Everett, Washington 98203, and its attorneys, agents, employees, officers, representatives, adjusters, investigators and all other persons who are in possession of or who have obtained information on your behalf.

10. **And/or**. "And" or "or" means "and/or," with the singular form being deemed to include the plural and vice versa.

11. **"He"** or any other masculine, feminine or neuter pronoun means any individual, regardless of sex or entity, to whom the interrogatory or request for production would otherwise apply.

12. **"Relating to"** means to be relevant in any way to the subject matter in questions, including without limitation all information that directly or indirectly contains, describes, records summarizes, evaluates, refers to, is pertinent to, comments upon, or discusses the subject matter or that states the background of, or was the basis for, or that records, evaluates, was referred to, relied upon, used generated, transmitted, or receive din arriving at any conclusion, opinion, estimate, position, decision, belief, or assertion concerning the subject matter.

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 6
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

13.     **"*Any*"** should be understood in either its most or least inclusive sense as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

14.     All documents, including records, files, e-mails, correspondence, and memoranda, stored electronically must be produced in its native format, including all metadata.

15.     The use of the singular form of any word includes the plural and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of the request all responses that otherwise might be construed to be outside the scope. "Include" and "including" and variations thereof shall not be interpreted in terms of limitations but shall be deemed to be followed by the words "without limitation." "Any" shall be construed as synonymous with "every and "all" and shall be all-inclusive.

These discovery requests shall be deemed to be continuing, and, in the event that you discover information that is responsive to these requests, you are to promptly supplement your answers to these requests.

## INSTRUCTIONS

1.      **Relevant Time Period**: Unless otherwise noted, the relevant time period for which documents and information are requested is **February 1, 2015 to present**.

2.      **Scope**: This Request requests production of information and documents that are in your possession, custody, or control, including documents in the possession of your employees, agents, independent contractors, representatives, and attorneys, unless privileged.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 7**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

3.      **Objections**: If you object to the information requested by any interrogatory or request for production in whole or in part, or contend that any identified document or information would be excluded from production in discovery, state the reasons for such objections or ground for exclusion, and identify each person having knowledge or the factual basis, if any, on which the objection, privilege, or other ground is asserted.

4.      **Privileged Documents**: If any document is withheld under claim of privilege, identify the document and state the basis for the privilege, and provide a detailed privilege log that contains at least the following information for each document that you have withheld: (a) the name of each author, writer, sender, creator, or initiator of such document; (b) the name of each recipient, addressee, or party for whom such document was intended or to whom it was sent; (c) the date of such document, or an estimate thereof if no date appears on the document; (d) the general subject matter of the document; and (e) the claimed grounds for withholding the document, including but not limited to the nature of any claimed privilege and grounds in support thereof.

5.      **Documents No Longer in Possession of Respondent/Destroyed Documents**: If any responsive document is no longer in your possession, custody or control, produce a description of each such document. The description shall include the following:

a.      Name of each author, sender, creator, and initiator of such document;

b.      Name of each recipient, addressee, or party for whom such document was intended;

c.      Date the document was created;

d.      Date(s) the document was in use;

e.      Detailed description of the content of the document;

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 8
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1     f.   Reason it is no longer in your possession, custody, or control; and,

2     g.   Current location of the document.

3    6.   **Duty to Supplement**: The Request imposes a continuing duty on you to

4 produce promptly any responsive document, information, or item that comes into your

5 knowledge, possession, custody, or control after your initial production of responses to the

6 requests. You are also required to amend your responses if you discover a previous response

7 was incorrect or incomplete.

8

9 **DATED** March 20, 2019.

