# EXHIBIT F

1

2

3

4

5

THE HONORABLE MARSHA J. PECHMAN

6          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
7                   AT SEATTLE

8   DAVID GOLDSTINE,

9                          Plaintiff,

                                          Case No. 2:18-cv-01164 MJP
10  v.

                                          **_CONTINUED THIRD AMENDED_**
11  FEDEX FREIGHT, INC., a Washington State   **_NOTICE OF VIDEOTAPED RULE_**
    entity;  "DOE(S)  1-100",  employees  of   **_30(b)(6) DEPOSITION OF_**
12  FEDEX      FREIGHT,     INC.;     and    **_DEFENDANT FEDEX FREIGHT,_**
    CORPORATION(S) XYZ 1-100,                **_INC._**
13
                           Defendants.
14

15  TO:        FEDEX FREIGHT, INC., Defendant

16  AND TO:    COUNSEL FOR DEFENDANT FEDEX FREIGHT, INC.

17         PLEASE TAKE NOTICE that pursuant to Federal Rule of Civil Procedure 30(b)(6),

18  the videotaped deposition of Defendant FedEx Freight, Inc. will be taken upon Oral

19  Examination on the subject matter and topics set forth in **Exhibit A** at the request of Plaintiff

20  David Goldstine, in the above-entitled and numbered action before a court reporter:

21      **DATE:**           **Tuesday, April 16, 2019**

22      **TIME:**           **1:30 p.m. PST**

23      **LOCATION:**       **AKW LAW, P.C.**

---

_**CONTINUED THIRD AMENDED** NOTICE OF VIDEOTAPED RULE_
_**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 1**_
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

6100 219th St SW, Suite 480
Mountlake Terrace, WA 98043

2

3        The deposition will be taken by court reporter, notary public, or other person duly

authorized to administer oaths. The deposition shall be recorded on videotape. The deposition

4

shall be subject to adjournment or continuance from time to time and is being taken for

5

discovery, perpetuation, use at trial, and for all purposes permitted under the Rules of the Court.

6

7

DATED April 12, 2019.

8

AKW LAW, P.C.

9

10                                    /s/ Ada K. Wong
                                      Ada K. Wong, WSBA #45936
11                                    Attorney for Plaintiff
                                      6100 219th St. SW, Suite 480
12                                    Mountlake Terrace, WA 98043
                                      Tel.: (206) 259-1259
13                                    Fax: (855) 925-9529
                                      Email: ada@akw-law.com
14

15

16

17

18

19

20

21

22

23

*CONTINUED THIRD AMENDED* NOTICE OF VIDEOTAPED RULE
30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 2
Case No. 2:18-cv-01164 MJP

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

### EXHIBIT A

2       1.      Defendant FedEx Freight, Inc.'s (hereinafter "DEFENDANT") practices,
guidelines, and protocols, formal or informal, written or otherwise, in effect at
3    DEFENDANT's Everett facility, located at 6414 Hardeson Road, Everett, Washington 98203[1]
(where Plaintiff David Goldstine (hereinafter "PLAINTIFF") worked), from February 1, 2015
4    to present regarding and/or related to the procedure for employees to seek reasonable
accommodation for a disability.

5

6       2.      All aspects of DEFENDANT's disability accommodation policies, procedures,
guidelines, or practices in effect from February 1, 2015 to present applicable to employees
holding positions similar to the position(s) held by PLAINTIFF while he was employed by
7    DEFENDANT, including:

8           a.  Whether DEFENDANT had a policy or procedure for accommodating
                employees with disabilities;
9           b.  When said policy or procedure was created and the version in effect from
                February 1, 2015 to present;
10          c.  Who is/was responsible for ensuring the policy was implemented from
                February 1, 2015 to present;
11          d.  How do/did employees learn about DEFENDANT's accommodation
                policy;
12          e.  How do/did supervisors/managers learn about DEFENDANT's
                accommodation policy; and
13          f.  Whether DEFENDANT provided training on its accommodation policy or
                procedures, and when.

14      3.      All aspects of how DEFENDANT engages in the interactive process to
determine reasonable accommodations at the Everett facility from February 1, 2015 to present,
15   including:

16          a.  All policies, procedures, and guidelines regarding engaging in the
                interactive process;
17          b.  How the interactive process is initiated/takes place/occurs/is conducted;
            c.  Who is in charge of engaging in the interactive process;
18          d.  What information from the interactive process is maintained and/or
                recorded;
19          e.  Where the information from the interactive process is kept/maintained;
            f.  How DEFENDANT determines whether a reasonable accommodation can
20              be made, and who makes these determinations; and
            g.  What records are kept during the interactive process and after a reasonable
21              accommodation has been provided to DEFENDANT's employees.

