THE HONORABLE MARSHA J. PECHMAN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

                              Plaintiff,

v.

FEDEX FREIGHT, INC.

                              Defendant.

Case No. 2:18-cv-01164 MJP

**PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTIONS**

Pursuant to Local Rules W.D. Wash. LCR 51, Plaintiff proposes the following instructions.

DATED this 25th day of November, 2019.

                              Respectfully submitted,

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
*/s/ Jordan T. Wada*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff David Goldstine
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

**BLOOM LAW PLLC**

/s/ Beth Bloom
Beth Bloom, WSBA #31702
Attorneys for Plaintiff David Goldstine
3827C South Edmunds Street
Seattle, Washington 98118
Tel.: (206) 323-0409
E-mail: bbloom@bloomlawpllc.com

| No. | Title | Source | Page No. | Party |
|---|---|---|---|---|
| **Proposed Instructions** | | | | |
| | Unconscious Bias Instruction | WPIC 1.01 | 4 | Plaintiff |
| | Neutral Statement | 9th Cir. 1.5 | 5 | Plaintiff |
| | Corporation Acts Through its Employees | WPIC 50.18 | 7 | Plaintiff |
| | Publicity During Trial | 9th Cir. 1.16 | 8 | Plaintiff |
| | Outline of Trial | 9th Cir. 1.21 | 9 | Plaintiff |
| | Definition of Disability—Disparate Treatment Cases (WLAD) | WPIC 330.31, 330.31.01 (modified) | 10 | Plaintiff |
| | Disability Discrimination—Disparate Treatment (WLAD) | WPIC 330.32 (modified) | 12 | Plaintiff |
| | Substantial Factor (WLAD) | WPIC 330.01.01 | 14 | Plaintiff |
| | Retaliation (WLAD) | WPIC 330.05, 330.01.01 (modified) | 15 | Plaintiff |
| | Definition of Disability—Disparate Treatment Cases (ADA) | 9th Cir. 12.1A, B, C; 12.2 (modified) /Case Law | 16 | Plaintiff |
| | Disability Discrimination—Disparate Treatment (ADA) | 9th Cir. 12.1A, B C (modified) | 19 | Plaintiff |
| | Definition of Qualified Individual (ADA) | 9th Cir. 12.5 | 20 | Plaintiff |
| | Ability to Perform Essential Functions—Factors (ADA) | 9th Cir 12.6 (modified) | 21 | Plaintiff |
| | Pretext | 5th Cir. 11.1/8th Cir. 5.20/Case Law | 23 | Plaintiff |
| | Disability Discrimination—Reasonable Accommodation (WLAD) | WPIC 330.33 (modified)/Case Law | 24 | Plaintiff |
| | Disability Discrimination—Reasonable Accommodation (ADA) | 9th Cir. 12.7 (modified)/Case Law | 26 | Plaintiff |
| | Reasonable Accommodation—Definition (ADA) | 9th Cir. 12.7 (modified)/ WIPIC 330.34 (modified)/ Case | 28 | Plaintiff |

| | | Law | | |
|---|---|---|---|---|
| | Reasonable Accommodation—Continuing Duty | Case Law | 31 | Plaintiff |
| | Interactive Process | Case Law | 32 | Plaintiff |
| | Damages—Employment Discrimination | WPIC 330.81 (modified) | 33 | Plaintiff |
| | Proximate Cause—Substantial Factor Test | WPIC 15.02 | 35 | Plaintiff |
| | Particular Susceptibility | WPIC 30.18.01 | 36 | Plaintiff |
| | Mortality Tables | WPIC 34.04 (modified) | 37 | Plaintiff |
| | Punitive Damages (ADA) | 9th Cir. 5.5 (modified) | 38 | Plaintiff |

**INSTRUCTION NO. __**

**UNCONSCIOUS BIAS INSTRUCTION**

It is important that you discharge your duties without discrimination, meaning that bias regarding the race, color, religious beliefs, national origin, sexual orientation, gender, or disability of any party, any witnesses, and the lawyers should play no part in the exercise of your judgment throughout the trial. These are called "conscious biases"—and, when answering questions, it is important, even if uncomfortable for you, to share these views with the lawyers.

