UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>                Plaintiff,<br><br>    v.<br><br>FEDEX FREIGHT INC,<br><br>                Defendant. | CASE NO. C18-1164 MJP<br><br>ORDER DECLARING MISTRIAL AND SANCTIONS |

This case has had a troubled discovery history. Plaintiff filed his first Motion to Compel on December 12, 2018 (Dkt. No. 22), a motion which was withdrawn when Defendant provided and/or promised to provide the requested discovery in response to the motion. Dkt. No. 28. On February 13, 2019, Plaintiff was required to file a second Motion to Compel (Dkt. No. 33); on top of additional failures to comply with the civil rules and provide proper responses, the second motion also addressed the incomplete answers and production in response to the first motion to compel, responses which had been promised by January 31, 2019. Id. at 7.

ORDER DECLARING MISTRIAL AND SANCTIONS - 1

The Court granted the second motion and ordered Defendant to "provide full and complete further responses (without objections) and all responsive documents to Plaintiff's First Set of Interrogatories and Requests for Production of Documents within 7 days of the date of this Order." Dkt. No. 40. Plaintiff's counsel has documented an ongoing series of failures to comply with that order for months after it was issued, including an April 2019 deposition where a defense witness appeared with responsive documents in her possession that defense counsel was not even aware existed. Dkt. No. 77, Decl. of Wong at ¶ 4. It is apparent to the Court that Defendant had not conducted an adequate search to supply all the responsive documents in their control.

In May of 2019, Defendant's ongoing non-responsiveness to discovery requests and orders motivated Plaintiff to file a Third Motion to Compel requesting responses to a Third Set of Discovery Requests (filed in April) to which Plaintiff had received no answer at all. Dkt. No. 43. On May 31, 2019, the Court ordered the parties to meet and confer (Dkt. No. 51), which they did on June 5, 2019. A memorandum of the June 5, 2019 meet and confer indicates that defense counsel promised to consult with his client concerning the benefits materials. He neither returned to Plaintiff's counsel with the promised materials nor advised opposing counsel that the materials would not be forthcoming.

It was not until June 14, 2019 that Plaintiff received documents responsive to his first set of discovery requests (served in September of 2018) and to his three motions to compel (some of which were due, by this Court's order, on March 26, 2019).

Among the material which Plaintiff had requested that Defendant produce were his personnel files, a request which (in Plaintiff's mind and in the Court's experience) should include all documentation relevant to his benefits. Defendant did not produce the benefits

material; defense counsel then unilaterally decided that Plaintiff's request for a 30(b)(6) witness to testify regarding benefits was not necessary and refused to produce the witness.

When Plaintiff's damages expert issued a supplemental opinion report incorporating the (admittedly incomplete) information that Plaintiff was personally able to cobble together regarding benefits, along with a recalculated retirement age, it produced a swing in her damages estimate of nearly $400,000. Defendant objected to the introduction of the supplemental report or to allowing the expert to testify to her revised calculations.

On the day trial was set to begin in this matter, the Court held a preliminary hearing to address the issue of the motion for sanctions which Plaintiff had felt compelled to file in the face of all the difficulties documented *supra*. Based on the briefing for that motion and discussion held in open court, this Court finds a series of discovery violations by Defendant which include a failure to timely respond to discovery requests, a failure to timely locate and/or provide discovery as ordered by the Court, meeting and conferring then failing to deliver on promised actions (and either advising Plaintiff that the promises would not be fulfilled or bringing the dispute back to the Court for a protective order), and a unilateral decision by Defendant to refuse to identify a 30(b)(6) witness to testify regarding the company's benefits. Each and every discovery request made by Plaintiff was responded to either late or not at all.

In addition to the serious issues regarding the conduct of discovery, information was developed late in the case concerning Plaintiff's imminent need for kidney surgery based on concerns of a possible kidney cancer diagnosis. Although this may have been a factor in Plaintiff's request to press ahead with the trial of the case despite the state of his evidence, the Court cannot help but be cognizant of the impact of the impending surgery on Plaintiff's emotional state, not to mention the impact of the surgery and possible cancer diagnosis on the

issue of Plaintiff's damages for the emotional distress of being forced to confront this very serious procedure without medical benefits. This remains an issue requiring and deserving full evidentiary development prior to Plaintiff presenting his case to a jury.

