UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>FEDEX FREIGHT, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 2:18-cv-01164 MJP<br><br>**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL**<br><br>**NOTE ON MOTION CALENDAR:**<br>January 10, 2020 |

## I. RELIEF REQUESTED

Plaintiff respectfully requests that the Court grant sanctions seeking reimbursement of attorney's fees and costs resulting from the mistrial caused by Defendant FedEx Freight Inc.'s ("FedEx") discovery misconduct. Sanctions arising from mistrial are authorized by Federal Rule of Civil Procedure 37 and this Court's inherent powers.

## II. STATEMENT OF FACTS

**A. Procedural History**

On December 10, 2019, the Court ordered a mistrial of this disability discrimination case. The jury had been selected the day prior. All eight jurors stood by ready to enter the courtroom. The parties

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 1**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

were about to begin opening statements. Witnesses were subpoenaed and gathering at the courthouse. Weeks of witness preparation were complete. Plaintiff David Goldstine had taken the week off work without pay. Non-refundable costs were incurred. Both parties were prepared to proceed with trial.

A mistrial is used in extreme circumstances to overcome irrevocable prejudice. In this instance, the Court ordered a mistrial because of discovery violations outlined in Plaintiff's motion for sanctions pursuant to Fed. R. Civ. P. 37. Motion for Sanctions [Dkt. # 76]. By written order, the Court explained:

> The failure of Defendant to fully and timely provide Plaintiff with evidence which he had repeatedly requested and to which he had a right (plus the failure to timely advise Plaintiff when Defendant believed that such evidence was not in its possession) constituted a violation of acceptable standards of federal discovery practice and unquestionably impeded Plaintiff's ability to properly and fully prepare and present his case.

Order at 4:12-17 [Dkt. # 133]. The Court found FedEx Freight Inc.'s failure to provide requested employee benefits information placed Plaintiff in the position of proceeding to trial with "undeveloped and untested evidence upon which potentially rests hundreds of thousands of dollars. . ." *Id.* at 4:22-5:2. This failure of discovery coupled with an undeveloped record on Plaintiff's health concerns invited a miscarriage of justice the Court could not countenance. *Id.* The Court ordered a mistrial *sua sponte* and over Plaintiff's objection. The mistrial followed three motions to compel by Plaintiff and a motion for discovery sanctions against Defendant. *See* Dkt. ## 22, 33, 43, 133.

During the hearing on December 10, 2019, Plaintiff described in detail the late disclosed discovery by Defendant. Transcript at 25:3-9; 26:17-27:5; 33:2-34:9 [Dkt. # 134]. Defense counsel acknowledged he was aware of the outstanding request for benefits information, *id.* at 9:17-19, and conceded that he had failed to follow up with Plaintiff's counsel. *Id.* at 12:3-5; 17:21-23. As to the late disclosed documents, FedEx's counsel claimed (despite evidence to the contrary) that the company "provided everything to [Plaintiff] that we had" within the Court's seven-day order to produce documents issued on March 19, 2019. *Id.* at 20:6-16; Order Granting Motion to Compel (3/9/2019)

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 2**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1   [Dkt. # 40]. Counsel claimed FedEx had asked its employees to produce all e-mails containing the
2   name "Goldstine" and that these e-mails were produced "early on." Transcript at 23:22-24:4, 24:17-
3   25:1 [Dkt. # 134]. Counsel explained that FedEx later supplemented its e-mail production with the
4   assistance of forensic services able to produce e-mails beyond what a "regular person is capable" of
5   producing through a key word search for the Plaintiff's name. *Id.*

6   During the hearing, Plaintiff demonstrated that FedEx's statements were false. *Id.* at 26:17-
7   27:5. Plaintiff displayed a critical e-mail on the document camera, showing that U.S. Healthworks'
8   Medical Regional Director notified FedEx that Plaintiff had passed a thorough medical certification.
9   *Id.*; Wong Decl., ¶ 4, Ex. A, (E-mail dated 5/2/2017). This e-mail appears to impeach the central
10  premise of FedEx's defense that the Federal Motor Carrier Safety Act prohibited Plaintiff's return to
11  work. Wong Decl. ¶ 5. This e-mail was not produced "early on," nor within seven days of the Court's
12  order compelling discovery, and only formally produced in the waning days of the discovery period.
13  Wong Decl. ¶ 6; *see also* Transcript at 24:17-25:1 [Dkt. # 134]. Plaintiff argued that if the e-mail
14  search had occurred as FedEx claimed, this key document – which contains the name "Goldstine"
15  eight times – should have been timely produced. Transcript at 26:17-27:5. FedEx could not offer a
16  satisfactory explanation. *Id.* at 24:5-8.

