UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX FREIGHT INC, <br><br> Defendant. | CASE NO. C18-1164 MJP <br><br> ORDER ON MOTION FOR SANCTIONS DUE TO MISTRIAL |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Amended Motion for Sanctions Due to Mistrial (Dkt. No. 144),

2. Defendant's Opposition to Plaintiff's Motion for Sanctions Due to Mistrial (Dkt. No. 158),

3. Plaintiff's Reply re: Plaintiff's Amended Motion for Sanctions Due to Mistrial (Dkt. No. 163),

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motion is DENIED; the parties will bear their own costs for the Court's *sua sponte* declaration of a mistrial.

**Discussion**

It is the opinion of this Court that both sides bear responsibility for the unreadiness of this matter for trial on the previously-set trial date and the consequent *sua sponte* declaration of a mistrial. While the Court decidedly does not accept Defendant's depiction of the "benefits issue" as either (a) Plaintiff's sole responsibility or (b) irrelevant, neither does it accept Plaintiff's attempt to assign 100% of the blame to FXF.

Without downplaying the seriousness of the breach of procedural propriety represented by Defendant's stonewalling over Plaintiff's request for his benefits information, the Court is cognizant of significant aspects of Plaintiff's case that were not timely disclosed to Defendant, severely hampering its ability to be prepared to present a proper defense on the day of trial. As Defendant stated in the alternative request for a continuance which accompanied its motions in limine:

> Plaintiff did not inform FedEx until November 18 that he had been diagnosed with cancer in September. He did not disclose medical records to FedEx until November 27, the day before Thanksgiving, less than two weeks before trial. FedEx had a limited amount of time to review, interpret and fully understand Plaintiff's medical records before the pretrial conference on December 3. These records reveal that Plaintiff *has not yet* been diagnosed with cancer. He has been diagnosed with kidney lesions that his doctor suspects may be cancerous.

Dkt. No. 107, Def Mtns in Lim at 3 (emphasis in original).

The Court's comments on the day of trial reflected an awareness, not only of the shared responsibility for the need to declare a mistrial, but also of events beyond the control of either party which contributed to the unreadiness for trial; specifically, the discovery of a medical

condition that held the possibility of a cancer diagnosis for Plaintiff. In addition to concerns about the withholding of discovery on the issue of benefits, the Court stated:

> You have the issue of Mr. Goldstine's cancer diagnosis, which comes up very late and doesn't give the defense an opportunity to explore that…. You have a huge swing between what you supplied with your expert back in May and what you supplied two weeks ago. $400,000 is a big swing. And you're telling me that your expert didn't even have all the right documents or potentially doesn't have all the right documents to correct that or make a substitute or supplemental report.

Dkt. No. 159, Isom Decl., Exh. 2, 27:24-28:10).

The Court's order formally granting the mistrial made it clear that the decision to halt the proceedings was not based solely on the "benefits issue:"

> In addition to the serious issues regarding the conduct of discovery, information was developed late in the case concerning Plaintiff's imminent need for kidney surgery based on concerns of a possible kidney cancer diagnosis…. This remains an issue requiring and deserving full evidentiary development prior to Plaintiff presenting his case to a jury.

Dkt. No. 133, Order Declaring Mistrial and Sanctions at 3.

The decision to declare a mistrial was not arrived at lightly, nor was it based solely on the actions of one side or the other – there were missteps on both sides of the case and there were events outside of the control of either party. Both parties bear responsibility for their missteps; neither party is responsible for the fact that highly relevant medical information came to light for the first time late in the case. These two facts dictate that neither side should be held solely liable for moneys lost and future costs incurred by the mistrial. Both sides have financial losses from their original preparation which cannot be recouped; both sides will have to incur additional expense to prepare for the next trial. Both sides will bear their own costs.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 8, 2020.

*[signature]*

Marsha J. Pechman
United States Senior District Judge