UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE, <br><br> Plaintiff, <br><br> v. <br><br> FEDEX FREIGHT INC, <br><br> Defendant. | CASE NO. C18-1164 MJP <br><br> ORDER RE: <u>DAUBERT</u> MOTIONS |

The above-entitled Court, having received and reviewed:

1. Plaintiff's Second Motion to Exclude Testimony per <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (Dkt. No. 216), Defendant's Opposition to Plaintiff's Motion to Exclude Testimony per <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (Dkt. No. 223), and Plaintiff's Reply re: Second Motion to Exclude Testimony per <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (Dkt. No. 227);

2. Defendant's Motion to Exclude Portions of Expert Testimony per <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (Dkt. No. 229), Plaintiff's Opposition to Defendant's

ORDER RE: DAUBERT MOTIONS - 1

Motion to Exclude Portions of Expert Testimony (Dkt. No. 232), Reply in Support of Defendant's Motion to Exclude Portions of Expert Testimony per <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u> (Dkt. No. 235), and Plaintiff's Surreply (Dkt. No. 238); all attached declarations and exhibits, and relevant portions of the record, and having heard oral argument thereon, rules as follows:

IT IS ORDERED that Plaintiff's motion is GRANTED IN PART and DENIED IN PART.

IT IS FURTHER ORDERED that Defendant's motion is DENIED.

**Discussion**

Each side has filed a motion seeking to limit or exclude the testimony of one (or more) of the other side's experts on <u>Daubert</u> grounds.

<u>Plaintiff's Motion</u>

Defendant bears the burden of establishing that Plaintiff was not reasonably diligent in seeking substantially equivalent employment and that with reasonable diligence he could have obtained such employment. <u>Sangster v. United Air Lines, Inc.</u>, 633 F.2d 864, 868 (9th Cir. 1980), *cert. denied*, 451 U.S. 971 (1981).  To that end, Defendant has propounded the reports of William Partin and William Skilling.[1]  Mr. Partin is a Certified Public Accountant and member of the National Association of Forensic Economists (Dkt. No. 217-1 at 22); Mr. Skilling is a vocational expert. <u>Id.</u> at 38.

The Federal Rule of Evidence governing expert testimony states:

---

[1] Defendant attached to its responsive briefing on this motion further declarations from both these experts.  Dkt. Nos. 225-226.  These documents are untimely (well past the deadline for the submission of expert reports), may not be utilized by Defendant to support the admissibility of their experts' testimony, and were not considered by the Court.

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> **(a)** the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> **(b)** the testimony is based on sufficient facts or data;
> **(c)** the testimony is the product of reliable principles and methods; and
> **(d)** the expert has reliably applied the principles and methods to the facts of the case.

FRE 702.  The Court acts as a "gatekeeper" in determining the admissibility of expert testimony under Rule 702, guided by jurisprudence which dictates that testimony must be "not only relevant but reliable," and must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."  Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589 (1993).

As part of his report, Mr. Partin related the following conclusions:

- "[W]e conclude Mr. Goldstine had the capacity to obtain mitigating employment comparable to his level of earnings and fringe benefits he received at FedEx." Dkt. # 217-1, p. 6.

- "We further determined Mr. Goldstine could have obtained alternative employment with compensation comparable to his earnings at FedEx Freight had he performed a diligent job search upon leaving the company on July 25, 2017." *Id* at p. 9.

It is the finding of this Court that the above conclusions constitute vocational opinions[2] outside of the expertise of a witness whose only demonstrated skills are in the fields of accounting and forensic economics.   Mr. Partin himself acknowledges he is not an expert in the field of vocational rehabilitation.  Dkt. Nos. 217-3, 217-4.

In addition to having failed to demonstrate qualifications to testify as an expert on which jobs were substantially equivalent to Plaintiff's FedEx Road Driver job, and whether

---

[2] The Court notes that Mr. Partin's opinions on the availability of commercial driving positions with a certain level of pay and Plaintiff's earning capacity mirror those of Defendant's vocational expert Mr. Skilling.

substantially equivalent jobs were available at the time, his methodology for this assessment fails to demonstrate <u>Daubert</u> levels of "reliability."  Mr. Partin's failure to identify specific available jobs from 2017-2019[3] renders his opinion about "substantially equivalent employment" during that time inadmissible.  *See* <u>Hughes v. Mayoral</u>, 721 F.Supp.2d 947, 968 (D.Haw. 2010)("substantially equivalent" employment requires "virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as Plaintiff's [former] position").  Failure to reasonably mitigate damages cannot be determined in the absence of evidence of "virtually identical jobs."

Mr. Partin will not be permitted to testify as to his opinion regarding the following:

- That Plaintiff had the capacity to obtain mitigating employment comparable to his level of earnings and fringe benefits at FedEx; or
- That Plaintiff could have obtained other employment with comparable compensation to his FedEx job had he performed a diligent job search.

Mr. Partin may testify as to his calculations concerning Plaintiff's economic loss, but will not be permitted to rely on his assumptions regarding "fully mitigating earnings."  Plaintiff's proposed order seeks to exclude a portion of Mr. Partin's testimony which deducts unemployment compensation from the economic loss calculation on the grounds that it is "contrary to applicable law" – Plaintiff cites no case law supporting that request in his briefing and it will be denied.

It is unclear whether Defendant intends to call William Skilling to testify as a vocational expert.[4]  In any event, the Court does not find that Mr. Skilling's vocational opinions survive a

---

[3] Defendant bears the burden of demonstrating the existence of substantially equivalent jobs at the time Plaintiff was searching for employment.  <u>EEOC v. Farmer Bros. Co.</u>, 31 F.3d 891, 906 (9th Cir. 1994).

[4] In defending the right of Mr. Partin to utilize Mr. Skilling's opinions in support of his own, FedEx cites to case authority that "[a] testifying expert may rely on the opinions of *non-testifying* experts…"  Dkt. No. 223, Response at 12 (emphasis supplied).

1  Daubert analysis.  His conflation of "local" jobs available in Plaintiff's geographic area with the

2  "local" truck driving that is Plaintiff's job requirement, combined with his use of local driving

3  jobs and long-haul driving jobs in his data demonstrate a singular lack of understanding about

4  the nature of the work performed by Plaintiff.   His opinion fails for lack of reliable data based

5  on a mischaracterization of what would constitute "equivalent" work for Mr. Goldstine.

6  Plaintiff's motion to exclude Mr. Skilling's opinions, either as a basis for Mr. Partin's testimony

7  or for the testimony of Mr. Skilling himself, is granted.

8  Defendant's Motion

9  The Court has already orally ruled on Defendant's motion to exclude the testimony of

10 Plaintiff's economic loss expert, Dr. Tapia, on Daubert grounds, but reiterates that ruling in this

11 written order to create a formal record.  The motion is denied.

14 The clerk is ordered to provide copies of this order to all counsel.

15 Dated September 11, 2020.

Marsha J. Pechman
United States Senior District Judge