UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DAVID GOLDSTINE,

          Plaintiff,

   v.

FEDEX FREIGHT INC,

          Defendant.

CASE NO. C18-1164 MJP

ORDER ON PLAINTIFF'S
MOTION FOR PRE- AND POST-
JUDGMENT INTEREST AND A
TAX ADJUSTMENT

This matter comes before the Court on Plaintiff's Motion for Pre- and Post-Judgment

Interest and Tax Consequences Adjustment. (Dkt. No. 355.) Having reviewed the Motion,

Defendant's Response (Dkt. No. 383), the Reply (Dkt. No. 391), and all relevant materials, the

Court GRANTS in part and DENIES in part the Motion.

## BACKGROUND

Through this Motion Plaintiff David Goldstine asks the Court to award: (1) prejudgment

interest on his liquidated damages award for past economic losses; (2) post-judgment interest

pursuant to 28 U.S.C. § 1961(a); and (3) an adjustment for additional tax liability (aka a "tax

1   gross up"). Defendant FedEx Freight Inc. agrees that pre- and post-judgment interest should be

2   awarded. And while FedEx agrees with Goldstine as to the prejudgment interest rate and amount,

3   it disputes the post-judgment interest rate. Lastly, FedEx asks the Court to deny any tax gross up.

**ANALYSIS**

5   **A.   Prejudgment Interest**

6          The Parties agree that the federal rate applies to prejudgment interest and that Goldstine

7   is entitled to prejudgment interest of $259. See Ford v. Alfaro, 785 F.2d 835, 842 (9th Cir. 1986)

8   (approving the use of prejudgment interest to make a plaintiff whole); (Dkt. No. 391 at 1). The

9   Court agrees and awards prejudgment interest in the amount of $259.

10  **B.   Post-judgment Interest**

11         The parties agree that there should be post-judgment interest under 28 U.S.C. § 1961(a).

12  But the Parties quibble over the correct rate. Under the statute, "interest shall be calculated from

13  the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant

14  maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System,

15  for the calendar week preceding the date of the judgment."

16         Though neither Party briefs the issue, the Court finds that the date of the original

17  judgment, as opposed to an amended judgment applying the statutory cap, is the correct date to

18  use for determining the post-judgment interest rate. "Kaiser Aluminum stands for the proposition

19  that 28 U.S.C. § 1961 requires that postjudgment interest be calculated from a judgment in which

20  damages are sufficiently ascertained." Am. Tel. & Tel. Co. v. United Comput. Sys., Inc., 98 F.3d

21  1206, 1210 (9th Cir. 1996). Here, aside from application of the statutory cap, the damages were

22  sufficiently ascertained when the initial judgment was entered, and that date shall be used to

23  determine the interest rate.

24

ORDER ON PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST AND A TAX
ADJUSTMENT - 2

1    The Court entered judgment on November 23, 2020—a Monday. As Goldstine correctly

2    points out, the Federal Reserve's rate issued on November 13, 2020 was the applicable rate

3    because it was issued for the full calendar week preceding judgment. Because the rate issued on

4    November 20, 2020 included November 23, 2020, it was not a rate for the "calendar week

5    preceding the date of the judgment." See 28 U.S.C. § 1961(a). The Court therefore sets the post-

6    judgment interest rate at .12%. As applied to the amended judgment amount of $2,151,743, the

7    daily interest amounts to $7.07 per day.

8    **C.    Tax Gross-Up**

9         "Title VII exists in large part 'to make persons whole for injuries suffered on account of

10   unlawful employment discrimination.'" Clemens v. Centurylink Inc., 874 F.3d 1113, 1115 (9th

11   Cir. 2017) (quoting Albemarle Paper Co. v. Moody, 422 U.S. 405, 418 (1975)). Backpay awards

12   are taxable and lump-sum awards can push the plaintiff into a higher tax bracket. See id. at 1116;

13   accord Blaney v. Int'l Ass'n of Machinists & Aerospace Workers, 151 Wn.2d 203, 216 (2004)

14   (considering same in context of the WLAD). Under both federal and state law, the Court has

15   discretion to "gross up" the award to account for increased tax liability stemming for the jury's

16   award. See Clemens, 874 F.3d at 1117; Blaney, 151 Wn.2 at 216 (considering WLAD claims)

17   But "[t]here may be many cases where a gross up is not appropriate for a variety of reasons, such

18   as the difficulty in determining the proper gross up or the negligibility of the amount at issue."

19   Clemens, 874 F.3d at 1117. Regardless, "the party seeking relief will bear the burden of showing

20   an income-tax disparity and justifying any adjustment." Id.

21        The Court finds the requested gross up inappropriate given that the negligible amount of

22   tax liability Goldstine faces. The Court agrees with Goldstine that the mitigation award should

23   apply first to his front pay, making his tax liability $1,394 in light of the Court's refusal to set

24

ORDER ON PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST AND A TAX
ADJUSTMENT - 3

1   aside the mitigation award. This is less than 2% of the economic damage award and less than

2   .08% of the noneconomic damages award. The Court cannot conclude that a gross up is

3   necessary to make Goldstine "whole" in light of his overall damage award. The Court therefore

4   DENIES the request. See Clemens, 874 F.3d at 1117.

5   **D.      Attorneys' Fees and Costs**

6        Goldstine asks the Court to award counsel $10,307.50 in fees and $3,992.75 in costs

7   associated with bringing this motion. The Court DENIES the request. The Court may award fees

8   to the prevailing party "only for work related to issues on which they prevail." Lambert v.

9   Ackerley, 180 F.3d 997, 1012 (9th Cir. 1999). While Goldstine prevailed in part, the briefing

10   reveals that the Motion could have largely been avoided had Goldstine met and conferred with

11   FedEx. The Parties agreed on nearly all issues related to the pre-and post-judgment interest

12   awards and rates, and there was no need to retain an expert to assist in identifying or calculating

13   pre- and post-judgment interest amounts. As to the tax gross up request, Goldstine spent

14   considerable time and nearly $4,000 in expert fees to pursue a tax gross up award of $1,394. The

15   Court is not inclined to award fees and costs on a de minimis request compared to the overall

16   award. While the Court is aware that Goldstine sought a larger gross up award, that was

17   premised on a hope and gamble that the Court would grant his renewed Motion for Judgment as

18   a Matter of Law. That does not justify an award of fees.

19                                      **CONCLUSION**

20        The Court GRANTS in part and DENIES in part Goldstine's Motion. The Court awards

21   prejudgment interest in the amount of $259. The Court sets the post-judgment interest rate at

22   .12%, or $7.07 per day. And the Court declines to award a tax gross up or attorneys' fees and

23   costs associated with this Motion.

24

ORDER ON PLAINTIFF'S MOTION FOR PRE- AND POST-JUDGMENT INTEREST AND A TAX
ADJUSTMENT - 4

The clerk is ordered to provide copies of this order to all counsel.

Dated March 12, 2021.

Marsha J. Pechman
United States District Judge