UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID GOLDSTINE,<br><br>             Plaintiff,<br><br>   v.<br><br>FEDEX FREIGHT INC,<br><br>             Defendant. | CASE NO. C18-1164 MJP<br><br>ORDER ON DEFENDANT'S MOTION TO AMEND THE JUDGMENT |

This matter comes before the Court in Defendant's Motion to Amend the Judgment. (Dkt. No. 349.) Having reviewed the Motion, Plaintiff's Response (Dkt. No. 377), Defendant's Reply (Dkt. No. 384), and all supporting materials, the Court GRANTS in part and DENIES in part the Motion.

**BACKGROUND**

Through this Motion, Defendant FedEx Freight Inc. request the Court amend the judgment entered in this case to apply a statutory cap to the jury's award of punitive damages to Plaintiff David Goldstine's Americans with Disabilities Act discrimination claim. FedEx also

1 | asks the Court to set aside the jury's advisory verdict in favor of Goldstine on his ADA
2 | retaliation claim. Goldstine agrees that the statutory cap applies, but he asks that the Court apply
3 | the cap only to the punitive damage award. He asks the Court to allocate all noneconomic
4 | damages to his claims brought under the Washington Law Against Discrimination and not apply
5 | the ADA statutory cap to the noneconomic damage award.

## ANALYSIS

### A. Application of Statutory Cap

The parties and Court agree that Plaintiff's ADA claims are subject to a statutory cap of $300,000 for compensatory and punitive damages because FedEx has more than 500 employees. See 42 U.S.C. § 1981a(b)(3). Compensatory damages include "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C. § 1981a(b)(3).

The only issue for the Court to decide is how the cap should apply as between the noneconomic damage and punitive damage award. In its Motion, FedEx asks the Court to "reduce the punitive damages award to $300,000." (Mot. at 2 (Dkt. No. 349).) But in the opening Motion FedEx does not explain what effect this should have on the noneconomic damage award. Goldstine asks that Court allocate all compensatory damages to Plaintiff's state law claims and award $300,000 in punitive damages. This, he argues, would preserve the jury's intent to award him $5 million in punitive damages and the full compensatory damages.

The Court adopts Goldstine's reasoning and allocates the compensatory damages to his state law claims and the punitive damages to his ADA discrimination claim. See Passantino v. Johnson & Johnson Consumer Prods., Inc., 212 F.3d 493, 509 (9th Cir. 2000) (noting that "the district court generally has discretion regarding how to allocate the damage award"). The

1   decision in Passantino is instructive. In Passantino, the court found an allocation of damages
2   proper where the district court awarded compensatory damages for the plaintiff's state law
3   claims ($1 million) and punitive damages for her Title VII claims ($8.6 million, but subject to
4   the $300,000 cap). See id. The Court noted that the "most reasonable assumption is that the jury
5   awarded the same damages on both the federal and state claims" because they were "essentially
6   the same" and the verdict form did not ask for claim-by-claim damage segregation. Id. The same
7   logic applies to Goldstine's case because the verdict form did not ask the jury to differentiate
8   between the causes of action for each award of damages. And, as the Court in Passantino
9   reasoned, capping the compensatory damages would both unduly limit the ability of Washington
10  law to provide damage remedies greater than Title VII and "would conflict with the district
11  court's general obligation to preserve lawful jury awards when possible." Id. at 510. Using
12  Passantino as a guide, the Court allocates the noneconomic damage award to Goldstine's WLAD
13  claims and applies the statutory cap to the punitive damage award.

14      In its reply, FedEx's request for an equal allocation of the emotion damages between the
15  state and federal claims. But FedEx waived this request by not raising it in the initial motion.
16  This is one basis on which the Court rejects the argument. On its merit, FedEx provides no
17  meaningful distinction between this case and Passantino. FedEx argues that Passantino "did not
18  allocate 0% of the damages to the federal claims (Title VII), but instead remanded for further
19  findings on the punitive damages claim." (Reply at 1 (Dkt. No. 384). But the Court in Passantino
20  embraced an allocation of damages that effectively gave the plaintiff no money for compensatory
21  damages for her federal claim, while giving her the statutory maximum for her Title VII claim.
22  See Passantino, 212 F.3d at 515. The Court also rejects FedEx's argument on its merits.

The Court therefore GRANTS in part and DENIES in part the Motion, allocating all compensatory damages to Goldstine's state law claims and applying the statutory cap only to Goldstine's punitive damage award. The Court ORDERS the Clerk to amend the judgment to reflect the application of the statutory cap, which shall reduce only the punitive damage award to $300,000 and the overall jury award to $2,151,743.

**B.     ADA Retaliation Claim**

FedEx argues that the judgment was improperly entered on Goldstine's ADA retaliation claim before the Court issued separate findings of facts and conclusions of law. Findings of fact and conclusions of law "may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court." Fed. R. Civ. P. 52(a)(1). The Court has addressed the ADA retaliation claim in its Order ruling on the Parties' motions for judgment as a matter of law. (Dkt. No. 407.) The amended judgment will reflect the Court's ruling.

**C.     Attorneys' Fees**

Plaintiff asks for $1,150 in attorneys' fees for opposing the Motion. The Court finds this request appropriate because the time was reasonably spent on an issue of substantive merit. The Court will determine the precise amount as part of its Order on Goldstine's Motion for Attorneys' Fees. (See Dkt. No. 332.)

## CONCLUSION

The Court GRANTS in part and DENIES in part FedEx's Motion, allocating all noneconomic damages to Goldstine's WLAD claims and applying the ADA statutory cap to his punitive damage award, resulting in amended award of $2,151,743. The Court will issue an

1  amended judgment reflecting this reduction. And by separate order the Court will determine the

2  precise amount of fees to award Goldstine for the time spent responding to this Motion.

3      The clerk is ordered to provide copies of this order to all counsel.

4      Dated March 12, 2021.

                                Marsha J. Pechman
                                United States District Judge