10             **AKW LAW, P.C.**

11

             */s/ Ada K. Wong*
12             Ada K. Wong, WSBA #45936
             Attorney for Plaintiff
13             6100 219th St. SW, Suite 480
             Mountlake Terrace, WA 98043
14             Tel.: (206) 259-1259
             Fax: (855) 925-9529
15             Email: ada@akw-law.com

16

17

18

19

20

21

22

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 9**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**DISCOVERY REQUESTS**

2

**PLEASE MAKE SURE TO READ THE DEFINITIONS SECTION ABOVE, IN PARTICULAR FOR THE TERM "IDENTIFY" AS RELATED TO INDIVIDUALS AND DOCUMENTS.**

3

4

**INTERROGATORIES**

5

**INTERROGATORY NO. 1:**

6

Please identify by name, position held, and dates of employment all employees of

7

Defendant FEDEX FREIGHT, INC. who have been investigated, disciplined, de-certified,

8

placed on leave, and/or terminated for failure to meet medical certification requirements in the

9

last five (5) years.

10

**ANSWER:**

11

12

13

**INTERROGATORY NO. 2:**

14

Please identify by name, title, and last known address and telephone numbers, each

15

employee or consultant who at any time from February 1, 2015 to the present had or exercised

16

any control or authority over disability accommodations at Defendant FEDEX FREIGHT,

17

INC.  For each such employee or consultant, identify:

18

(a)   The dates during which they had or exercised such control or consulted; and

19

(b)   In detail their role in evaluating employee disabilities, requests for disability

20

accommodations, and making decisions related to same.

21

**ANSWER:**

22

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 10**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    **INTERROGATORY NO. 3:**

2          Describe in detail all disability accommodations that Defendant FEDEX FREIGHT,

3    INC. considered for and/or offered to Plaintiff DAVID GOLDSTINE, including all date(s) it

4    was considered and/or offered to Plaintiff DAVID GOLDSTINE.

5    **ANSWER:**

6

7

8    **INTERROGATORY NO. 4:**

9          Please identify by name, job title, date, and type of training all supervisors and

10   managers at Defendant FEDEX FREIGHT, INC. who have undergone training for and/or

11   participated in any reasonable accommodation process or interactive process related to

12   employee disabilities and/or accommodations in the past five (5) years.

13   **ANSWER:**

14

15

16          **REQUEST FOR PRODUCTION OF DOCUMENTS**

17   **REQUEST FOR PRODUCTION NO. 1:**

18          Please produce any and all documents that in any way refer to, relate to, support, or

19   contradict the allegations in paragraph 3 of the section titled "Affirmative And Other Defenses"

20   in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that

21   "Some or all of Plaintiff's claims are barred because Plaintiff failed to exhaust administrative

22   remedies."

23   **RESPONSE:**

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 11
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3    **REQUEST FOR PRODUCTION NO. 2:**

4         Please produce any and all documents that in any way refer to, relate to, support, or

5    contradict the allegation in paragraph 4 of the section titled "Affirmative And Other Defenses"

6    in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that

7    "Some or all of Plaintiff's claims are barred because they are outside the scope of Plaintiff's

8    administrative charge."

9    **RESPONSE:**

10

11

12   **REQUEST FOR PRODUCTION NO. 3:**

13        Please produce any and all documents that in any way refer to, relate to, support, or

14   contradict the allegation in paragraph 6 of the section titled "Affirmative And Other Defenses"

15   in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that

16   "Some or all of Plaintiff's claims are barred because of the insufficient and/or untimely filing

17   and/or processing of his charge of discrimination with the Washington State Human Rights

18   Commission."

19   **RESPONSE:**

20

21

22   **REQUEST FOR PRODUCTION NO. 4:**

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 12**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   Please produce any and all documents that in any way refer to, relate to, support, or

2   contradict the allegation in paragraph 7 of the section titled "Affirmative And Other Defenses"

3   in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that

4   "Defendant has adopted anti-discrimination and anti-retaliation policies; has made good faith

5   efforts to educate its employees about these policies and statutory prohibitions; has made good

6   faith efforts to enforce these policies; and has made good faith efforts to investigate and remedy

7   any complaints Plaintiff has raised."

8   **RESPONSE:**

9

10

11   **REQUEST FOR PRODUCTION NO. 5:**

12   Please produce any and all documents that in any way refer to, relate to, support, or

13   contradict the allegation in paragraph 8 of the section titled "Affirmative And Other Defenses"

14   in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which states that

15   "Defendant did not act with malice or reckless indifference to Plaintiff's protected rights."