22

---

[1] Please note that the scope of the deposition is regarding the Everett facility where Plaintiff worked, unless
23   otherwise stated.

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**                    **AKW LAW, P.C.**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 3**               6100 219th St. SW, Suite 480
Case No. 2:18-cv-01164 MJP                                                Mountlake Terrace, WA 98043
                                                                          Tel. (206) 259-1259 / Fax (855) 925-9529

4.     All aspects of how DEFENDANT engaged in the interactive process for determining the reasonable accommodation(s) for PLAINTIFF, including:

   a.  Who engaged in said process;
   b.  All dates;
   c.  All reasonable accommodations DEFENDANT considered, when, and by whom;
   d.  All reasonable accommodations DEFENDANT offered to PLAINTIFF, when, by whom, and how;
   e.  How any records regarding the interactive process and/or reasonable accommodation offered and/or provided to PLAINTIFF was/is kept/maintained; and
   f.  Where any records regarding the interactive process and/or reasonable accommodation offered and/or provided to PLAINTIFF was/is kept/maintained.

5.     DEFENDANT's practices, guidelines, and protocols, formal or informal, written or otherwise, in effect at DEFENDANT's Everett facility from February 1, 2015 to present, regarding and/or related to the procedure for employees to report discrimination on the basis of a protected class, including disability discrimination and discrimination based on perceived disability.

6.     All aspects of DEFENDANT's anti-discrimination policy, including who created the policy, when the policy was created, and the policy in effect from February 1, 2015 to present.

7.     All aspects of DEFENDANT's anti-retaliation policy, including who created the policy, when the policy was created, and the policy in effect from February 1, 2015 to present.

8.     All aspects of DEFENDANT's policies, procedures, guidelines, or practices regarding vehicle maintenance, repairs, and vehicle safety procedures in effect from February 1, 2015 to present.

9.     Any training provided to PLAINTIFF and/or PLAINTIFF's supervisors/managers regarding DEFENDANT's anti-discrimination and/or anti-retaliation policy, if any, including when the training was provided, the dates of said trainings, who was provided with the training and when, and the substance of said training.

10.     PLAINTIFF's job duties, responsibilities, essential and non-essential functions of his job as a Road Driver, as well as the job duties, responsibilities, essential and non-essential functions of the job for those in a similar role or capacity as PLAINTIFF from February 1, 2015 to present.

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 4**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    11.    The chain of command/organizational structure, including the direct and
indirect reporting structure of the supervisors, managers, leads, employees, and other staff as
2    related to PLAINTIFF/PLAINTIFF's position(s) from February 1, 2015 to present.

3    12.    The duties and responsibilities of PLAINTIFF's immediate and second-level
supervisors/managers from February 1, 2015 to present.
4

5    13.    Any and all disabilities DEFENDANT knew PLAINTIFF had or that
DEFENDANT perceived that PLAINTIFF had during PLAINTIFF's period of employment
6    with DEFENDANT, including all details of said knowledge of or perception of disability.

7    14.    Any and all disability accommodations PLAINTIFF requested or that
DEFENDANT perceived that PLAINTIFF required during PLAINTIFF's period of
8    employment with DEFENDANT, including all details of said accommodation request(s).

9    15.    Any and all accommodations DEFENDANT provided to PLAINTIFF for
disabilities during PLAINTIFF's period of employment with DEFENDANT, including all
10   details of said accommodation(s).

11   16.    Any interactive process that DEFENDANT engaged in for any disabilities of
PLAINTIFF that DEFENDANT knew of, or perceived to exist, including all details of said
12   process, dates, and names and contact information of those involved in said process.

13   17.    How many employees DEFENDANT ordered to undergo multiple physical
examinations within one calendar year at the Everett facility in the last five (5) years, including
14   all names and contact information for said employees and/or past employees, duties and
responsibilities.

15   18.    All aspects of DEFENDANT's policies, procedures, guidelines, or practices
regarding health and safety in the workplace in effect from February 1, 2015 to present
16   applicable to individuals employed as Road Drivers and employees holding positions similar
to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:
17          a.  Whether DEFENDANT had such a policy or procedure;
            b.  When said policy or procedure was created and the version in effect from
18              February 1, 2015 to present;
            c.  Who is/was responsible for ensuring the policy was implemented from
19              February 1, 2015 to present;
            d.  How do/did employees learn about DEFENDANT's health and safety
20              policy;
            e.  How do/did supervisors/managers learn about DEFENDANT's health and
21              safety policy; and
            f.  Whether DEFENDANT provided training on its health and safety policy or
22              procedures, and when.