However, there is another more subtle tendency at work that we must all be aware of. This part of human nature is understandable but must play no role in your service as jurors. In our daily lives, there are many issues that require us to make quick decisions and then move on. In making these daily decisions, we may well rely upon generalities, even what might be called biases or prejudices. That may be appropriate as a coping mechanism in our busy daily lives but bias and prejudice can play no part in any decisions you might make as a juror. Your decisions as jurors must be based solely upon an open-minded, fair consideration of the evidence that comes before you during trial.

**Authorities:**

Adapted Washington Pattern Jury Instr. Civ. WPIC 1.01 (7th ed. July 2019).

**INSTRUCTION NO. __**

**NEUTRAL STATEMENT**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

This is a civil case brought by David Goldstine against his former employer FedEx Freight, Inc. Mr. Goldstine was a semi-truck driver. One night he decided not to climb up into the back of a semi-trailer. FedEx alleges that climbing into semi-trailers is an essential job function. Mr. Goldstine asserted that to do so in this instance was unsafe due to the conditions. He added that he had limitations in his right knee that would make it more difficult for him. FedEx responded by prohibiting Mr. Goldstine from commercially driving until he was medically re-certified by a Department of Transportation medical examiner. You will hear that a DOT medical examiner recertified Mr. Goldstine more than once but FedEx would not accept his medical certification. After waiting three months without pay, Mr. Goldstine took another job. Eventually, FedEx accepted Mr. Goldstine's medical certification but Mr. Goldstine did not return.

Mr. Goldstine claims that FedEx Freight violated the law by (1) discriminating against him because of his knee condition when he could do his job, (2) retaliating against him because he voiced concerns about disability discrimination; and (3) failing to work with him to find a reasonable disability accommodation to the extent FedEx had doubts about whether Mr. Goldstine could do his job. As a result of FedEx Freight's unlawful actions, Mr. Goldstine claims he has suffered harms and losses in amounts to be established by you, the Jury.

FedEx Freight denies these claims and asserts that FedEx Freight never regarded Mr.

Goldstine as disabled and all actions taken related to Mr. Goldstine resulted from FedEx Freight's effort to maintain consistent application of its policies and procedures. FedEx Freight also contends that Mr. Goldstine failed to participate in the interactive process when he did not respond to the company's offer to return to work and failed to mitigate his damages.

Mr. Goldstine denies FedEx Freight's affirmative defenses.


**<u>Authorities:</u>**

Ninth Circuit Model Civil Jury Instructions, § 1.5 (2017 ed.) (last updated October 2019) (modified).

### INSTRUCTION NO. __

### CORPORATION ACTS THROUGH ITS EMPLOYEES

Defendant FedEx Freight is a corporation. A corporation can act only through its officers and employees. Any act or omission of an officer or employee is the act or omission of the corporation.

**Authorities:**

Washington Pattern Jury Instr. Civ. WPI 50.18 (7th ed. July 2019).

## INSTRUCTION NO. __

## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, § 1.16 (2017 ed.).

**INSTRUCTION NO. __**

**OUTLINE OF TRIAL**

Trials proceed in the following way:  First, each side may make an opening statement. An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine.  Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, § 1.21 (2017 ed.).

**INSTRUCTION NO. __**

**DEFINITION OF DISABILITY—DISPARATE TREATMENT CASES**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

A disability is a sensory, mental, or physical impairment that:

      (1)     Is medically recognized or diagnosable; or

      (2)     Exists as a record or history; or

      (3)     Is perceived by the employer to exist, whether or not it exists in fact.

A disability may exist whether it is temporary or permanent, common or uncommon, mitigated or unmitigated, whether or not it limits the ability to work generally or work at a particular job, or whether or not it limits any other activity.

An impairment includes but is not limited to:

A physiological disorder or condition affecting one or more of the following body systems: musculoskeletal, cardiovascular, hemic and lymphatic.

[additional definitions omitted for brevity]

I have found that Defendant FedEx Freight perceived Mr. Goldstine to have a physical impairment. Therefore, you should find the third element of this definition as established.