Mistrial

There is no statute or federal rule governing the procedure for declaring a mistrial. Federal courts have inherent power to sanction conduct that subverts the judicial process. This power is "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).

ABA Model Rule 3.4 states that a lawyer shall not "obstruct another party's access to evidence," while FRCP 37(a)(4) indicates that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." The failure of Defendant to fully and timely provide Plaintiff with evidence which he had repeatedly requested and to which he had a right (plus the failure to timely advise Plaintiff when Defendant believed that such evidence was not in its possession) constituted a violation of acceptable standards of federal discovery practice and unquestionably impeded Plaintiff's ability to properly and fully prepare and present his case.

It is committed to the sound discretion of this Court to determine that such failure constituted an impassable barrier to the party's right to the orderly and expeditious disposition of his case. The fact that Plaintiff indicated that he was prepared to go forward with the presentation of his case anyway cannot deter this Court from fulfilling its obligation not only to the parties but to the federal judicial system. To require or permit Plaintiff to proceed with undeveloped and untested evidence upon which potentially rests hundreds of thousands of

dollars in damages or to allow the case to proceed without a developed record on Plaintiff's health concerns invites a miscarriage of justice this Court cannot countenance.

IT IS ORDERED that a mistrial is declared in the above-entitled matter. Defendant is assessed the costs of two days of jury service, which the Court finds to be $3,189.72[1], payable within seven days of this order to the Clerk of the Court.

Sanctions

The Court has also received and reviewed Plaintiff's Motion for Sanctions and Attorney's Fees (Dkt. No. 76), Defendant's response (Dkt. No. 85), Plaintiff's reply (Dkt. No. 88), all attached exhibits and declarations, and all relevant portions of the records. A federal trial court, in the exercise of its inherent power to control discovery, is empowered to impose sanctions to address past discovery violations and deter future misconduct. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404 (9th Cir. 2010). The Court is not required to make a finding of bad faith, but may nevertheless sanction a party who fails to properly and promptly respond to legitimate discovery requests or certifies that disclosures are correct and/or complete when such is not the case. FRCP 26, 37.

Additionally, a party may be sanctioned for failing to comply with a court order to produce discovery within a specified time period. FRCP 37(b)(2). The standard of what is sanctionable is governed by an objective reasonableness analysis, and the Court has discretion to impose a wide range of sanctions in the face of a party's failure to comply with the rules of discovery and orders enforcing those rules. *See* Oregon RSA No. 6 Inc. v. Castle Rock Cellular, 76 F.3d 1003, 1007 (9th Cir. 1996); *generally,* FRCP 37.

---

[1] This figure was obtained from a Cost Assessment Bill submitted by the Jury Administration Supervisor for the Seattle courthouse of the District Court for the Western District of Washington.

The Court finds that Defendant's conduct throughout discovery consistently fell below the standard set by the FRCPs and the case law concerning discovery obligations, that such failure seriously impacted Plaintiff's ability to prepare his case for trial, and therefore rules:

IT IS ORDERED that the motion for sanctions is GRANTED, and the following sanctions are imposed:

1. Defendant will provide full discovery to Plaintiff regarding his benefits while employed at the company.
2. Defendant will designate a 30(b)(6) witness on the issue of the company's benefits and will bear the cost of the deposition of that witness by Plaintiff.
3. Plaintiff's expert will be permitted to prepare a new and revised expert report based on the benefits discovery provided by Defendant; Defendant may further depose Plaintiff's expert at its own expense.
4. Plaintiff may supplement his evidence with information of his medical treatment, subject to the proposed timetable for compliance with the conditions of this order.
5. Plaintiff may present Dr. Hoffman as a witness; Defendant may depose Dr. Hoffman at its own expense.
6. Plaintiff and Defendant are ordered to participate in a settlement conference forthwith, at Defendant's expense. The parties must agree upon a settlement conference facilitator; if agreement is not attained within 14 days of the date of this order, the Court will appoint a person to conduct the settlement conference.
7. Defendant is assessed Plaintiff's fees and costs in bringing the motions for sanctions; Plaintiff will submit its affidavit of costs forthwith.

8. Plaintiff may bring on an additional motion for further sanctions related to the costs of the mistrial if he chooses.
9. The parties are ordered to meet and confer forthwith and provide the Court with a timetable for compliance with the conditions articulated *supra* by no later than **December 20, 2019**.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 13, 2019.

Marsha J. Pechman
United States Senior District Judge