17  After reminding FedEx of its duties to comply with discovery obligations, the Court chastised
18  FedEx's counsel before concluding that a mistrial was unavoidable. Transcript at 18:13-18
19  (12/10/2019) [Dkt. # 134]. Explaining its reasoning for the mistrial, the Court cited "a troubled
20  discovery history," Order at 1 [Dkt. # 133], and a series of failures to cooperate in discovery by
21  FedEx's counsel Donald Snook which evidenced a "pattern of behavior" it found "problematic."
22  Transcript at 18:17-18 (12/10/2019) [Dkt. # 134]. The Court issued sanctions against FedEx
23  addressing the discovery failures that led to its mistrial order. Order at 6-7 [Dkt. # 133]. The Court

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 3**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

directed FedEx to pay $3,189.72 for the assessed cost of two days of jury service and invited this motion for further sanctions. Order at 5:3-5; 7:1-2 [Dkt. # 133]. The earliest the Court can set the case for trial is in April 2020.

**B.      Fees and Costs of Trial Preparation**

Preparation for trial is a herculean task. It requires months of effort by attorneys, paralegals, and witnesses alike. Fifteen-hour days are common. In the four weeks prior to December 10, 2019, four lawyers and two paralegals incurred $197,717.50 in fees preparing the case for trial. Wong Decl., ¶ 26; Bloom Decl., ¶ 28. The lawyers prepared and practiced opening statement, met with and prepared witnesses, reviewed deposition transcripts, closely read exhibits, planned and drafted examination questions, and attempted settlement negotiations. *Id.* Billing statements are provided with the declarations of counsel. Wong Decl., Ex. B; Bloom Decl., Ex. A. The lawyers estimate that approximately 35% of the work completed in the final four weeks before trial must be redone before the case is tried again in April. Wong Decl., ¶ 12; Bloom Decl., ¶ 8.

Plaintiff's expert, experienced trial counsel Elizabeth Hanley, states that Plaintiff's estimate of a minimum of 35% duplication of fees incurred in the approximately four weeks before trial is a reasonable estimate in this matter. Declaration of Elizabeth Hanley ¶15. According to Ms. Hanley, who has had to prepare for trial at least three times due to trial continuances, as much as almost 60% duplication of work from the 4 weeks before trial was necessary. Hanley Decl. ¶ 12.

Plaintiff also seeks to recoup costs associated with the mistrial. These costs are detailed in the accompanying attorney declarations. Wong Decl., Ex. C; Bloom Decl. ¶¶ 33-39. The preparation of this fee petition incurred an additional $11,857.50 in fees and $3,500 for the expert's declaration. Wong Decl., ¶ 30; Wada Decl., ¶ 16; Bloom Decl., ¶ 32; Hanley Decl., ¶ 16. Plaintiff seeks recovery of 35% of the legal fees incurred in the last four weeks before trial. In total, Plaintiff seeks

PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO
MISTRIAL - 4
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

reimbursement of $73,763.38 in attorney's fees for work that must be duplicated for the mistrial, $11,857.50 in attorney's fees incurred in bringing this motion, $3,500 for the expert's declaration, and $8,452.49 in costs.

### III. ISSUE PRESENTED

1. Whether this Court should award reasonable attorney's fees and costs to Plaintiff Goldstine for additional expenses that would not have been incurred but for FedEx's misconduct necessitating a mistrial.

### IV. EVIDENCE RELIED UPON

In support of this Motion, Plaintiff Goldstine relies upon the Declarations of Ada K. Wong, Jordan T. Wada, Beth Bloom, and Elizabeth Hanley, the attachments thereto, and the files and pleadings herein.

### V. AUTHORITY AND ARGUMENT

**A. Summary of the Law**

Federal Rule of Civil Procedure 37(b) lists the sanctions that become available when a party fails to obey a court order compelling discovery. These sanctions include deeming facts established, prohibiting evidence, issuing a stay, dispositive rulings, and contempt. Fed. R. Civ. P. 37(b)(2)(A).