16   **RESPONSE:**

17

18

19   **REQUEST FOR PRODUCTION NO. 6:**

20   Please produce any and all documents that in any way refer to, relate to, support, or

21   contradict the allegation in paragraph 11 of the section titled "Affirmative And Other

22   Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which

23   states that "Plaintiff has failed to mitigate his damages."

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 13**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    **RESPONSE:**

2

3

4    **REQUEST FOR PRODUCTION NO. 7:**

5          Please produce any and all documents that in any way refer to, relate to, support, or

6    contradict the allegation in paragraph 12 of the section titled "Affirmative And Other

7    Defenses" in Defendant FEDEX FREIGHT, INC.'s Answer to Amended Complaint, which

8    states that "Plaintiff has failed to participate in the interactive process."

9    **RESPONSE:**

10

11

12

13    **REQUEST FOR PRODUCTION NO. 8:**

14          Please produce a copy of any and all documents that in any way refer to, relate to,

15    support, or contradict the information provided in paragraph 20 of Defendant FEDEX

16    FREIGHT, INC.'s Answer to Amended Complaint, which states "FedEx Freight admits Mr.

17    Jessen was unable to close the trailer door and the trailer later was serviced by a vendor. FedEx

18    Freight denies the remaining allegations contained in paragraph 20 of the Amended

19    Complaint," including all documents sent or received to or from the vendor that is referenced

20    regarding the service that is referenced.

21    **RESPONSE:**

22

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 14**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   **REQUEST FOR PRODUCTION NO. 9:**

2   Please produce a copy of any and all documents that in any way refer to, relate to,

3   support, or contradict the information provided in paragraph 38 of Defendant FEDEX

4   FREIGHT, INC.'s Answer to Amended Complaint, which states "FedEx Freight admits it did

5   not accept the April 13, 2017, Medical Examiner's Certificate because Plaintiff failed to list

6   his complete health history, including medical restrictions preventing him from opening and

7   closing a trailer door. FedEx Freight denies the remaining allegations contained in paragraph

8   38 of the Amended Complaint."

9   **RESPONSE:**

10

11

12   **REQUEST FOR PRODUCTION NO. 10:**

13   Please produce a copy of any and all documents that in any way refer to, relate to,

14   support, or contradict the information provided in paragraph 39 of Defendant FEDEX

15   FREIGHT, INC.'s Answer to Amended Complaint, which states "FedEx Freight admits the

16   Medical Examination Report Form it received stating that Plaintiff was examined at U.S.

17   Healthworks on April 13, 2017, included a reference to a right total knee replacement in 2006.

18   FedEx Freight denies the remaining allegations contained in paragraph 39 of the Amended

19   Complaint."

20   **RESPONSE:**

21

22

23   **REQUEST FOR PRODUCTION NO. 11:**

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 15**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Please produce a copy of any and all documents that in any way refer to, relate to,

2    support, or contradict the information provided in paragraph 40 of Defendant FEDEX

3    FREIGHT, INC.'s Answer to Amended Complaint, which states "FedEx Freight admits

4    Plaintiff met with Ms. Tayman on or around April 18, 2017, but denies the remaining

5    allegations contained in paragraph 40 of the Amended Complaint."

6    **RESPONSE:**

7

8

9    **REQUEST FOR PRODUCTION NO. 12:**

10    Please produce a copy of any and all documents that in any way refer to, relate to,

11    support, or contradict the information provided in paragraph 44 of Defendant FEDEX

12    FREIGHT, INC.'s Answer to Amended Complaint, which states:

13    FedEx Freight admits Ms. Tayman recommended that Plaintiff provide a copy of
     his signed statement to the examining physician and read or say the following:

14

15    "FedEx Freight believes that David Goldstine told multiple
      employees that he was unable to perform job duties related to
16    closing a trailer door because, quote, 'I am disabled'. Mr. Goldstine
      wrote the attached statement which states that he would not try to
      close the trailer door because he has 'limitations'. Because Mr.
17    Goldstine will not disclose to FedEx Freight what his disability
      and/or limitations are, FedEx Freight has no opinion or knowledge
18    as to what these limitations may be, though FedEx Freight believes
      it would logically relate to the ability to close a trailer door. Mr.
19    Goldstine believes that he does not have to disclose disabilities or
      limitations to either FedEx Freight and/or examining physicians to
20    become certified. Please examine accordingly in light of this
      ambiguity. Thank you."