23

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 5**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

19.     All aspects of DEFENDANT's policies, procedures, guidelines, or practices regarding medical examination and/or medical certification in effect from February 1, 2015 to present applicable to individuals employed as Road Drivers and employees holding positions similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:

    a.   Whether DEFENDANT had a policy or procedure for conducting medical examinations and/or medical certification;

    b.   When said policy or procedure was created and the version in effect from February 1, 2015 to present;

    c.   Who is/was responsible for ensuring the policy was implemented from February 1, 2015 to present;

    d.   How do/did employees learn about DEFENDANT's medical examination and/or medical certification policy;

    e.   How do/did supervisors/managers learn about DEFENDANT's medical examination and/or medical certification policy; and

    f.   Whether DEFENDANT provided training on its medical examination and/or medical certification policy or procedures, and when.

20.     All aspects of DEFENDANT's policies, procedures, guidelines, or practices regarding certification/decertification/not certifying/not re-certifying drivers in effect from February 1, 2015 to present applicable to individuals employed as Road Drivers and employees holding positions similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:

    a.   Whether DEFENDANT had a policy or procedure for decertification/not certifying/not re-certifying of Road Drivers or other employees with similar job responsibilities;

    b.   When said policy or procedure was created and the version in effect from February 1, 2015 to present;

    c.   Who is/was responsible for ensuring the policy was implemented from February 1, 2015 to present;

    d.   How do/did employees learn about DEFENDANT's certification/decertification/not certifying/not re-certifying policy;

    e.   How do/did supervisors/managers learn about DEFENDANT's certification/decertification/not certifying/not re-certifying policy; and

    f.   Whether DEFENDANT provided training on its certification/decertification/not certifying/not re-certifying policy or procedures, and when.

21.     All aspects of DEFENDANT's policies, procedures, guidelines, or practices regarding "park"/"parking"/"parked" Road Drivers (as used herein, the terms "park" /"parking"/"parked" refer to the practice of prohibiting a Road Driver or other employee for driving for DEFENDANT and/or relief from driving duty for DEFENDANT) in effect from February 1, 2015 to present applicable to individuals employed as Road Drivers and employees holding positions similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:

CONTINUED THIRD AMENDED NOTICE OF VIDEOTAPED RULE
30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 6
Case No. 2:18-cv-01164 MJP

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1    a. Whether DEFENDANT had a policy or procedure for "parking" Road Drivers;

2    b. When said policy or procedure was created and the version in effect from February 1, 2015 to present;

3    c. Who is/was responsible for ensuring the policy was implemented from February 1, 2015 to present;

4    d. How do/did employees learn about DEFENDANT's "parking" policy;

    e. How do/did supervisors/managers learn about DEFENDANT's "parking"

5    policy; and

    f. Whether DEFENDANT provided training on its "parking" policy or

6    procedures, and when.

7    22.  All aspects of DEFENDANT's policies, procedures, guidelines, or practices regarding the relieving of duty of Road Drivers in effect from February 1, 2015 to present

8 applicable to individuals employed as Road Drivers and employees holding positions similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:

9    a. Whether DEFENDANT had a policy or procedure for the relieving of duty of Road Drivers;

10    b. When said policy or procedure was created and the version in effect from February 1, 2015 to present;

11    c. Who is/was responsible for ensuring the policy was implemented from February 1, 2015 to present;

12    d. How do/did employees learn about DEFENDANT's relieving of duty policy;

13    e. How do/did supervisors/managers learn about DEFENDANT's relieving of duty policy;

14    f. Whether DEFENDANT provided training on its relieving of duty policy or procedures, and when;

15    g. Whether DEFENDANT had a policy for relieving of duty of a Road Driver for insufficient medical documentation; and

16    h. Details of the policy of relieving a Road Driver of duty until a statement concerning a specific event is submitted.