Mr. Goldstine admits he has a record of physical impairment that substantially limited his ability to bend and walk. He received a total knee replacement surgery years before he was hired at FedEx Freight. Therefore, you should consider the second element of this

definition as established.

**Authorities:**

Washington Pattern Jury Instr. Civ. WPI 330.31 and 330.31.01 (7th ed., updated July 2019) (modified as indicated); Order on Motions for Summary Judgment [Dkt. # 74] at 12:1-2; 13:13-14.

**INSTRUCTION NO. __**

**DISABILITY DISCRIMINATION—DISPARATE TREATMENT**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

Discrimination in employment on the basis of disability is prohibited.

To establish his claim of discrimination on the basis of disability (<u>as that term is defined above</u>), Mr. Goldstine has the burden of proving each of the following propositions:

(1) That he has a disability or was perceived to have a disability;

(2) That he was able to perform the essential functions of the job in question <u>with or without a reasonable accommodation</u>; and

(3) That his disability or the perception of his disability was a substantial factor in FedEx Freight's decision to <u>either</u>

    (a)  <u>disqualify Mr. Goldstine and not allow him to continue to drive as a Road Driver after April 11, 2017 because of his disability; OR</u>

    (b) <u>not allow Mr. Goldstine to work while receiving no income for an unknown period of time.</u>

Mr. Goldstine does not have to prove that disability or perceived disability was the only factor or the main factor in the decision. Nor does Mr. Goldstine have to prove that he would have been retained but for his disability or perceived disability.


If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Goldstine on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for FedEx Freight on this claim.

**Authorities:**

Washington Pattern Jury Instr. Civ. WPI 330.32 (7th ed., updated July 2019) (modified as indicated).

**INSTRUCTION NO. __**

**SUBSTANTIAL FACTOR**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

"Substantial factor" means a significant motivating factor in bringing about the employer's decision. "Substantial factor" does not mean the only factor or the main factor in the challenged act or decision.

<u>**Authorities**</u>:

Washington Pattern Jury Instr. Civ. WPI 330.01.01 (7th ed., updated July 2019).

**INSTRUCTION NO. __**

**EMPLOYMENT DISCRIMINATION—RETALIATION**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

It is unlawful for an employer to retaliate against a person for opposing what the person reasonably believed to be discrimination on the basis of disability.

To establish a claim of unlawful retaliation by FedEx Freight, Mr. Goldstine has the burden of proving both of the following propositions:

(1) That Mr. Goldstine was opposing what he reasonably believed to be discrimination on the basis of disability; and

(2) That a substantial factor in the adverse employment decision was Mr. Goldstine's opposing what he reasonably believed to be discrimination.

Mr. Goldstine does not have to prove that opposing discrimination was the only factor or the main factor in the decision, nor does Mr. Goldstine have to prove that the adverse employment decision would not have occurred but for his opposition.


If you find from your consideration of all of the evidence that both of these propositions have been proved, then your verdict should be for Mr. Goldstine on this claim. On the other hand, if any one of these propositions has not been proved, your verdict should be for FedEx Freight on this claim.

**Authorities:**
Washington Pattern Jury Instr. Civ. WPI 330.05, WPI 330.01.01 (7th ed., updated July 2019) (modified as indicated).

**INSTRUCTION NO. __**

**DEFINITION OF DISABILITY—DISPARATE TREATMENT CASES**

**(AMERICANS WITH DISABILITES ACT)**

The first element of an ADA claim that Mr. Goldstine must prove is that he has a recognized disability under the ADA.

A "disability" under the ADA means either:

(1)      a physical or mental impairment that substantially limits one or more major life activities;

(2)      a record of a physical or mental impairment that substantially limited one or more major life activities; or

(3)      being regarded as having a physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity*.

Mr. Goldstine admits he has a record of physical impairment that substantially limited his ability to bend and walk. Therefore, you should consider the second element of this definition as established.

I have found that Defendant FedEx regarded Mr. Goldstine as having a physical impairment. Therefore, you should treat the third element of this definition as established.