In addition to Rule 37, federal courts possess certain "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). That authority includes "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

**B. The Court Has the Authority to Require FedEx to Pay All Expenses Plaintiff Would Not Incur But for the Mistrial.**

*1. FedEx Violated a Court Order. Fees & Costs May Be Awarded per Rule 37.*

The Court ordered a mistrial because FedEx failed to obey the Court's order compelling

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 5**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

discovery. Under these circumstances, all of the remedies under Rule 37(b) and the Court's inherent powers are available to compensate Plaintiff for the harm resulting from the mistrial.

There should be no question on this record that FedEx failed to obey a court order compelling discovery. It failed to produce records by March 26, 2019 including the critical e-mail concerning Dr. Hoffman, a driver manual, safety committee materials, and a safety policy on raising and lowering trailer doors. Transcript 33:2-34:9 [Dkt # 134]. Several of these late-disclosed documents undermine FedEx's stated defenses and are listed in Plaintiff's proposed exhibits. *Id.* It was only after a failed mediation on May 7, 2019 that FedEx finally produced these damaging records.[1] Wong Decl., ¶ 7.

In addition, Defendant failed to produce benefits information requested in Plaintiff's first discovery requests – documents also due by March 26, 2019 per the Court's March 19, 2019 order. Transcript 4:21-5:15 [Dkt. # 134]; Order at 2:21-3:2 [Dkt. # 133]. FedEx's failure to disclose this benefits information ultimately led the Court to order a mistrial. As the Court explained in its order:

> To require or permit Plaintiff to proceed with undeveloped and untested evidence upon which potentially rests hundreds of thousands of dollars in damages or to allow the case to proceed without a developed record on Plaintiff's health concerns invites a miscarriage of justice this Court cannot countenance.

Order at 4:22-5:2 [Dkt. # 133]. Prior to the disclosure of this lack of candor on benefits, the Court was prepared to proceed. *See* Pre-Trial Hearing Transcript (12/3/2019). By ordering a mistrial due to discovery misconduct, including the repeated failure to comply with an order compelling discovery, the mistrial was an appropriate sanction under Rule 37(b) and the Court's inherent powers.

A court issuing sanctions pursuant to Rule 37(b) may order the party not complying with the order and/or the party's attorney to pay <u>all</u> expenses, including reasonable attorney's fees, incurred by

---

[1] Indeed, Defendant nearly escaped testimony of Dr. Hoffman at trial because of its late disclosure of his identity. Hearing on Pre-Trial Conference, December 9, 2019.

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 6**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

1 the moving party as a result of the failure to comply.  Fed. R. Civ. P. 39(b)(2)(C); *see also McClaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 249 (3d Cir. 2014). When the misconduct results in a mistrial, it follows that fees and expenses resulting from the mistrial must be reimbursed by the offending party. No finding of bad faith is necessary for the Court to order Defendant to reimburse fees and expenses resulting from the mistrial under Rule 37(b). *See* Order at 5:12-15 [Dkt. # 133].

### 2. FedEx Acted in Bad Faith Authorizing Sanctions under Court's "Inherent Powers."

The Court may also impose sanctions according to its "inherent powers." One permissible sanction is an "assessment of attorney's fees" ordering a party that has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons" to pay legal fees and costs incurred by the other side. *Chambers*, 501 U.S. at 32, 45. The Ninth Circuit has approved monetary sanctions designed to compensate the other party for unnecessary costs and attorney's fees incurred as a result of a mistrial. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1111 (9th Cir. 2005). In *Lasar*, the Ninth Circuit approved a trial court order directing a party who violated a motion *in limine* to reimburse the court and other party for unnecessary costs and fees incurred as a result of the mistrial. *Id.* (finding the party acted in bad faith).

The bar for bad faith conduct is not set high. A party "demonstrates bad faith by 'delaying or disrupting the litigation or hampering enforcement of a court order.'" *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997) (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14 (1978)). "'[D]isobedient conduct not shown to be outside the control of the litigant' is all that is required to demonstrate willfulness, bad faith, or fault." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (quoting *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1341 (9th Cir. 1985)).