21
     FedEx Freight denies the remaining allegations contained in paragraph 44 of the
22    Amended Complaint.

23    **RESPONSE:**

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 16
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3    **REQUEST FOR PRODUCTION NO. 13:**

4         Please produce a copy of any and all documents that in any way refer to, relate to,

5    support, or contradict the information provided in paragraph 54 of Defendant FEDEX

6    FREIGHT, INC.'s Answer to Amended Complaint, which states "FedEx Freight admits it

7    received a Medical Examiner's Certificate (which was not signed by a Medical Examiner) and

8    a Medical Examination Report Form dated June 15, 2017. FedEx Freight denies the remaining

9    allegations contained in paragraph 54 of the Amended Complaint."

10   **RESPONSE:**

11

12

13   **REQUEST FOR PRODUCTION NO. 14:**

14         Please produce all documents, including but not limited to correspondence, notes,

15   memoranda, text messages, e-mails, letters, investigations, complaints, negotiations, reports,

16   records, text messages, voice messages, in the document(s)' native format, including all drafts,

17   that refer or relate to any and all training Christy Tayman received from Defendant FEDEX

18   FREIGHT, INC. regarding employee disabilities, discrimination, retaliation, reasonable

19   accommodation, and/or the interactive process.

20   **RESPONSE:**

21

22

23   **REQUEST FOR PRODUCTION NO. 15:**

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 17
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    Please produce all documents, including but not limited to correspondence, notes,

2   memoranda, text messages, e-mails, letters, investigations, complaints, negotiations, reports,

3   records, text messages, voice messages, in the document(s)' native format, including all drafts,

4   that refer or relate to any and all training that David Appesland received from Defendant

5   FEDEX FREIGHT, INC. regarding employee disabilities, discrimination, retaliation,

6   reasonable accommodation, and/or the interactive process.

7   **RESPONSE:**

8

9

10   **REQUEST FOR PRODUCTION NO. 16:**

11    Please produce all documents, including but not limited to correspondence, notes,

12   memoranda, text messages, e-mails, letters, investigations, complaints, negotiations, reports,

13   records, text messages, voice messages, in the document(s)' native format, including all drafts,

14   that refer or relate to any and all training Tammy Rogers received from Defendant FEDEX

15   FREIGHT, INC. regarding employee disabilities, discrimination, retaliation, reasonable

16   accommodation, and/or the interactive process.

17   **RESPONSE:**

18

19

20   **REQUEST FOR PRODUCTION NO. 17:**

21    Please produce all documents, including but not limited to correspondence, notes,

22   memoranda, text messages, e-mails, letters, investigations, complaints, negotiations, reports,

23   records, text messages, voice messages, in the document(s)' native format, including all drafts,

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 18**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   that refer or relate to any and all communication that Defendant FEDEX FREIGHT, INC. sent

2   or received regarding Plaintiff DAVID GOLDSTINE'S employment, work performance,

3   medical certification, disability, accommodations, accommodation requests, termination, or

4   his claims against Defendant FEDEX FREIGHT, INC.

5   **RESPONSE:**

6

7

8   **REQUEST FOR PRODUCTION NO. 18:**

9        Please produce all documents, including but not limited to correspondence, notes,

10   memoranda, text messages, voice messages, e-mails, letters, investigations, complaints,

11   negotiations, reports, and records, in the document(s)' native format, including all drafts, that

12   refer or relate to any and all communications that Defendant FEDEX FREIGHT, INC. sent or

13   received to or from U.S. Healthworks and/or Concentra regarding Plaintiff DAVID

14   GOLDSTINE.

15   **RESPONSE:**

16

17

18   **REQUEST FOR PRODUCTION NO. 19:**

19        Please produce all documents, including but not limited to correspondence, notes,

20   memoranda, text messages, voice messages, e-mails, letters, investigations, complaints,

21   negotiations, reports, records, recorded interviews, notes of interviews, statements,

22   declarations, and affidavits, in the document(s)' native format, including all drafts, that refer

23   or relate to any and all allegations of Plaintiff DAVID GOLDSTINE or Defendant FEDEX

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 19
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  FREIGHT, INC. in this case.