17

18    23.  All aspects of DEFENDANT's performance review policies, procedures, guidelines, or practices in effect from February 1, 2015 to present applicable to employees

19 holding positions similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT, including:

20    a. Whether DEFENDANT had a policy or procedure for conducting performance reviews;

    b. When said policy or procedure was created and the version in effect from

21    February 1, 2015 to present;

    c. Who is/was responsible for ensuring the policy was implemented from

22    February 1, 2015 to present;

    d. How do/did employees learn about DEFENDANT's performance review

23    policy;

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 7**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1        e.   How do/did supervisors/managers learn about DEFENDANT's
performance review policy; and

2        f.    Whether DEFENDANT provided training on its performance review policy
or procedures, and when.

3

4        24.     All aspects of DEFENDANT's disciplinary policies, procedures, guidelines, or
practices in effect from February 1, 2015 to present applicable to employees holding positions
similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT,
including:

5        a.   Whether DEFENDANT had a policy or procedure for disciplining
employees;

6        b.   When said policy or procedure was created and the version in effect from
February 1, 2015 to present;

7        c.   Who is/was responsible for ensuring the policy was implemented from
February 1, 2015 to present;

8        d.   How do/did employees learn about DEFENDANT's disciplinary policy;

9        e.   How do/did supervisors/managers learn about DEFENDANT's disciplinary
policy; and

10        f.    Whether DEFENDANT provided training on its disciplinary policy or
procedures, and when.

11

12        25.     All aspects of DEFENDANT's termination policies, procedures, guidelines, or
practices in effect from February 1, 2015 to present applicable to employees holding positions
similar to the position(s) held by PLAINTIFF while he was employed by DEFENDANT,
including:

13        a.   Whether DEFENDANT had a policy or procedure for terminating
employees;

14        b.   When said policy or procedure was created and the version in effect from
February 1, 2015 to present;

15        c.   Who is/was responsible for ensuring the policy was implemented from
February 1, 2015 to present;

16        d.   How do/did employees learn about DEFENDANT's disciplinary policy;

17        e.   How do/did supervisors/managers learn about DEFENDANT's termination
policy; and

18        f.    Whether DEFENDANT provided training on its termination policy or
procedures, and when.

19

20        26.     All aspects of DEFENDANT's employment regulations, guidelines,
handbooks, employment manuals, procedures, or other similar materials in effect from
February 1, 2015 to present applicable to employees holding positions similar to the position(s)
held by PLAINTIFF while he was employed by DEFENDANT, and whether PLAINTIFF was
provided a copy of said document, and when.

21

22

23

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 8**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

27. Any and all issues, problems, or inability of PLAINTIFF in undertaking his job duties and responsibilities as a Road Driver during his period of employment with DEFENDANT, including:

a. Whether DEFENDANT wrote up PLAINTIFF regarding any said issues, if so, when and by whom;
b. Whether DEFENDANT ever spoke with PLAINTIFF regarding said issues, if so, when and by whom;
c. Whether DEFENDANT ever counseled PLAINTIFF, formally or informally regarding said issues, and if so, when and by whom;
d. Whether DEFENDANT ever otherwise disciplined PLAINTIFF, formally or informally regarding any said issues, and if so, when and by whom; and
e. Whether DEFENDANT relieved PLAINTIFF of duty because of said issues; and
f. Whether DEFENDANT perceived or believed any said issues were because of or related to a disability of PLAINTIFF's.

28. The facts and circumstances of PLAINTIFF's status regarding medical examinations and/or medical certification(s) DEFENDANT required for PLAINTIFF to work as a Road Driver in 2017, including:

a. The specific medical examinations and/or medical certifications that DEFENDANT required PLAINTIFF to undergo in 2017;
b. The status of PLAINTIFF's medical examinations and/or medical certifications in 2017, including all changes in status, when each change in status occurred, who made the decision to change PLAINTIFF's status, and why the decision to change PLAINTIFF's status was made;
c. The dates in 2017 on which PLAINTIFF had valid medical examinations and/or medical certification(s), and the dates in 2017 on which he was decertified; and
d. The name and contact information for the individual(s) who made each decision to change PLAINTIFF's status regarding medical examinations and/or medical certification(s).

29. The facts and circumstances, in detail, regarding any of the following action(s) DEFENDANT took with respect to PLAINTIFF in 2017:

a. Certification/decertification/not certifying/not re-certifying PLAINTIFF;
b. PLAINTIFF being "park"/"parking"/"parked"; and
c. Relieving PLAINTIFF of duty.

30. The facts and circumstances, in detail, regarding DEFENDANT's allegation that PLAINTIFF did not fully disclose his complete health history on his medical examination in April 2017.