The terms "disability" and "physical or mental impairment" include any physiological disorder, or condition, or anatomical loss affecting one or more of the following body systems: musculoskeletal, cardiovascular, hemic and lymphatic.

The term "substantially limits" should be construed broadly.  An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.

An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

Major life activities are the normal activities of living that a nondisabled person can do with little or no difficulty, such as <u>walking, standing, bending</u>.

[see modified and combined disparate treatment instruction to follow]

**<u>Authorities:</u>**

Ninth Circuit Model Civil Jury Instructions, §§ 12.1A, 12.1B and 12.1C; 12.2 (2017 ed., revised Oct. 2019) (modified as indicated). Order on Motions for Summary Judgment [Dkt. # 74] at 12:1-2; 13:13-14. *Nunies v. HIE Holdings, Inc*., 908 F.3d 428, 436 (9th Cir. 2018) (citing 29 C.F.R. § 1630.2(j)(1)(i) & (ii)); 29 C.F.R. § 1630.2(j)(1)(i) & (ii); 42 U.S.C. § 12101 (4)(c)

Under the ADA, "[t]he term 'disability' means, with respect to an individual — (A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment."  42 U.S.C. § 12102(1).

The term "substantially limits" must be interpreted consistently with the ADAA. *Id.* § 12102(4)(B). "'An impairment is a disability . . . if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting.'" Weaving v. City of Hillsboro, 763 F.3d 1106, 1111 (9th Cir. 2014) (quoting 29 C.F.R. § 1630.2(j)(1)(ii)).

"Under [the ADA Amendments Act ("ADAAA")],

> An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment *whether or not the impairment limits or is perceived to limit a major life activity.*

*Nunies v. HIE Holdings, Inc*., 908 F.3d 428, 434 (9th Cir. 2018) (emphasis original) (quoting 42 U.S.C. § 12102(3)(A)).  Whether FedEx Freight held a subjective belief that Mr. Goldstine's impairment substantially limited a major life activity is irrelevant.  *Nunies*, 908 F.3d at 434 (recognizing that the ADAAA abrogated the former rule requiring such evidence.).  This clause is proposed for clarity.

**INSTRUCTION NO. __**

**ADA EMPLOYMENT ACTIONS—DISPARATE TREATMENT CASES**

**(AMERICANS WITH DISABILITIES ACT)**

Mr. Goldstine claims that his disability was the reason for FedEx Freight's employment decisions.

To succeed on this claim Mr. Goldstine has the burden of proving the following by a preponderance of the evidence:

(1) he has a disability, a record of disability, or was regarded as disabled as those terms are defined in these instructions;

(2) he was a qualified individual as that term is later defined in these instructions; and

(3) he was:

        (a)    subject to disqualification and not allowed to continue to drive as a Road Driver after April 11, 2017 because of his disability; OR

        (b)    not allowed to work while receiving no income for an unknown period of time because of his disability.


If you find that Mr. Goldstine has proved all of these elements, your verdict should be for Mr. Goldstine. If, on the other hand, Mr. Goldstine has failed to prove any of these elements, your verdict should be for FedEx Freight.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, §§ 12.1A, 12.1B, and 12.1C (2017 ed., revised Oct. 2019) (modified as indicated).

**INSTRUCTION NO. __**

**QUALIFIED INDIVIDUAL—DEFINITION**

**(AMERICANS WITH DISABILITES ACT)**

The second element of the ADA claim that Mr. Goldstine must prove is that he is a qualified individual under the ADA.

The term qualified individual means an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. The individual must satisfy the requisite skill, experience, education, and other job-related requirements of the employment position.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, § 12.5 (2017 ed., revised Oct. 2019).

**INSTRUCTION NO. __**

**ABILITY TO PERFORM ESSENTIAL FUNCTIONS—FACTORS**

**(AMERICANS WITH DISABILITES ACT)**

An essential function of an employment position means the fundamental job duties of the employment position the plaintiff holds or desires.  It does not include the marginal functions that may occur through the course of a job.

You must consider the employer's judgment as to what functions of a job are essential.  If any employer has prepared a written description before advertising or interviewing applicants for the job, this description is evidence of the essential functions of the job.