This Court has not yet made an explicit finding of bad faith. *See e.g.,* Order at 5:12-15 [Dkt. # 133]. There is ample support in the record from which the Court could do so and justify the exercise of its inherent powers, including clear evidence that FedEx made the choice to withhold damaging

PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 7
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

documents, and that FedEx's actions – which triggered a mistrial – disrupted the litigation. Therefore, should the Court choose to order reimbursement of costs and fees arising from the mistrial according to its "inherent powers," the foundation for a necessary finding of bad faith is plainly established.

**C.     The Court Should Order FedEx to Reimburse Plaintiff Only for Fees and Costs He Would Not Have Incurred Without Defendant's Misconduct.**

When imposing sanctions, a court can shift only those attorney's fees incurred because of the misconduct at issue. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). A fee award is calibrated to the damages caused by the misconduct "if it covers the legal bills that the litigation abuse occasioned," but goes too far if it extends to fees and costs that would have been incurred without the misconduct. *Id.* The trial court must establish a causal link between the litigant's misbehavior and legal fees paid by the opposing party. *Id.* The court must determine whether a given legal fee would or would not have been incurred in the absence of the sanctioned conduct. *Id.* at 1187.

In this instance, with a second trial anticipated in April 2020 at the earliest, any fee or cost incurred to prepare for the first trial that must be incurred again in preparation for the new trial is a fee or cost that would not have been incurred but for the misconduct.

When determining the sum total of fees and costs that would not have accrued but for the misbehavior, the court's "essential goal" in shifting fees is "to do rough justice, not to achieve auditing perfection." *Id.* (quoting *Fox v. Vice*, 563 U.S. 826, 836 (2011) (internal quotations omitted)). Therefore, a trial court may decide that all or a set percentage of a particular category of expenses was incurred solely because of the misconduct. *Id.* Due to the court's "superior understanding of the litigation," these judgments are entitled to substantial deference. *Id.* (citations omitted).

  *1.     FedEx Must Reimburse Plaintiff for Attorney's Fees Caused by the Mistrial.*

Fees caused by a mistrial are recoverable. *Lasar*, 399 F.3d at 1111. Courts have long

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 8**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

recognized that an attorney is entitled to reasonable attorney fees for trial preparation time, even when a mistrial requires that attorney to prepare a second (or even third) time. *Abner v. Kansas City S. Ry. Co.*, 541 F.3d 372, 380 (5th Cir. 2008) (collecting cases). The central premise of these cases is that if the fees incurred are reasonable and the resulting mistrial is not the fault of the plaintiff, then there is no justification for the denial of fees.[2] *Id.* at 381. While such cases often arise in the context of post-trial fee-shifting, the reasoning remains the same: an attorney is entitled to reasonable fees if work must be duplicated through no fault of her own.

The case law also clarifies a practical reality: when a lawyer must prepare for a second trial after a mistrial, **there will be duplication of effort**. In *Gierlinger v. Gleason*, for instance, the Second Circuit Court of Appeals considered the recovery of attorney's fees for a second trial and third trial after the court ordered a mistrial *sua sponte* during the second trial. 160 F.3d 858, 862 (2d Cir. 1998). The district court committed reversible error when it denied recovery of attorney's fees for time spent preparing for the trial that ended in mistrial. *Id.* at 877-78. The Court reasoned as follows:

> [W]e cannot agree that it was appropriate to award no fees for trial preparation time. Despite there having been a prior trial of the case, **no competent attorney would embark on a retrial without some preparation**. This is especially true when there has been a lengthy interval between the two trials . . . . We conclude that it was unquestionably reasonable for . . . [the plaintiff's attorney] after the two-year hiatus, to, inter alia, review the three-week transcript of the first trial, review files to refresh his recollection, organize his proposed exhibits, and prepare his witnesses .... Second, we cannot agree that it was appropriate to compensate ... [the plaintiff's attorney] for less than all of the time reasonably spent conducting the second trial, for the record belies the district court's rationale that . . . [the plaintiff's attorney] bore significant responsibility for the mistrial.

*Id.* at 877-878 (emphasis added) (finding the attorney's time spent preparing was compensable).

---

[2] *See also O'Rourke v. City of Providence*, 235 F.3d 713, 717 (1st Cir. 2001) ("The question is who should pay for the mistake, in the sense of bearing the costs of attorneys' fees for two trials. Because the mistake was not caused by plaintiff, there is no reason to deny fees.").