2  **RESPONSE:**

3

4

5  **REQUEST FOR PRODUCTION NO. 20:**

6  Please produce any and all written policies, procedures, rules, guidelines, standards,

7  and other documentation, in document(s)' native format, that refer or relate to each system,

8  platform, or application used by Defendant FEDEX FREIGHT, INC. between February 1,

9  2015 and the present for business-related internal and external messaging communication for

10  the FedEx Service Center at 6414 Hardeson Road Everett, WA, 98203 or any communications

11  relating to the employment of Plaintiff DAVID GOLDSTINE, and destruction policies and

12  procedures.

13  **RESPONSE:**

14

15

16  **REQUEST FOR PRODUCTION NO. 21:**

17  Please produce any and all documents, in the document(s)' native format, including all

18  drafts, that refer, relate to, or support Defendant FEDEX FREIGHT's position that it engaged

19  in an interactive process with Plaintiff DAVID GOLDSTINE.

20  **RESPONSE:**

21

22

23  **REQUEST FOR PRODUCTION NO. 22:**

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 20**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1       Please produce all documents, including but not limited to correspondence, notes,

2   memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails, letters,

3   investigations, complaints, negotiations, reports, records, recorded interviews, notes of

4   interviews, statements, declarations, and affidavits, in the document(s)' native format,

5   including all drafts, that refer or relate to Plaintiff DAVID GOLDSTINE's actual or perceived

6   disability, request(s) for accommodations, interactive process, and Defendant FEDEX

7   FREIGHT, INC.'s response.

8   **RESPONSE:**

9

10

11   **REQUEST FOR PRODUCTION NO. 23:**

12       Please produce all documents, including but not limited to correspondence, notes,

13   memoranda, meeting notes, meeting minutes, text messages, voice messages, e-mails, letters,

14   investigations, complaints, negotiations, reports, records, recorded interviews, notes of

15   interviews, statements, declarations, and affidavits, in the document(s)' native format,

16   including all drafts, that refer or relate to any and all communications from February 1, 2015

17   to present authored or received by management, human resources, or any other employee at

18   Defendant FEDEX FREIGHT, INC., including but not limited to David Appesland, Christy

19   Tayman, and Tammy Rogers about Plaintiff DAVID GOLDSTINE's request(s) for

20   accommodation or his medical condition.

21   **RESPONSE:**

22

23

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 21
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   **REQUEST FOR PRODUCTION NO. 24:**

2      Please produce a copy of all documents, job descriptions, background checks, reference

3   checks, duties and responsibilities, position titles, promotions, demotions, transfers, notes,

4   audio or video recordings, correspondence, memoranda, e-mails, letters, disciplinary records,

5   training records, employment and/or personnel records, files or other communications

6   maintained by Defendant FEDEX FREIGHT, INC.'s Human Resources and/or personnel

7   department regarding, referring to, and/or related to Christy Tayman.  **Please note we are

8   not seeking any medical or health-related information and those should be redacted if produced

9   as responsive documents.

10  **RESPONSE:**

11

12

13  **REQUEST FOR PRODUCTION NO. 25:**

14     Please produce a copy of all documents, job descriptions, background checks, reference

15  checks, duties and responsibilities, position titles, promotions, demotions, transfers, notes,

16  audio or video recordings, correspondence, memoranda, e-mails, letters, disciplinary records,

17  training records, employment and/or personnel records, files or other communications

18  maintained by Defendant FEDEX FREIGHT, INC.'s Human Resources and/or personnel

19  department regarding, referring to, and/or related to David Appesland.  **Please note we are

20  not seeking any medical or health-related information and those should be redacted if produced

21  as responsive documents.