31. The facts and circumstances, in detail, regarding DEFENDANT's allegation that a doctor failed to complete the Medical Examiner Determination regarding PLAINTIFF in June 2017.

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

32.    The facts and circumstances that led to PLAINTIFF's termination or separation with DEFENDANT, including:

    a. The name and contact information for the individual(s) who made the decision;

    b. The name, position title and contact information for the individual(s) who made the recommendation to separate from PLAINTIFF;

    c. How the decision to separate PLAINTIFF from his employment was made;

    d. All facts and circumstances that were relied upon in the separation of PLAINTIFF; and

    e. The name, contact information, and role for the individual(s) whose information was relied upon in the process of making the decision to separate PLAINTIFF.

33.    Any and all specific complaints, written or otherwise, filed and/or reported, formally or informally, by PLAINTIFF regarding disability discrimination and/or disability accommodations (including perceived disability), including:

    a. The facts of the complaint or communication that was made, when it was made, and the manner in which it was made;

    b. Whether an investigation was conducted, and if so, the nature of the investigation that was conducted, including who performed the investigation, who was interviewed as a part of the investigation, and what determinations were made; and when said investigation was conducted; and

    c. The results of any investigation.

34.    All information and correspondence exchanged with the Washington Employment Security Department regarding and/or related to PLAINTIFF.

35.    All information and correspondence exchanged with the Washington State Human Rights Commission regarding and/or related to PLAINTIFF.

36.    All aspects of training, formal or informal, provided to DEFENDANT's employees that held the same and/or similar job position(s) of PLAINTIFF in the last five (5) years, including when the training is provided, who provides said training, and any policies or guidelines related to said training.

37.    All medical information and/or correspondence PLAINTIFF provided directly to DEFENDANT, including all dates DEFENDANT received such information, the names and contact information for said persons receiving said communication, the substance of said information, and any actions taken or responses by DEFENDANT as a result of said information.

38.    All medical information and/or correspondence by any third parties and/or employees of DEFENDANT provided to DEFENDANT, including dates DEFENDANT received such information, the names and contact information of persons from whom

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1  DEFENDANT received such information, the substance of said information, and any actions
2  taken or responses by DEFENDANT as a result of said information.

3       39.     Any and all information and/or correspondence provided to DEFENDANT by
   PLAINTIFF, third parties, and/or others regarding and/or related to PLAINTIFF's
4  recommended work restrictions, work modifications, monitoring requirements, and/or
   accommodations, including all dates DEFENDANT received such information, the names and
5  contact information from whom DEFENDANT received such information, the substance of
   said information, and any actions taken or responses by DEFENDANT as a result of said
6  information.

7       40.     Any and all information and/or correspondence provided to DEFENDANT by
   PLAINTIFF, third parties, and/or others regarding and/or related to PLAINTIFF's inability or
8  limitations on his ability to work, including all dates DEFENDANT received such information,
   the names and contact information from whom DEFENDANT received such information, the
9  substance of said information, and any actions taken or responses by DEFENDANT as a result
   of said information.

10      41.     DEFENDANT's policies, procedures, and protocol for the retention and
11 keeping of employees' personnel and employment files and/or other employment-related
   records and files in effect from February 1, 2015 to present at the Everett facility.

12      42.     All agreements, correspondence, and/or documents, written or otherwise,
13 between DEFENDANT and PLAINTIFF regarding:
            a.   PLAINTIFF's duties and responsibilities;
            b.   PLAINTIFF's rate(s) of pay;
14          c.   PLAINTIFF's dates of work;
            d.   PLAINTIFF's position title(s);
15          e.   PLAINTIFF's scope of work;
            f.   PLAINTIFF's hours of work;
16          g.   PLAINTIFF's prerequisites for driving;
            h.   All person(s) PLAINTIFF was to report to;
17          i.   All person(s) who maintain supervisory, direction, or control over
                 PLAINTIFF and/or his work; and
18          j.   DEFENDANT's protocols, guidelines, or policies for PLAINTIFF to
                 follow regarding performing work for DEFENDANT.
19
20      43.     Any and all investigations where PLAINTIFF was the subject of the
   investigation, including:
21          a.   The facts of the complaint or communication that was made and the manner
                 in which it was made;
22          b.   Whether an investigation was conducted, and if so, the nature of the
                 investigation that was conducted, including who performed the
                 investigation, who was interviewed as a part of the investigation, and what
23               determinations were made; and when said investigation was conducted; and

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE**
**30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 11**
Case No. 2:18-cv-01164 MJP

AKW LAW, P.C.
6100 219ᵗʰ St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

c.  The results of any investigation.