Other factors that may bear upon whether a job function is essential include, but are not limited to:

(1)     whether the reason the position exists is to perform that function;

(2)     whether there are a limited number of employees available among whom the performance of that job function can be distributed;

(3)     whether the job function is highly specialized, and the person in that particular position is hired for his expertise or ability to perform the particular function; and

(4)     the amount of time spent performing the job function.

(5)     the consequences of not requiring the individual holding the position to perform the function;

(6)     the terms of any collective bargaining agreement;

(7)     the work experience of past employees who have held the position;

and

(8)    the work experience of current employees that hold similar positions.

**<u>Authorities:</u>**

Ninth Circuit Model Civil Jury Instructions, § 12.6 (2017 ed., revised Oct. 2019).

## INSTRUCTION NO. __

## PRETEXT

If you find that FedEx Freight's stated reasons for disqualifying Mr. Goldstine and not allowing him to work are unworthy of belief, you may, but are not required to, infer that FedEx Freight discriminated against Mr. Goldstine on the basis of his disability.

**Authorities:**

Fifth Circuit Pattern Jury Instructions (Civil Cases), 2014 Edition, revised Oct. 2016, Civil Jury Instruction 11.1 (Title VII – Discrimination); *see Farah v. Hertz Transporting, Inc.*, 196 Wn. App. 171, 176, 181, 383 P.3d 552 (2016) (while such "pretext instruction" might be appropriate, the arguments in its favor are not compelling enough to hold that it is an abuse of discretion to refuse to give the instruction); *see also Townsend v. Lumbermens Mut. Cas. Co.*, 294 F.3d 1232, 1241 (10th Cir. 2002) ("hold[ing] that in cases such as this, a trial court must instruct jurors that if they disbelieve an employer's proffered explanation they may—but need not—infer that the employer's true motive was discriminatory"; and that the refusal to give an instruction identical to the 8th Circuit Court of Appeals' Model Instruction was not harmless error); *citing with approval Smith v. Borough of Wilkinsburg*, 147 F.3d 272, 280 (3rd Cir. 1998) ("It is difficult to understand what end is served by reversing the grant of summary judgment for the employer on the ground that the jury is entitled to infer discrimination from pretext ... if the jurors are never informed that they may do so."); *Deboom v. Raining Rose, Inc.*, 772 N.W.2d 1, 11 (Iowa 2009) ("If the plaintiff … presents evidence of pretext, failure to provide a pretext instruction will result in prejudice.").

**INSTRUCTION NO. __**

**DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

Discrimination in employment on the basis of disability is prohibited. One form of unlawful discrimination is a failure to reasonably accommodate an employee's disability.

To establish his claim of discrimination on the basis of failure to reasonably accommodate a disability, Mr. Goldstine has the burden of proving each of the following propositions:

(1) That he had an impairment that is medically recognizable or diagnosable or exists as a record or history; and

(2) That either

(a) the employee gave the employer notice of the impairment; or

(b) no notice was required to be given because the employer knew about the employee's impairment; and

(3) That either:

(a) the impairment has or had a substantially limiting effect on

(i) his ability to perform his job; or

(ii) his ability to access privileges of employment;

[omitted]

and

(4) That he would have been able to perform the essential functions of the job in question with reasonable accommodation; and

(5) That FedEx Freight failed to reasonably accommodate the impairment.

In determining whether an impairment has a substantially limiting effect, a limitation is not substantial if it has only a trivial effect.

I have found that Defendant FedEx Freight was on notice of the need for a reasonable accommodation. Therefore, you should treat the second element of this definition as established.

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Goldstine on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for FedEx Freight on this claim.

**Authorities:**

Washington Pattern Jury Instr. Civ. WPI 330.33 (7th ed., updated July 2019) (modified as indicated); Order on Motions for Summary Judgment [Dkt. # 74], 13:15-18.