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 9**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

In this case, Plaintiff seeks recovery of fees as sanction for attorney time he must incur again to prepare for a second trial. This double preparation time includes time he must spend to review the files to refresh his recollection, organize and review exhibits, prepare his witnesses, and prepare for opening statement. Wong Decl. ¶¶ 8-11; Bloom Decl. ¶¶ 4-7. Following the reasoning of *Gierlinger*, because attorney preparation time must be repeated before the second trial and, following *Goodyear Tire & Rubber Co.*, because there would be no need to incur this extra attorney time but for FedEx's misconduct causing the mistrial, recovery for this duplication of effort is an appropriate sanction.

Following the model of "rough justice" approved by the U.S. Supreme Court in such cases, Plaintiff estimates that approximately 35% of his attorneys' efforts must be expended again in preparation for the second trial. Wong Decl. ¶ 12; Bloom Decl. ¶ 8. Plaintiff limits this request for attorney's fee reimbursement to the intense period of trial preparation four weeks prior to trial. Bloom Decl. ¶¶ 9, 30.

The underlying attorney's fees are themselves reasonable.[3] Plaintiff's expert, Ms. Hanley, has reviewed the records and states that a significant portion of the work done by Plaintiff's counsel must begin again and a minimum of 35% duplication of fees incurred in the approximately four weeks before trial is a reasonable estimate. Hanley ¶¶ 15-16. The attorney hourly rates are also reasonable. Plaintiff seeks recovery at the rates of $525 (Bloom), $375 (Wong), $300 (Baker), $225 (Wada), $150 (paralegal Bammer), and $125 (paralegal Eckert).

Plaintiff has identified the following categories of attorney activities, hours completed, and fees incurred for the period of November 12 to December 10, 2019. Applying an across-the-board

---

[3] To determine reasonableness, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 10
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

reduction in each category of 65% results in the following calculations:

| Activity by Category | Hours Spent (11/11-12/10) | Fees Incurred | 65% Reduction |
|---|---|---|---|
| Appear & Attend | 59.3 | $ 21,902.50 | $ 7,665.88 |
| Billable Travel Time | 6.6 | $ 1,732.50 | $ 606.38 |
| Communicate with Opponents | 5.6 | $ 23,635.00 | $ 8,272.25 |
| Communicate with Client | 30.2 | $ 13,035.00 | $ 4,562.25 |
| Communicate within Legal Team | 79.3 | $ 32,537.50 | $ 11,388.13 |
| Communicate with Witnesses | 9.5 | $ 45,572.50 | $ 15,950.38 |
| Drafting/Revising | 101.1 | $ 37,507.50 | $ 13,127.63 |
| Evidence Creation & Preparation | 90.6 | $ 11,805.00 | $ 4,131.75 |
| Plan & Prepare | 136.1 | $ 49,312.50 | $ 17,259.38 |
| Research | 9.3 | $ 3,345.00 | $ 1,170.75 |
| Review & Analysis | 96.6 | $ 30,820.20 | $ 10,787.07 |
| | | **Total Fees But For Misconduct** | **$73,763.38** |

Ordering reimbursement of $73,763.38 in attorney's fees is a sanction calibrated to the damages caused by the misconduct. It covers the legal bills that the discovery abuse occasioned while providing the "rough justice" called for by the Supreme Court in *Goodyear Tire & Rubber Co.*

### 2. *The Court Should Order Reimbursement of Costs Caused by the Mistrial.*

The mistrial triggered by Defendant's litigation abuse caused Plaintiff to incur added costs he would not have incurred but for the mistrial. These unavoidable costs incurred as a result of the misconduct are also an appropriate basis for a sanctions award. Excess costs include $2,121.68 in attorney's travel expenses (Wong Decl., ¶ 34; Bloom Decl., ¶ 34), $ 96.00 in parking (Bloom Decl., ¶ 36), $550.97 for meals (Wong Decl., ¶ 35; Bloom Decl., ¶ 35), $303.16 in process server fees (Wong Decl. ¶ 32), $625.65 in fees for readers of Rule 30(b)(6) testimony (*id.* at ¶ 33), $3,928.10 in expert witness fees (*id.* at ¶ 36), $600 in lost wages for Mr. Goldstine (Bloom Decl., ¶ 37), and $150.93 in

PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 11
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

mileage and parking for Mr. Goldstine (*id.*). Unlike attorney time, some of which can be re-used in a second trial, all of the costs listed herein must be repeated for the second trial. Plaintiff seeks reimbursement for the full $8,452.49 in out-of-pocket costs ($5,380.37 for AKW Law plus $3,072.12 for Bloom Law), since none of these costs would be incurred but for the mistrial. Reimbursement of full costs is a sanction calibrated to the damages caused by the misconduct per *Goodyear Tire & Rubber Co.*

### D. In Addition to Reimbursement of Fees Caused by the Mistrial, the Court Should Order Recovery to Plaintiff for Fees Incurred In Bringing this Motion for Sanctions.

It is appropriate to award attorney's fees to Plaintiff incurred in filing the motion for sanctions. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017); *Houston v C.G. Sec. Services, Inc.*, 820 F.2d 855, 859 (7th Cir. 2016); *Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1298 (11th Cir. 2010). A further award of fees in the amount of $11,857.50 for preparation of this motion is appropriate, as well as the expert fee of $3,500. *See* Bloom Decl. ¶ 32; Wong Decl. ¶ 30; Wada Decl. ¶ 16; Hanley Decl. ¶ 16.

## VI. CONCLUSION

For the above reasons, Plaintiff respectfully requests entry of an order directing Defendant FedEx Freight, Inc. to reimburse him for $73,763.38 in attorney's fees for work that must be duplicated for the mistrial, $11,857.50 in attorney's fees incurred in bringing this motion, $3,500 for the expert's declaration, and $8,452.49 in costs, as further sanctions resulting from the mistrial caused by Defendant's discovery misconduct as authorized by Federal Rule of Civil Procedure 37 and this Court's inherent powers. These fees and costs are reasonable and authority to award such sanctions is supported by the record.

## VII. PROPOSED ORDER

PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 12
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

A proposed order seeking the relief requested is attached.

**DATED** December 26, 2019.

**AKW LAW, P.C.**

*/s/ Ada K. Wong*
Ada K. Wong, WSBA #45936
Jordan T. Wada, WSBA #54937
Attorneys for Plaintiff
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel.: (206) 259-1259
Fax: (855) 925-9529
E-mail: ada@akw-law.com
E-mail: jordan@akw-law.com

**BLOOM LAW PLLC**

*/s/ Beth Bloom*
Beth A. Bloom, WSBA #31702
Attorneys for Plaintiff
3827-C S. Edmunds Street
Seattle, WA 98118
Tel.: (206) 323-0409
E-mail: bbloom@bloomlawpllc.com

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 13**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529

# CERTIFICATE OF SERVICE

I hereby certify that on December 26, 2019, I caused to be electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Medora A. Marisseau
> Karr Tuttle Campbell
> 701 Fifth Avenue, Ste. 3300
> Seattle, WA 98104
> E-mail: MMarisseau@karrtuttle.com
> E-mail: jlikit@karrtuttle.com
>
> Donald H. Snook, TN Bar #21775
> Sandra C. Isom, CA Bar #157374
> FedEx Freight, Inc.
> 1715 Aaron Brenner Drive, Suite 600
> Memphis, TN 38120
> E-mail: Donald.snook@fedex.com
> E-mail: Scisom@fedex.com
> *Counsel for Defendant FedEx Freight, Inc.*
>
> Beth Bloom, WSBA #31702
> Attorney for Plaintiff
> 3827C South Edmunds Street
> Seattle, WA 98118
> Tel.: (206) 323-0409
> E-mail: bbloom@bloomlawpllc.com
> *Co-counsel for Plaintiff David Goldstine*

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED: December 26, 2019, at Mountlake Terrace, Washington.

*/s/ Ada K. Wong*
Ada K. Wong

**PLAINTIFF'S *AMENDED* MOTION FOR SANCTIONS DUE TO MISTRIAL - 14**
Case No. 2:18-cv-01164 MJP

**AKW LAW, P.C.**
6100 219th St. SW, Suite 480
Mountlake Terrace, WA 98043
Tel. (206) 259-1259 / Fax (855) 925-9529