22  **RESPONSE:**

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 22**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

2

3   **REQUEST FOR PRODUCTION NO. 26:**

4       Please produce a copy of all documents, job descriptions, background checks, reference

5   checks, duties and responsibilities, position titles, promotions, demotions, transfers, notes,

6   audio or video recordings, correspondence, memoranda, e-mails, letters, disciplinary records,

7   training records, employment and/or personnel records, files or other communications

8   maintained by Defendant FEDEX FREIGHT, INC.'s Human Resources and/or personnel

9   department regarding, referring to, and/or related to Tammy Rogers.  **Please note we are not

10  seeking any medical or health-related information and those should be redacted if produced as

11  responsive documents.

12  **RESPONSE:**

13

14

15  **DATED** March 20, 2019.

16                                          **AKW LAW, P.C.**

17                                          */s/ Ada K. Wong* _____

18                                          Ada K. Wong, WSBA #45936
                                            Attorney for Plaintiff

19                                          6100 219th St. SW, Suite 480
                                            Mountlake Terrace, WA 98043

20                                          Tel.: (206) 259-1259
                                            Fax: (855) 925-9529

21                                          Email: ada@akw-law.com

22

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 23**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

## **ATTORNEY CERTIFICATION**

The undersigned counsel for defendant hereby certifies Defendant's responses pursuant to Fed. R. Civ. P. 26(g).

Dated this _____ day of _____, 2019.

_____
Donald H. Snook, KS Bar #21775
Medora Marisseau, WSBA #28169
Attorneys for Defendant FedEx Freight, Inc.

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX FREIGHT, INC. - 24**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

## __DECLARATION OF RESPONDING PARTY__

2

I declare under the penalty of perjury under the laws of the State of Washington that

3
I am the Defendant in this action OR I am the _____ of

4
_____ and am authorized to make the foregoing answers.  I

5
declare that I have read the foregoing answers, know the contents thereof, and believe them to

6
be true and correct.

7
Dated this _____ day of _____, 2019, at _____,

8
Washington.

9

10
_____
Name

11

12
_____
Its

13

14
Address: _____

15
_____

16
_____

17

18

19

20

21

22

23

**PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 25**
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**CERTIFICATE OF SERVICE**

2      The undersigned certifies under the penalty of perjury under the laws of the State of

3  Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4  resident of the State of Washington, over the age of eighteen years, not a party to or interested

5  in the above-entitled action, and competent to be a witness herein.

6      On March 20, 2019, I caused a copy of the foregoing **PLAINTIFF'S SECOND SET**

7  **OF INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT**

8  **FEDEX FREIGHT, INC.** to be served on the parties listed below in the manner specified

9  below:

| | | |
|---|---|---|
| Medora A. Marisseau<br>KARR TUTTLE CAMPBELL<br>701 Fifth Avenue, Ste. 3300<br>Seattle, WA 98104<br>E-mail: mmarisseau@karrtuttle.com<br>E-mail: kmejia@karrtuttle.com<br><br>Donald H. Snook<br>FEDEX FREIGHT, INC.<br>1715 Aaron Brenner Drive, Suite 600<br>Memphis, TN 38120<br>E-mail: donald.snook@fedex.com<br>E-mail: deborah.hill@fedex.com<br><br>*Attorneys for Defendant FedEx Freight, Inc.* | ☐ | VIA FACSIMILE |
| | ☒ | **VIA FIRST CLASS U.S. MAIL** |
| | ☐ | VIA MESSENGER/HAND DELIVERY |
| | ☒ | **VIA E-MAIL**/E-FILE<br>*Per 11/30/18 Stipulation*<br>*Regarding Electronic Service* |

18  Dated this 20th day of March, 2019, at Mountlake Terrace, Washington.

19

20                            */s/ Ada K. Wong*_____
                             Ada K. Wong

21

22

23

PLAINTIFF'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION TO DEFENDANT FEDEX
FREIGHT, INC. - 26
Case No. 2-18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529