44.     Agents, personnel, staff, contractors, and/or employees at DEFENDANT's Everett facility who have or had whole or partial duties similar to PLAINTIFF for the last five (5) years, and their duties and responsibilities, as well as:
a.  Who these individuals reported to during those times;
b.  All person(s) who maintain supervisory, direction, or control over these individuals and/or their work; and
c.  DEFENDANT's protocols, guidelines, or policies for these individuals to follow regarding performing work for DEFENDANT.

45.     All facts related to DEFENDANT's affirmative defenses that:
a.  PLAINTIFF's claims are barred, in whole or in part, for failure to state a claim for which relief may be granted;
b.  PLAINTIFF's claims are barred, in whole or in part, by the applicable statute of limitations and/or contractual limitations period;
c.  Some or all of PLAINTIFF's claims are barred because they are outside the scope of PLAINTIFF's administrative charge;
d.  Some or all of PLAINTIFF's claims are barred because of the insufficient and/or untimely filing and/or processing of his charge of discrimination with the Washington State Human Rights Commission;
e.  DEFENDANT has adopted anti-discrimination and anti-retaliation policies; has made good faith efforts to educate its employees about these policies and statutory prohibitions; has made good faith efforts to enforce these policies; and has made good faith efforts to investigate and remedy any complaints PLAINTIFF has raised;
f.  DEFENDANT did not act with malice or reckless indifference to PLAINTIFF's protected rights;
g.  PLAINTIFF is not entitled to punitive damages;
h.  Without admitting any of the allegations contained in the Complaint, FedEx avers that to the extent the Complaint seeks punitive damages, it violates FedEx's right to procedural due process under the Fourteenth Amendment of the United States Constitution and/or under the Constitution of the State of Washington; it violates FedEx's right to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and/or pertinent provisions of the Constitution of the State of Washington; and it violates FedEx's right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and/or the Constitution of the State of Washington; and therefore, fails to state a cause of action supporting punitive damages;
i.  PLAINTIFF has failed to participate in the interactive process; and
j.  FedEx Freight reserves the right to assert addition or other defenses as discovery progresses.

*CONTINUED THIRD AMENDED* NOTICE OF VIDEOTAPED RULE
30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 12
Case No. 2:18-cv-01164 MJP

AKW LAW, P.C.
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1

**CERTIFICATE OF SERVICE**

2       The undersigned certifies under the penalty of perjury under the laws of the State of

3   Washington that I am now and at all times herein mentioned, a citizen of the United States, a

4   resident of the State of Washington, over the age of eighteen years, not a party to or interested

5   in the above-entitled action, and competent to be a witness herein.

6       On April 12, 2019, I caused a copy of the foregoing to be served on the parties listed

7   below in the manner specified below:

| | | |
|---|---|---|
| Medora A. Marisseau<br>KARR TUTTLE CAMPBELL<br>701 Fifth Avenue, Suite 3300<br>Seattle, WA 98104<br>E-mail: mmarisseau@karrtuttle.com<br>E-mail: kmejia@karrtuttle.com<br><br>*Attorneys for Defendant FedEx Freight, Inc.* | ☐ | VIA FACSIMILE |
| | ☒ | **VIA FIRST CLASS U.S. MAIL** |
| | ☐ | VIA MESSENGER/HAND DELIVERY |
| | ☒ | VIA E-MAIL/E-FILE<br>*Per 11/30/18 Stipulation<br>Regarding Electronic Service* |
| Donald H. Snook<br>FEDEX FREIGHT, INC.<br>1715 Aaron Brenner Drive, Suite 600<br>Memphis, TN 38120<br>E-mail: donald.snook@fedex.com<br>E-mail: deborah.hill@fedex.com<br><br>*Attorneys for Defendant FedEx Freight, Inc.* | ☐ | VIA FACSIMILE |
| | ☐ | VIA FIRST CLASS U.S. MAIL |
| | ☒ | VIA MESSENGER/HAND DELIVERY |
| | ☒ | VIA E-MAIL/E-FILE<br>*Per 11/30/18 Stipulation<br>Regarding Electronic Service* |

DATED this 12th day of April, 2019.

/s/ Kaila A. Eckert
Kaila A. Eckert

*CONTINUED THIRD AMENDED* **NOTICE OF VIDEOTAPED RULE 30(b)(6) DEPOSITION OF DEFENDANT FEDEX FREIGHT, INC. - 13**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529