**INSTRUCTION NO. __**

**DISABILITY DISCRIMINATION—REASONABLE ACCOMMODATION**

**(AMERICANS WITH DISABILITIES ACT)**

To establish Mr. Goldstine's claim that FedEx Freight discriminated against him in violation of the ADA by failing to provide a reasonable accommodation, he must prove, by a preponderance of the evidence, each of the following three elements:

(1)     Mr. Goldstine is a "qualified individual";

(2)     FedEx Freight received adequate notice of Mr. Goldstine's disability and <u>the need</u> for a reasonable accommodation; and

(3)     a reasonable accommodation is available that would have enabled Mr. Goldstine to perform the essential functions of the job.

<u>I have found that Defendant FedEx was on notice of the need for a reasonable accommodation. Therefore, you should treat the second element of this definition as established.</u>

If you find from your consideration of all of the evidence that each of these propositions has been proved, then your verdict should be for Mr. Goldstine on this claim. On the other hand, if any of these propositions has not been proved, your verdict should be for FedEx Freight on this claim.

**<u>Authorities:</u>**

Ninth Circuit Model Civil Jury Instructions, § 12.7 (2017 ed., revised Oct. 2019) (modified as indicated); Order on Motions for Summary Judgment [Dkt. # 74], 13:15-18.

**INSTRUCTION NO. __**

**REASONABLE ACCOMMODATION—DEFINITION**

**(AMERICANS WITH DISABILITIES ACT)**

**(WASHINGTON LAW AGAINST DISCRIMINATION)**

A reasonable accommodation is a measure that enables the proper performance of the essential job functions or the enjoyment of equal benefits, privileges, or terms and conditions of employment that are available to employees without disabilities.

Once an employer is on notice of an impairment, the employer has a duty to inquire about the nature and extent of the impairment. The employee has a duty to cooperate with his employer to explain the nature and extent of the employee's impairment and resulting limitations as well as his qualifications.

An employer must provide a reasonable accommodation for an employee with a disability unless the employer can show that the accommodation would impose an undue hardship on the employer. The obligation to reasonably accommodate applies to all aspects of employment, and an employer cannot deny an employment opportunity to a qualified employee because of the need to provide reasonable accommodation.

Reasonable accommodations by the employer may include, but are not limited to:

(1)     Adjustments in job duties, work schedules, or scope of work;

(2)     Changes in the job setting or conditions of work;

(3)     Informing the employee of vacant positions and considering the employer for those position for which the employee is qualified.

An employer must provide a reasonable accommodation for an employee with a

disability unless the employer can show that the accommodation would impose an "undue hardship" on the employer. A reasonable accommodation does not include changing or eliminating any essential function of employment, shifting any of the essential functions of the subject employment to others, or creating a new position for the disabled employee.

There may be more than one reasonable accommodation of a disability.

The duty to accommodate is continuing. If an employer's first attempt at accommodation fails, it must continue to attempt modes of accommodation unless it can demonstrate that remaining modes of accommodation constitute an undue hardship. An employer's previously unsuccessful attempts at accommodation do not give rise to liability if the employer ultimately provides a reasonable accommodation.

You may consider whether a party cooperated in an "interactive process," as that term is later defined in these instructions, in good faith in evaluating the merit of that party's claim that a reasonable accommodation did or did not exist.

An employee does not need to demonstrate that a proposed accommodation is certain or even likely to succeed in order to prove that it is a reasonable accommodation. If the employee can establish the existence of an accommodation that plausibly would have permitted him to perform essential job duties and the employer offered no accommodation, the employer failed to reasonable accommodate the impairment.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, § 12.7 (2017 ed., revised Oct. 2019) (modified); Washington Pattern Jury Instr. Civ. WPI 330.34 (7th ed., updated July 2019); Order on Motions for Summary Judgment [Dkt. # 74], 13:11-18; *Brady v. Wal-Mart Stores, Inc.*, 531 F.3d 127 (2d Cir. 2008); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 n.14, 1138

(9th Cir. 2001); *Kimbro v. Atlantic Richfield Co.*, 889 F.2d 869, 879 (9th Cir. 1989); *Dorsey v. CHS, Inc.*, 15-CV-02735-RBJ, 2017 WL 1356093, at *1 (D. Colo. Apr. 13, 2017); *Goodman v. Boeing Co.*, 127 Wn.2d 401, 408 (1995).

**INSTRUCTION NO. __**

**REASONABLE ACCOMMODATION—CONTINUING DUTY**

The duty to accommodate is a continuing duty that is not exhausted by one effort. Trial and error may be necessary as part of the interactive process to satisfy the employer's burden. The employer's obligation to engage in the interactive process extends beyond the first attempt at accommodation when the employee asks for a different accommodation or where the employer is aware that the initial accommodation is failing and further accommodation is needed.

If a reasonable accommodation turns out to be ineffective and the employee with a disability remains unable to perform an essential function, the employer must consider whether there would be an alternative reasonable accommodation that would not pose an undue hardship. The employer has an obligation to affirmatively take steps to help the disabled employee continue working at the existing position or attempt to find a position compatible with the limitations.

**<u>Authorities</u>:**

*Humphrey v. Mem'l Hosp. Ass'n*, 239 F.3d 1128, 1138 (9th Cir.2001); *Frisino v. Seattle School Dist. No. 1*, 160 Wn. App. 765, 779-82 (2011); *Griffith v. Boise Cascade Inc.*, 111 Wn. App. 436, 442 (2002).

## INSTRUCTION NO. __

## INTERACTIVE PROCESS

The law requires that the employer engage in a flexible interactive process in good faith in order to reasonably accommodate an employee's disability. An employer who fails to engage in such an interactive process in good faith is liable for damages if a reasonable accommodation would have been possible.

Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations. The interactive process requires (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective.

**Authorities:**

 *Zivkovic v. S. Cal. Edison Co.*, 302 F. 3d 1080, 1089 (9th Cir. 2002) ("The interactive process requires: (1) direct communication between the employer and employee to explore in good faith the possible accommodations; (2) consideration of the employee's request; and (3) offering an accommodation that is reasonable and effective"); *Vinson v. Thomas,* 288 F.3d 1145, 1154 (9th Cir. 2002) ("An employer who fails to engage in such an interactive process in good faith may incur liability 'if a reasonable accommodation would have been possible'"); *Humphrey v. Mem'l Hosp. Ass'n,* 239 F.3d 1128, 1137 (9th Cir. 2001) ("Once an employer becomes aware of the need for accommodation, that employer has a mandatory obligation under the ADA to engage in an interactive process with the employee to identify and implement appropriate reasonable accommodations"); *Frisino v. Seattle Sch. Dist. No. 1,* 160 Wn. App. 765, 781-83, (2011) ("Generally, the best way for the employer and employee to determine a reasonable accommodation is through a *flexible,* interactive process"; "An employer may choose to make only one attempt at accommodation, but it risks statutory liability if that attempt is not effective and it cannot show that additional efforts are an undue burden."); *Goodman* v. *Boeing*, 127 Wn.2d 401 (employer did not reasonably accommodate because it failed to affirmatively ascertain the nature and extent of employee's disability).

**INSTRUCTION NO. __**

**DAMAGES—EMPLOYMENT DISCRIMINATION**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If your verdict is for Mr. Goldstine, you must determine the amount of money that will reasonably and fairly compensate him for such damages as you find were proximately caused by the acts of FedEx Freight.

If you find for Mr. Goldstine, you should consider the following:

(1)     The reasonable value of lost past earnings, fringe benefits, and earning capacities from the date of the wrongful conduct to the present;

(2)     The reasonable value of lost earnings, fringe benefits, and earning capacities from the date of the wrongful conduct in the future; and

(3)     The emotional harm to Mr. Goldstine caused by FedEx Freight's wrongful conduct, including emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish experienced and with reasonable probability to be experienced by the plaintiff in the future.

The burden of proving damages rests with the party claiming them, and it is for you to determine, based upon the evidence, whether any particular element has been proved by a preponderance of the evidence.

Any award of damages must be based upon evidence and not upon speculation, guesswork or conjecture.  The law has not furnished us with any fixed standards by which to

measure emotional distress, loss of enjoyment of life, humiliation, pain and suffering, personal indignity, embarrassment, fear, anxiety, and/or anguish.  With reference to these matters, you must be governed by your own judgment, by the evidence in the case, and by these instructions.

**<u>Authorities:</u>**

Washington Pattern Jury Instr. Civ. WPI 330.81(7th ed.) (modified).

**INSTRUCTION NO. __**

**PROXIMATE CAUSE—SUBSTANTIAL FACTOR TEST**

The term "proximate cause" means a cause that was a substantial factor in bringing about the event or injury in question even if the result would have occurred without it.

**<u>Authorities</u>:**

Washington Pattern Jury Instr. Civ. WPI 15.02 (7th ed.).

**INSTRUCTION NO. __**

**PARTICULAR SUSCEPTIBILITY**

If your verdict is for Mr. Goldstine, and if you find that:

(1) Before the adverse employment action, Mr. Goldstine had a mental condition

that was not causing pain or disability; and

(2) The mental condition made Mr. Goldstine more susceptible to injury than a

person in normal health,

then you should consider all the injuries and damages that were proximately caused by the

adverse employment action, even though those injuries, due to the pre-existing condition,

may have been greater than those that would have been incurred under the same

circumstances by a person without that condition.

**<u>Authorities:</u>**

Washington Pattern Jury Instr. Civ. WPI 30.18.01 (7th ed.).

**INSTRUCTION NO. __**

**MORTALITY TABLES**

David Goldstine is currently 54 years old. According to mortality tables, the average expectancy of life of a man aged 54 years is 26.21 years. This one factor is not controlling, but should be considered in connection with all the other evidence bearing on the same question, such as that pertaining to the health, habits, and activity of the person whose life expectancy is in question.

**Authorities:**

Washington Pattern Jury Instr. Civ. WPI 34.04 (7th ed.);
Washington Insurance Commissioner's Office most recent mortality table.
https://www.insurance.wa.gov/sites/default/files/2017-07/single-life-based-on-2010-us-population-mortality-life-expectancy-tables-1a-through-1h.pdf (last visited 11/19/2019).

INSTRUCTION NO. __

**PUNITIVE DAMAGES**

**(AMERICANS WITH DISABILITIES ACT)**

If you find for Mr. Goldstine, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

Mr. Goldstine has the burden of proving by a preponderance of the evidence that punitive damages should be awarded and, if so, the amount of any such damages.

You may award punitive damages only if you find that FedEx Freight's conduct that harmed Mr. Goldstine was malicious, oppressive or in reckless disregard of his rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring Mr. Goldstine. Conduct is in reckless disregard of Mr. Goldstine's rights if, under the circumstances, it reflects complete indifference to his rights, or if FedEx Freight acts in the face of a perceived risk that its actions will violate Mr. Goldstine's rights under federal law. An act or omission is oppressive if FedEx Freight injures or damages or otherwise violates the rights of Mr. Goldstine with unnecessary harshness or severity, such as by misusing or abusing authority or power or by taking advantage of some weakness or disability or misfortune of Mr. Goldstine.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of FedEx Freight's conduct.

In addition, you may consider the relationship of any award of punitive damages to any

actual harm inflicted on Mr. Goldstine.

**Authorities:**

Ninth Circuit Model Civil Jury Instructions, § 5.5 (2017 ed.) (modified).

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Medora A. Marisseau
Karr Tuttle Campbell
701 Fifth Avenue, Ste. 3300
Seattle, WA 98104
E-mail: MMarisseau@karrtuttle.com
E-mail: jlikit@karrtuttle.com

Donald H. Snook, TN Bar #21775
FedEx Freight, Inc.
1715 Aaron Brenner Drive, Suite 600
Memphis, TN 38120
E-mail: Donald.snook@fedex.com
*Counsel for Defendant FedEx Freight, Inc.*

Beth Bloom, WSBA #31702
Attorney for Plaintiff
3827C South Edmunds Street
Seattle, WA 98118
Tel.: (206) 323-0409
E-mail: bbloom@bloomlawpllc.com
*Co-counsel for Plaintiff David Goldstine*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Dated this 25th day of November, 2019, at Mountlake Terrace, Washington.

*/s/ Kaila A. Eckert_____ _____*
Kaila A. Eckert, Paralegal